**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAYSUKH RUDANI, Individually And On Behalf Of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>           v.<br><br>IDEANOMICS, INC. f/k/a SEVEN STARS CLOUD GROUP, INC. f/k/a WECAST NETWORK, INC., ZHENG WU a/k/a BRUNO WU, BING YANG, ROBERT BENYA, and FEDERICO TOVAR<br><br>                   Defendants. | No: 1:19-cv-06741-GBD |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE EXTRINSIC EVIDENCE AND RELATED ARGUMENTS THAT DEFENDANT FEDERICO TOVAR SUBMITTED WITH HIS MOTION TO DISMISS**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

LEGAL STANDARDS ..................................................................................................... 2

      A.     The Incorporation By Reference Doctrine............................................................. 3

      B.     Judicial Notice Under Federal Rule of Evidence 201............................................. 5

ARGUMENT ...................................................................................................................... 9

I.      TOVAR'S CURSORY REQUEST FOR CONSIDERATION OF HIS EXTRINSIC EVIDENCE WAIVED ANY RIGHTS HE MAY HAVE HAD......................................... 9

II.    TOVAR'S INCORPORATION BY REFERENCE REQUEST IS DEFECTIVE BECAUSE HE MAKES NO EFFORT TO EXPLAIN HOW EACH EXHIBIT IS INTEGRAL TO PLAINTIFF'S COMPLAINT ................................................. 10

III.   TOVAR'S JUDICIAL NOTICE REQUEST IS DEFECTIVE BECAUSE IT DOES NOT IDENTIFY THE ADJUDICATIVE FACTS TOVAR SEEKS THE COURT TO DECIDE OR EXPLAIN HOW EACH SUCH FACT IS JUDICIALLY NOTICEABLE UNDER RULE 201 ........................................................................ 12

CONCLUSION................................................................................................................... 15

**TABLE OF AUTHORITIES**

**Cases**                                                                                                      **Page(s)**

*Alvarez v. County of Orange*,
    95 F. Supp. 3d 385 (S.D.N.Y. 2015)..................................................................................6

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007)...........................................................................................10

*Bldg. & Constr. Trades Council of Buffalo v. Downtown Dev., Inc.*,
    448 F.3d 138 (2d Cir. 2006)....................................................................................12, 14

*Bruce Lee Enters. LLC v. A.V.E.L.A., Inc.*,
    No. 10 CV 2333(KMW), 2013 WL 822173 (S.D.N.Y. Mar. 6, 2013)...............................6, 7

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002)........................................................................................3, 4

*City of Austin Police Ret. Sys. v. Kinross Gold Corp.*,
    957 F. Supp. 2d 277 (S.D.N.Y. 2013)..........................................................................2, 15

*City of Sterling Heights Gen. Employees' Ret. Sys. v. Hospira, Inc.*,
    2013 WL 566805 (N.D. Ill. Feb. 13, 2013) .......................................................................8

*City of Syracuse v. Onondaga Cty.*,
    464 F.3d 297 (2d Cir. 2006)............................................................................................9

*Clark v. Kitt*,
    No. 12-CV-8061 (CS), 2014 WL 4054284 (S.D.N.Y. Aug. 15, 2014) ...................................13

*DiFolco v. MSNBC Cable L.L.C.*,
    622 F.3d 104 (2d Cir. 2010)...................................................................................3, 10, 11

*In re Ecotality, Inc. Sec. Litig.*,
    No. 13–03791–SC, 2014 WL 4634280 (N.D. Cal. Sept. 16, 2014) .......................................5

*Ganino v. Citizens Utilities Co.*,
    228 F.3d 154 (2d Cir. 2000)............................................................................................1

*Garcia v. Execu\Search Grp., LLC*,
    No. 17CV9401, 2019 WL 689084 (S.D.N.Y. Feb. 19, 2019) ...............................................3

*Gen. Elec. Capital Corp. v. Lease Resolution Corp.*,
    128 F.3d 1074 (7th Cir. 1997) .......................................................................................13

*Global Network Commc'ns, Inc. v. City of N.Y.*,
    458 F.3d 150 (2d Cir. 2006)..........................................................................................3, 7

*Goel v. Bunge, Ltd.*,
    820 F.3d 554 (2d Cir. 2016)..................................................................................................4, 11

*Guzman-Ruiz v. Hernandez-Colon*,
    406 F.3d 31 (1st Cir. 2005)..................................................................................................13, 14

*Horsley v. Feldt*,
    304 F.3d 1125 (11th Cir. 2002) .........................................................................................4

*In re Interest Rate Swaps Antitrust Litig.*,
    261 F. Supp. 3d 430 (S.D.N.Y. 2017)................................................................................8

*International Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*,
    146 F.3d 66 (2d Cir. 1998).................................................................................................6

*Kleinman v. Elan Corp., plc*,
    706 F.3d 145 (2d Cir. 2013)...............................................................................................10

*In re Lehman Bros. Sec. and ERISA Litig.*,
    799 F. Supp. 2d 258 (S.D.N.Y. 2011)................................................................................4

*Looney v. Black*,
    702 F.3d 701 (2d Cir. 2012)...............................................................................................11

*MF Global Holdings Ltd. v. PricewaterhouseCoopers LLP*,
    232 F. Supp. 3d 558 (S.D.N.Y. 2017)................................................................................8

*Micholle v. Ophthotech Corp.*,
    No. 17-CV-210 (VSB), 2019 WL 4464802 (S.D.N.Y. Sept. 17, 2019) ...................................2

*Natural Resources Defense Council, Inc. v. U.S. Food and Drug Admin.*,
    884 F. Supp. 2d 108 (S.D.N.Y. 2012)................................................................................14

*NDX Advisors, Inc. v. Advisory Financial Consultants, Inc.*,
    No. C 11-3234 SBA, 2012 WL 174942 (N.D. Cal. Jan. 20, 2012) .......................................13

*In re Network Equip. Techs., Inc., Litig.*,
    762 F. Supp. 1359 (N.D. Cal. 1991) ..................................................................................7

*Ong v. Chipotle Mexican Grill, Inc.*,
    294 F. Supp. 3d 199 (S.D.N.Y. 2018)................................................................................2, 3

*Pabon v. Barclays Bank PLC*,
    No. 14–cv–7897 (LAK), 2015 WL 5834796 (S.D.N.Y. Sept. 30, 2015) ...............................7

*Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*
    998 F.2d 1192 (3d Cir. 1993).............................................................................................4

*In re Pfeifer*,
   No. 12-13852(ALG), 2013 WL 5746125 (Bankr. S.D.N.Y. Oct. 23, 2013) .................5, 10, 11

*Roth v. Jennings*,
   489 F.3d 499 (2d Cir. 2007)....................................................................................3, 4, 11, 12

*Shahar v. Bowers*,
   120 F.3d 211 (11th Cir. 1997) ........................................................................................6

*Sira v. Morton*,
   380 F.3d 57 (2d Cir. 2004)..............................................................................................11

*Smith v. City of Allentown*,
   589 F.3d 684 (3d Cir. 2009)........................................................................................14, 15

*Staehr v. Hartford Fin. Servs. Grp.*,
   547 F.3d 406 (2d Cir. 2008)........................................................................................7, 14

*Sviridyuk v. BAC Home Loan Servicing, LP*,
   No. 3:11-cv-01107-SI, 2012 WL 174791 (D. Or. Jan. 20, 2012)............................................11

*In re Teligent Inc.*,
   380 B.R. 324 (Bankr. S.D.N.Y. 2008).....................................................................................8

*Tera Grp., Inc. v. Citigroup, Inc.*,
   No. 17 CIV. 4302 (RJS), 2019 WL 3457242 (S.D.N.Y. July 30, 2019) .......................5, 11, 12

*In re Toor*,
   No. 16-CV-1773 (JCH), 2017 WL 1712511 (D. Conn. May 1, 2017).....................................9

*In re Tyrone F. Conner Corp., Inc.*,
   140 B.R. 771 (Bankr. E.D. Cal. 1992).................................................................................13

*United States v. Bryant*,
   402 F. App'x 543 (2d Cir. 2010) .........................................................................................6

*United States v. Mitchell*,
   365 F.3d 215 (3d Cir. 2004)..............................................................................................6

*Wade v. Kay Jewelers, Inc.*,
   No. 3:17-CV-990 (MPS), 2018 WL 4440532 (D. Conn. Sept. 17, 2018) ...............................11

*Zak v. Chelsea Therapeutics, Ltd.*,
   780 F.3d 597 (4th Cir. 2015) ...........................................................................................8

**Other Authorities**

21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice &*
   *Procedure: Evidence* (2d ed. Supp. 2018).....................................................................7, 12, 14

Fed. R. Civ. P. 12(d), 56(d).............................................................................................1, 15

Fed. R. Evid. 201 ..........................................................................................................6, 13

Fed. R. Evid. 201(a) Advisory Committee's Note.......................................................5, 6

Fed. R. Evid. 801 ................................................................................................................1

Fed. R. Evid. 805 ..............................................................................................................15

2-12, James Wm. Moore, *et al.*, *Moore's Federal Practice* (2015) .................................5

Local Civ. R. 7.1(a)(1).....................................................................................................10

Local Rule Civ. 7.1(a)(2).....................................................................................................9

Rules 12(b), 12(d), 56(d) .....................................................................................................3

Plaintiff respectfully submits this memorandum of law pursuant to Local Rule Civ. 7.1, Federal Rules of Civil Procedure 12(d) & 12(f), Federal Rule of Evidence 201, Rule IV of the Court's Individual Rules and Practices, and the Court's inherent authority. Plaintiff asks that the Court strike Individual Defendant Federico Tovar's ("Tovar") Exhibits 1 through 3 (ECF Nos. 50-1 to 50-3) and Tovar's arguments in his memorandum of law in support of his motion to dismiss that rely on those exhibits (ECF No. 49) ("MTD").[1]

## INTRODUCTION

By moving to dismiss Plaintiff's complaint, Tovar avails himself of the benefits of the automatic discovery stay created by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B). Despite invoking the stay's protections, Tovar submitted three extrinsic Exhibits with his motion to dismiss. Tovar cannot have it both ways. These Exhibits, the information within them, and the arguments based on them have been untested by the rigors of discovery; and the Court's consideration of them would violate the governing evidentiary and procedural rules. *See, e.g.*, Fed. R. Civ. P. 12(d), 56(d); Fed. R. Evid. 801.

On a Rule 12(b)(6) motion, all well-pleaded facts must be deemed true, and all reasonable inferences must be drawn in favor of the nonmoving party. *See Ganino v. Citizens Utilities Co.*, 228 F.3d 154, 161 (2d Cir. 2000). Pursuant to Fed. R. Civ. P. 12(d), the Court must decline to consider matters extrinsic to Plaintiff's complaint unless: (1) the ***document*** at issue is

---

[1]     Unless otherwise stated, Plaintiff uses the following conventions: (1) capitalized terms mean the same as they do in Plaintiff's Amended Securities Class Action Complaint ("AC"), ECF No. 40, and its Table of Defined Terms and Abbreviations, AC at iii-iv; (2) all "¶__" references are to the AC; (3) Tovar's Exhibits are annexed to the Declaration of Hunter T. Carter, ECF No. 50 ("Carter Declaration"); (4) all "Exhibit" or "Ex." references are to the exhibits annexed to the Carter Declaration; (5) all emphases are added to quotations; and (6) all internal citations, quotations, and footnotes are omitted.

1

expressly or implicitly incorporated by reference into Plaintiff's complaint; or (2) the *adjudicative fact* at issue is properly the subject of judicial notice pursuant to Fed. R. Evid. 201 ("Rule 201").  In either event, the proffered evidence must be admissible *for the purpose it is being proffered*.

Tellingly, Tovar makes no effort to explain which of his three Exhibits is incorporated by reference and/or which of their three Exhibits establishes adjudicative facts that are properly subject to judicial notice; nor does Tovar detail how each and every item of extrinsic evidence he proffers is properly before the Court for the purpose he offers the evidence.  Instead, Tovar leaves Plaintiff and the Court to guess, presumably because he is proffering these Exhibits to support inadmissible hearsay assertions.

Because there is no basis to consider the Exhibits at the pleading stage, Plaintiff respectfully requests that the Court strike Tovar's three Exhibits as well as all arguments in Tovar's MTD that rely on them.  Alternatively, Plaintiff requests that the Court convert Tovar's motion into a motion for summary judgment pursuant to Rule 12(d) and provide Plaintiff with an opportunity to respond after conducting discovery.

## LEGAL STANDARDS

When deciding a motion to dismiss under Rule 12(b)(6), courts are precluded from considering matters extrinsic to the complaint unless (1) the *document* at issue is incorporated by reference, or (2) the *adjudicative fact* at issue is subject to judicial notice pursuant to Fed. R. Evid. 201.  To ensure that they comply with these restrictions, Courts have the authority to strike matters extrinsic to the complaint and all related argument and references thereto.  *See e.g.*, *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 288-89 (S.D.N.Y. 2013) (citing Fed. R. Evid. 201); *Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2019 WL 4464802, at *6 (S.D.N.Y. Sept. 17, 2019) (citing Fed. R. Civ. P. 12(d)); *Ong v. Chipotle Mexican*

2

*Grill, Inc.*, 294 F. Supp. 3d 199, 222 (S.D.N.Y. 2018) (citing Fed. R. Civ. P. 12(f)); *Garcia v. Execu|Search Grp., LLC*, No. 17CV9401, 2019 WL 689084, at *1 (S.D.N.Y. Feb. 19, 2019) (citing inherent authority).

Should a court go beyond these restrictions, the court must convert the 12(b)(6) motion into a Rule 56 summary judgment motion, and it must give the nonmoving party an opportunity to respond after conducting appropriate discovery. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); Rules 12(b), 12(d), 56(d); *Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 155 (2d Cir. 2006) ("[T]he conversion of a Rule 12(b)(6) motion into one for summary judgment under Rule 56 when the court considers matters outside the pleadings is **strictly enforced** and **mandatory**."). In other words, if the Court decides to consider Tovar's extrinsic evidence, it is "obligated to convert the motion to one for summary judgment and give the parties an opportunity to conduct appropriate discovery and submit the additional supporting material contemplated by Rule 56." *Chambers*, 282 F.3d at 154.

### A.    The Incorporation By Reference Doctrine

It is well established that, when deciding a Rule 12(b)(6) motion to dismiss, a court must only consider the complaint, documents incorporated into the complaint, and documents attached to the motion to dismiss so long as "the complaint relies heavily upon" those documents' "terms and effect[;]" "no disputes exist regarding the authenticity or accuracy of the document[s][;]" and it is "clear that there exist no material disputed issues of fact regarding the relevance of the document[s]." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

Documents are only incorporated by reference when (1) the complaint expressly incorporates the document by reference or (2) the document is one "upon which [the complaint] **_solely_** relies and which is **_integral to the complaint_**[,]" *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (original emphasis). The Second Circuit has explained that the incorporation by

3

reference doctrine does not apply to any and all documents that might be referenced, cited, or relied upon in a complaint. *See Chambers*, 282 F.3d at 153. "***[E]ven offering 'limited quotations' from the document is not enough***." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). Rather, this principle requires that "the complaint rel[y] heavily upon the documents' terms and effect," rendering the document "integral" to the complaint.[2] *Chambers*, 282 F.3d at 153. "In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint." *Goel*, 820 F.3d at 559. The Court may, for example, verify that an allegedly false statement was in fact made in a particular document because that document is central to Plaintiff's securities fraud claim.[3]

That said, the incorporation by reference doctrine is not a license for Tovar to poison the well with self-serving inadmissible hearsay. Even if a document is incorporated by reference, the doctrine does not permit the court to assume the truth of its contents. *See Roth*, 489 F.3d at 509; *In re Lehman Bros. Sec. and ERISA Litig.*, 799 F. Supp. 2d 258, 273 (S.D.N.Y. 2011) (stating that a document integral to the complaint can be "properly considered, albeit not for the

---

[2]   For simplicity's sake, and in light of existing case law, Plaintiff sometimes refers to the incorporation doctrine and the integral document doctrine interchangeably herein. Plaintiff views the integral document doctrine as applying to those documents that are deemed ***implicitly*** incorporated by reference as a matter of law.

[3]   Other circuits have explained that an agreement was incorporated by reference when the agreement was the basis of the plaintiff's breach of contract claims, *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.* 998 F.2d 1192, 1196-97 (3d Cir. 1993), or that a newspaper article was incorporated by reference when the plaintiff's claim about defamatory statements was based on the contents of the newspaper article, *see Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002).

truth of the matters asserted"). Tellingly, "were the Court to assume the truth of all documents incorporated by reference [], that would mean assuming the truth of all of [Tovar's] allegedly false or misleading statements. That cannot be the intended result of the cases [Tovar] cite[s], or it would be impossible ever to successfully plead a fraud claim." *In re Ecotality, Inc. Sec. Litig.*, No. 13–03791–SC, 2014 WL 4634280, at *3 n.2 (N.D. Cal. Sept. 16, 2014).

Furthermore, even when a plaintiff's legal claims are based on a document, the document cannot be used on a motion to dismiss merely to create an "affirmative defense" to the plaintiff's well-pled allegations. *See In re Pfeifer*, No. 12-13852(ALG), 2013 WL 5746125, at *5 (Bankr. S.D.N.Y. Oct. 23, 2013). Indeed, "on a motion to dismiss, defendants may not use plaintiffs' sources as an archive from which to build what amounts to a factual rebuttal." *Tera Grp., Inc. v. Citigroup, Inc.*, No. 17 CIV. 4302 (RJS), 2019 WL 3457242, at *18 (S.D.N.Y. July 30, 2019). And not to be forgotten, a court deeming a document incorporated by reference "must do so under the appropriate standard of Rule 12(b)(6), so that materials must be viewed in the light most favorable to the plaintiffs, and all reasonable inferences from them must be drawn in plaintiff's favor." 2-12, James Wm. Moore, *et al.*, *Moore's Federal Practice*, §12.34[2] (2015); *see Global Network*, 458 F.3d at 156-57 (finding district court committed error when considering motion to dismiss by relying on extrinsic evidence to make making a finding of fact that "*controverted* the plaintiff's own factual assertions set out in its complaint.") (emphasis in original).

**B.      Judicial Notice Under Federal Rule of Evidence 201**

Pursuant to Federal Rule of Evidence 201, a court is permitted to consider matters extraneous to the complaint by taking judicial notice of ***adjudicative facts***—*i.e.*, relevant facts[4]—

---

[4]      "Adjudicative facts" are "the facts of the particular case." Fed. R. Evid. 201(a) Advisory Committee's Note.

not subject to reasonable dispute because they (1) are generally known within the trial court's territorial jurisdiction ("Generally Known"); or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned ("Readily Determinable").  Fed. R. Evid. 201(b); *see also United States v. Bryant*, 402 F. App'x 543, 545 (2d Cir. 2010).

The Second Circuit has admonished that "caution must be used in determining that a ***fact is beyond controversy***."  *International Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 71 (2d Cir. 1998).  Facts appropriate for judicial notice must meet either of Rule 201's tests for indisputability: "they should be common knowledge or derived from an unimpeachable source."  *Alvarez v. County of Orange*, 95 F. Supp. 3d 385, 398 (S.D.N.Y. 2015) (quoting *Tommy Hilfiger U.S.A., Inc.*, 146 F.3d at 70).  "A high degree of indisputability is the essential prerequisite."  Fed. R. Evid. 201(a) Advisory Committee's Note (stating that "adjudicative facts" are usually established "through the introduction of evidence, ordinarily consisting of the testimony of witnesses."

As a result, courts typically only take judicial notice of readily verifiable matters such as "(1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997).  "The distinction implied by Rule 201(b)'s use of 'fact' can be made clearer by the use of more polarized examples: Matters like 'February 7, 1977 was a Monday' (a fact) are suitable for judicial notice, while propositions like 'daily exercise reduces the likelihood of heart disease' (a scientific conclusion) are not." *United States v. Mitchell*, 365 F.3d 215, 252 n.30 (3d Cir. 2004).

"Because judicial notice forecloses the parties' opportunity to use rebuttal evidence, cross-examination, and argument to attack such evidence, caution must be used in determining

6

that a fact is beyond controversy under Rule 201(b)." *Bruce Lee Enters. LLC v. A.V.E.L.A., Inc.*, No. 10 CV 2333(KMW), 2013 WL 822173, at *9 (S.D.N.Y. Mar. 6, 2013). Consequently, it is inappropriate for a court to take judicial notice not only of facts that are directly in dispute, but also of facts that are ***disputable***. Indeed, a court "should not use judicial notice to generate an evidentiary record and then weigh evidence—which plaintiffs have not had the opportunity to challenge—to dismiss plaintiffs['] complaint." *In re Network Equip. Techs., Inc., Litig.*, 762 F. Supp. 1359, 1363 (N.D. Cal. 1991) ("While defendants['] arguments on the facts may ultimately prevail upon a motion for summary judgment or at trial, they do not create a basis for dismissing plaintiffs' complaint.").

Moreover, ***"[a] court cannot take judicial notice of a fact that would be inadmissible if it were offered as evidence*.**" *See* 21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure: Evidence* §5106.4 (2d ed. Supp. 2018). Consequently, when taking judicial notice of documents on a motion to dismiss, a court may not—in violation of the hearsay rules—assume the truth of the factual matters asserted in those documents. *See Global Network*, 458 F.3d at 156 (finding judicial notice improper where court "relied on those materials to make a finding of fact that controverted the plaintiff's own factual assertions"); *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008) (explaining that judicial notice of documents was proper only because "[n]one of these materials were offered for the truth of the matter asserted"); *Pabon v. Barclays Bank PLC*, No. 14–cv–7897 (LAK), 2015 WL 5834796, at *1 (S.D.N.Y. Sept. 30, 2015) ("[T]o the extent this Court takes judicial notice of certain other documents outside the complaint, it does so only as evidence of what those documents say, not the truth of the matters

7

asserted.").[5]  That is, ***assuming such facts are independently relevant***, a court may take judicial notice of the existence, effect, and date of certain public documents, as well as statements the documents contain; the court may not, however, take judicial notice of the truth of such documents' contents.

As is the case with incorporation by reference, when judicial notice of a fact is appropriate, the import of that fact is still subject to the confines of Rule 12(b)(6).  *See Zak v. Chelsea Therapeutics, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) ("[W]hen a court considers relevant facts from the public record at the pleading stage, the court must construe such facts in the light most favorable to the plaintiffs."); 2-12, James Wm. Moore, et al., Moore's Federal Practice, § 12.34[2] (2015).  A court cannot use judicial notice to "stack[] facts extracted from secondary sources to construct an alternative narrative, at odds with the [complaint's] well-pled allegations."  *In re Interest Rate Swaps Antitrust Litig.*, 261 F. Supp. 3d 430, 481 (S.D.N.Y. 2017).  In point of fact, it would be inherently unreasonable on a Rule 12(b)(6) motion to draw any inferences—much less those against the non-moving party—based on inadmissible hearsay or evidence that is otherwise inadmissible under the Federal Rules of Evidence.[6]

---

[5]      *See also In re Teligent Inc.*, 380 B.R. 324, 329 n.2 (Bankr. S.D.N.Y. 2008) ("The taking of judicial notice simplifies the process of authenticating a document, but does not automatically render the document admissible in the face of a hearsay objection."); *City of Sterling Heights Gen. Employees' Ret. Sys. v. Hospira, Inc.*, 2013 WL 566805, at *11-12 (N.D. Ill. Feb. 13, 2013) (declining to take judicial notice of facts found in SEC filings **when those filings were only relevant if considered for their truth**).

[6]      Given that inadmissible hearsay and attorney testimony are not subject to consideration ***at trial***, *see, e.g., MF Global Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 568 (S.D.N.Y. 2017), it stands to reason *a priori* that consideration of Tovar's inadmissible evidence to draw negative inferences against Plaintiff is likewise inappropriate **on a Rule 12(b)(6) motion**.

**ARGUMENT**

**I.    TOVAR'S CURSORY REQUEST FOR CONSIDERATION OF HIS EXTRINSIC EVIDENCE WAIVED ANY RIGHTS HE MAY HAVE HAD**

Tovar failed to meaningfully argue that the Court should consider any of his three Exhibits. Instead, in the "Legal Standard" section of his Motion to Dismiss, Tovar suggests that the Court should consider certain generic categories of extrinsic evidence, without once mentioning, alluding to, or describing the three Exhibits he submitted to the Court or identifying the specific bases the court had to consider his extrinsic evidence for the purpose Tovar proffered it. MTD at 10 (citing to *Kleinman v. Elan Corp., plc*, 706 F.3d 145, 152 (2d Cir. 2013); *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007)). An undeveloped argument of this nature constitutes a waiver. *See e.g.*, *City of Syracuse v. Onondaga Cty.*, 464 F.3d 297, 308 (2d Cir. 2006) (noting that issues insufficiently argued in briefs are generally considered waived); *In re Toor*, No. 16-CV-1773 (JCH), 2017 WL 1712511, at *2 (D. Conn. May 1, 2017) (declining to consider issue because there was no "argument on the topic[] in [the] opening brief"). Tovar's approach is insufficient because it does not explain which of his three Exhibits is incorporated by reference and/or which of his three Exhibits contains adjudicative facts properly subject to judicial notice under Fed. R. Evid. 201. Instead, in an attempt to evade the Court's page limits and deprive Plaintiff of his due process right to properly challenge the Exhibits in a fully briefed motion, Tovar leaves the Court and Plaintiff to guess.

In violation of Rule 12(d), Tovar places extrinsic evidence—much of which is likely irrelevant, prejudicial, and inadmissible—into the record without providing particularized justification and reasoning. This approach violates Local Rule Civ. 7.1(a)(2), which explains that a memorandum of law should be "divided, under appropriate headings, into as many parts as

there are issues to be determined[.]"[7]  Indeed, the only cases cited by the Tovar in support of his

deficiently cursory request, *Kleinman*, 706 F.3d at 152 and *ATSI Communications, Inc.*, 493 F.3d

at 99 are inapposite.  The Second Circuit did not consider a single extrinsic exhibit in *Kleinman*

and, "in *ATSI,* the Second Circuit, apparently **without objection**, considered written agreements

between the parties[.]"  *In re Pfeifer*, 2013 WL 5746125 at *5.  Conversely, here, Plaintiff

objects to the Court's consideration of Tovar's Exhibits because he failed to specify an

appropriate basis for the court to consider the evidence nor did he specify precisely what he is

proffering the documents for.  These failures alone provide the Court sufficient reason to strike

Tovar's Exhibits and all arguments derived therefrom.[8]

## II. TOVAR'S INCORPORATION BY REFERENCE REQUEST IS DEFECTIVE BECAUSE HE MAKES NO EFFORT TO EXPLAIN HOW EACH EXHIBIT IS INTEGRAL TO PLAINTIFF'S COMPLAINT

Assuming Tovar is arguing that all three Exhibits are incorporated by reference and that

this argument has not been waived, Tovar's request to deem the Exhibits incorporated by

reference should be rejected because he failed to explain how each of his three Exhibits is

"integral" to Plaintiff's complaint.  Tovar suggests that the Court may consider documents

explicitly incorporated into the complaint by reference.  *See* MTD at 10 (citing *Pehlivanian v.

China Gerui Advanced Materials Grp., Ltd.*, 153 F. Supp. 3d 628, 642 (S.D.N.Y. 2015).  Yet

Tovar completely ignores the requirement that, in order to be incorporated by reference, that "the

complaint relies heavily upon" the "terms and effect[,]" of the document.  *See DiFolco*, 622 F.3d

---

[7]     The notice of motion accompanying the Brief likewise makes no mention of the relief sought with respect to the Exhibits or the legal basis for the requested relief, in violation of Local Civ. R. 7.1(a).  *See* ECF No. 48; Local Civ. R. 7.1(a)(1) (requiring that the "notice of motion" accompanying a motion "specify the applicable rules or statutes pursuant to which the motion is brought," and the "relief sought by the motion").  Tovar's proposed order is similarly deficient. *See* ECF No. 48-1.

[8]     Tovar also cites to five additional documents with weblinks.  *See* MTD at 7 n.3, *id.* at 17 n.8.  These citations should similarly be stricken because Tovar does not attach them to his MTD nor provide any explanation for why they are properly before the Court.

at 111 (2d Cir. 2010).  That is, Tovar makes no effort to demonstrate how each Exhibit is integral to the Plaintiff's claims, rather than simply being mentioned in Plaintiff's complaint.  *See Roth*, 489 F.3d at 509.  This failure was no accident; indeed, Tovar cannot provide this explanation because at least one of Tovar's Exhibits (Ex. 3) does not contain the misstatements at issue in Plaintiff's complaint.  *See Sviridyuk v. BAC Home Loan Servicing, LP*, No. 3:11-cv-01107-SI, 2012 WL 174791, at *2 (D. Or. Jan. 20, 2012) (stating that even a document that "may constitute important evidence going to the merits of [p]laintiff's claim . . . does not form the basis of [p]laintiff's claim as alleged[]").

To be clear, merely citing a document in the AC does not suffice to render the document incorporated by reference.  *See Goel*, 820 F.3d at 559 ("[E]ven offering 'limited quotations' from the document is not enough" for incorporation by reference).  Plaintiff explicitly said so in the preamble to his AC.  *See* AC at 1 (citing *Chambers*, 282 F.3d at 153) ("The mere reference to a document herein does not automatically incorporate it by reference.").  While the AC offered limited quotations from certain of the Exhibits on which Tovar now relies, this is still not sufficient to establish that the Exhibits are incorporated by reference into Plaintiff's complaint.  *See Looney v. Black*, 702 F.3d 701, 716 n.2 (2d Cir. 2012); *Sira v. Morton,* 380 F.3d 57, 67 (2d Cir. 2004).  Moreover, even if some of Tovar's Exhibits may ultimately form the basis of an affirmative defense, "the documents fall outside the scope of what may be considered at the motion to dismiss stage."  *In re Pfeifer*, No. 12-13852(ALG), 2013 WL 5746125, at *5;  *see Wade v. Kay Jewelers, Inc.*, No. 3:17-CV-990 (MPS), 2018 WL 4440532, at *3 (D. Conn. Sept. 17, 2018) (declining to consider a transcript "to contravene a statement in the amended complaint"); *Tera Grp., Inc.*, 2019 WL 3457242, at *18 (declining to consider extrinsic documents on a motion to dismiss to "resolve Defendants' competing interpretations of emails

11

and other documents").

Given Tovar's failure to identify which Exhibits he argues are incorporated by reference and how these Exhibits are integral to Plaintiff's claims, the purposes for which the Exhibits are being offered are unclear (*e.g.*, whether the Exhibits are being offered for a hearsay purpose or to dispute Plaintiff's allegations).  To the extent the documents are being offered for a hearsay purpose or to dispute the Plaintiff's allegations, Plaintiff objects.  *See Roth* 489 F.3d at 509; *Bldg. & Constr. Trades Council of Buffalo v. Downtown Dev., Inc.*, 448 F.3d 138, 155 (2d Cir. 2006).

For all of these reasons, Tovar's request for incorporation by reference should be denied.

## III.    TOVAR'S JUDICIAL NOTICE REQUEST IS DEFECTIVE BECAUSE IT DOES NOT IDENTIFY THE ADJUDICATIVE FACTS TOVAR SEEKS THE COURT TO DECIDE OR EXPLAIN HOW EACH SUCH FACT IS JUDICIALLY NOTICEABLE UNDER RULE 201

Assuming Tovar is arguing that all three Exhibits evidence adjudicative facts subject to judicial notice under Fed. R. Civ. P. 201 and that this argument has not been waived, Tovar's argument should be rejected.  As recognized by the nation's leading treatise on evidence, the party requesting judicial notice "*[a]t a bare minimum"* ought to: "specify precisely the adjudicative fact that the court should notice, state whether that fact can be noticed as a matter of common knowledge, and, if not, cite the court to some source of reasonably indisputable accuracy in which the noticed fact may be found."  21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure: Evidence* §5107.1 (2d ed. Supp. 2018).  Tovar fails to do this.  Instead, Tovar suggests that the Court "may also properly consider documents that 'bear on the adequacy of SEC disclosures.'"  MTD at 10 (citing *Pehlivanian*, 153 F. Supp. 3d at 643).  As with Tovar's blanket request for incorporation by reference, his request for judicial notice does not provide enough information to justify the request.

12

As the proponents of the evidence, Tovar bears the burden of persuading the Court that the evidence being submitted may properly be considered for the purpose it is being offered. *See In re Tyrone F. Conner Corp., Inc.,* 140 B.R. 771, 781 (Bankr. E.D. Cal. 1992) ("[A] party requesting judicial notice bears the burden of persuading the trial judge that the fact is a proper matter for judicial notice."); Fed. R. Evid. 201(c).  As the requesting party, Tovar must specify which adjudicative facts the Court is being asked to decide, and Tovar bears the burden of demonstrating how each of those facts is relevant ***and*** either Generally Known or Readily Determinable from the materials submitted.  *See Guzman-Ruiz v. Hernandez-Colon*, 406 F.3d 31, 36 (1st Cir. 2005) (stating that the district court was "amply justified" in refusing to take judicial notice where, *inter alia*, the party "made no attempt to specify what 'adjudicable facts' met the requirements of [Rule] 201"); *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *14 (S.D.N.Y. Aug. 15, 2014) (denying request to judicially notice database as it was tantamount to "asking th[e] Court to do counsel's legwork by sorting" through the database); *see also NDX Advisors, Inc. v. Advisory Financial Consultants, Inc.*, No. C 11-3234 SBA, 2012 WL 174942, at *3 (N.D. Cal. Jan. 20, 2012) (denying request where defendant failed to provide citations to specific documents, and noting that courts are "not obligated to consider matters not specifically brought to its attention.").[9]

Given Tovar's failure to identify which facts he is asking the Court to decide in the jury's stead, it is impossible to determine whether those facts are relevant and either Generally Known

---

[9] While drafting a proper judicial notice request admittedly takes time, properly articulated and supported requests are vital to the judicial process because the party seeking judicial notice is asking the court to decide facts in the jury's stead.  *See* Fed. R. Evid. 201(f) ("In a civil case, the court ***must*** instruct the jury to accept the noticed fact as conclusive."); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) ("Judicial notice is premised on the concept that certain facts or propositions exist which a court may accept as true without requiring additional proof from the opposing parties. . . . Judicial notice, therefore, merits the traditional caution it is given, and courts should strictly adhere to the criteria established by the Federal Rules of Evidence before taking judicial notice of pertinent facts.").

13

or Readily Determinable under Rule 201 based on the documents submitted.  *See Guzman-Ruiz*, 406 F.3d at 36 (stating that the district court was "amply justified" in refusing to take judicial notice where, *inter alia*, the party "made no attempt to specify what 'adjudicable facts' met the requirements of [Rule] 201").  Accordingly, judicial notice of any fact based on Tovar's evidence is improper, and Tovar's Exhibits and all arguments based thereon should be stricken.  *See Natural Resources Defense Council, Inc. v. U.S. Food and Drug Admin.*, 884 F. Supp. 2d 108, 115 n.5 (S.D.N.Y. 2012) (stating "[a] court has inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances" and collecting cases).

Separately, the request for judicial notice is also insufficient because many of the facts which may be at issue appear to be based on inadmissible hearsay.  *See* 21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure: Evidence* §5106.4 (2d ed. Supp. 2018) ("[A] court cannot take judicial notice of a fact that would be inadmissible if it were offered as evidence.").  Indeed, the Second Circuit notes that judicial notice of facts found in public documents is not proper if the documents "were offered for the truth of the matter asserted."  *See Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008).

To the extent Tovar is asking the Court to judicially notice facts based on inadmissible hearsay, Plaintiff objects.  *Bldg. & Constr. Trades Council of Buffalo*, 448 F.3d at 155 ("[A]rguments based on the moving parties' assertions of fact are inapt on a motion to dismiss.").  Plaintiff likewise objects to the extent Tovar asks the Court to judicially notice facts based on inadmissible double hearsay.  *See e.g.*, MTD at 5 (citing Ex. 2—a conference call transcript that purportedly transcribes statements made by speakers on the call); *see also Smith v. City of Allentown*, 589 F.3d 684, 693 (3d Cir. 2009) (explaining that witness's testimony was

14

double hearsay because "it describes a statement that Spang made to Smith about a conversation that Pawlowski allegedly had with Spang."); Fed. R. Evid. 805.

Therefore, even if Tovar had made proper judicial notice requests, the Court still cannot judicially notice the illusive hearsay "facts" that Tovar attempts to establish through his inadmissible extrinsic evidence. *See City of Austin Police Ret. Sys.*, 957 F. Supp. 2d at 288-89 (denying judicial notice request because exhibits were "of no assistance to Kinross except if taken for the truth").

For all of these reasons, Tovar's request for judicial notice should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike all matters identified herein. Consideration of Tovar's materials and all related arguments and references in Tovar's briefing is improper unless Tovar's MTD is converted into a motion for summary judgment and Plaintiff is allowed a reasonable opportunity to conduct the necessary discovery. *See* Rule 12(d), 56(d).

Dated: March 2, 2020                    Respectfully submitted,

By: */s/ Richard W. Gonnello*
            Richard W. Gonnello

Richard W. Gonnello
Katherine M. Lenahan
Sherief Morsy
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: rgonnello@faruqilaw.com
       klenahan@faruqilaw.com
       smorsy@faruqilaw.com

*Attorneys for Lead Plaintiff Jaysukh Rudani*