**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JAYSUKH RUDANI, Individually and on
Behalf of All Others Similarly Situated,

               Plaintiff,

      v.

IDEANOMICS, INC. f/k/a SEVEN STARS
CLOUD GROUP, INC. f/k/a WECAST
NETWORK, INC., *et al.*,

           Defendants.

No. 1:19-cv-06741-GBD

**DEFENDANT FEDERICO TOVAR'S OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE EXTRINSIC EVIDENCE AND RELATED ARGUMENTS
<u>SUBMITTED WITH DEFENDANT TOVAR'S MOTION TO DISMISS</u>**

**INTRODUCTION**

With practically no analysis of the three exhibits attached to Tovar's motion to dismiss, Plaintiff's motion to strike — which is nearly identical to the motion to strike filed against the remaining defendants — is frivolous, and indeed a search of public dockets revealed that Plaintiff has filed — and lost — nearly exact copies of this motion in other cases. The motion should be denied.

The three exhibits and related arguments that Plaintiff seeks to strike are exactly the kind of documents that courts have ruled may be considered on a motion to dismiss a claim under the PSLRA. At the heart of Plaintiff's claims against Mr. Tovar is the 2Q 2018 10-Q filed on August 13, 2018 (the "2Q 2018 10-Q"), which is Exhibit 1 that Plaintiff seeks to strike. It contains the one alleged misrepresentation attributed to Mr. Tovar. Exhibit 3, the second amendment to the 2017 10-K filed on December 13, 2018 (the "Third 2017 10-K"), contains a later-in-time statement that allegedly renders the misrepresentation false. Exhibit 2, the transcript of the August 13, 2018 earnings call with investors discussing the 2Q 2018 10-Q filed the same day (the "Earnings Call Transcript"), contains contemporaneous statements shedding light on the meaning of the allegedly false statement in the 2Q 2018 10-Q. Plaintiff is not permitted on the one hand to rely upon these documents in the Amended Complaint and represent them as favorable to or supportive of his claims, but then prevent the Court from viewing the full context of the documents. This is especially true where, as here, the Plaintiff has selectively and misleadingly quoted from the documents to spin an allegation of misstatement or falsehood, when the documents themselves do not support that spin.

For the reasons stated herein, and for the reasons stated in the Opposition to the Motion to Strike the Extrinsic Evidence and Related Arguments that Defendants Ideanomics, Inc., Bruno

Wu, Bing Yang, and Robert Benya Submitted with Their Motion to Dismiss, incorporated by reference, Mr. Tovar requests that the Court deny Plaintiff's Motion to Strike.

**ARGUMENT**

**I.      Mr. Tovar's Exhibits are Incorporated by Reference and Relied On in the Amended Complaint.**

In choosing not to attach foundational documents to the Amended Complaint and in now seeking to strike Mr. Tovar's exhibits, Plaintiff attempts to "cherry-pick" particular statements, quoting them out of context and manipulating them to support claims of falsity.  This is not permissible.  As this Circuit has held, "plaintiff should not so easily be allowed to escape the consequences of its own failure" to attach these documents to the Amended Complaint.  *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (district court could consider documents of which the plaintiff had notice and which were integral to their claim in ruling on motion to dismiss).

On a motion to dismiss, a court may consider the complaint itself, as well as "documents that are referenced in the complaint, documents that the plaintiffs relied on in bringing suit and that are either in the plaintiffs' possession or that the plaintiffs knew of when bringing suit, or matters of which judicial notice may be taken." *Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*, 153 F. Supp. 3d 628, 642 (S.D.N.Y. 2015) (quoting *Silsby v. Icahn*, 17 F. Supp. 3d 348, 354 (S.D.N.Y. 2014)).  For a document to be considered "incorporated by reference," the complaint must contain a "clear, definite and substantial reference" to that document.  *Helprin v. Harcourt*, 277 F. Supp. 2d 327, 330–31 (S.D.N.Y. 2003).

Mr. Tovar attached three exhibits to his motion to dismiss:  (1) the 2Q 2018 10-Q, (2) the Earnings Call Transcript, and (3) an excerpt of the Third 2017 10-K.  Plaintiff "relies on" these three documents as the very foundation for his claims against Mr. Tovar.  The 2Q 2018 10-Q

2

contains the allegedly false statement made by Mr. Tovar (the "2Q 2018 10-Q Statement").  The Earnings Call Transcript contains an allegedly false statement attributed in the Amended Complaint to Defendant Benya, but also remarks by Mr. Tovar himself explaining the 2Q 2018 10-Q — which contains the only allegedly false statement attributed to Mr. Tovar.  And, the Third 2017 10-K contains a later-in-time statement that, according to Plaintiff, renders the 2Q 2018 10-Q Statement false, but which contains vastly more disclosures that are consistent with the 2Q 2018 10-Q Statement, undermining any allegation of falsity.

Moreover, the documents are not only repeatedly referenced or cited, they are also quoted in the Amended Complaint:

- 2Q 2018 10-Q:  ¶¶ 68–71 (quoting from page 33 of the filing, citing to pages 35 and 36, and citing Mr. Tovar's signature);

- Earnings Call Transcript:  ¶¶ 70–71 (quoting statements by Defendant Benya); and

- Third 2017 10-K:  ¶¶ 65, 67, 69–71, 79, 95–96 (quoting statements from pages 3 and 12 of the filing, and alleging that reference to Venus blockchain platform is omitted from the entirety of the disclosure).

*See San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos.*, 75 F.3d 801, 809 (2d Cir. 1996) ("conclude[ing] that the District Court was entitled to consider the full text of those documents [partially quoted in the Complaint but considered integral] in ruling on the motion to dismiss"); *Malin v. XL Capital Ltd.*, 499 F. Supp. 2d 117, 131 (D. Conn. 2007) ("Courts have routinely held that when a complaint quotes documents only in part and omits critical portions of the documents, it is permissible for the court ruling on a motion to dismiss to consider the full texts of the quoted documents."), *aff'd*, 312 F. App'x 400 (2d Cir. 2009).

Permitting Plaintiff to avoid consideration of fundamental documents on a motion to dismiss simply by not attaching them to the Amended Complaint could set dangerous precedent. For example, in order to argue that the PSLRA safe harbor applies, Defendants point to cautionary language in the 2Q 2018 10-Q. Of course, Plaintiff does not cite that language in the Amended Complaint. If securities defendants were only limited to those statements a plaintiff plucked out of disclosures and included in a complaint, no defendant could ever argue on a motion to dismiss that a statement is protected by the safe harbor as a forward-looking statement accompanied by adequate cautionary language. This Circuit does not allow plaintiffs to "generat[e] complaints invulnerable to Rule 12(b)(6) simply by clever drafting." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (noting that plaintiffs usually fail to attach such documents where "the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim").

Accordingly, the exhibits are integral to Plaintiff's claims and the Court's consideration of the pending motions to dismiss. Therefore, the Court should deny Plaintiff's motion to strike.

II.   **SEC Disclosures and Earnings Call Transcripts Are Routinely Considered on a Motion to Dismiss.**

Not only are the exhibits integral to and incorporated by reference in the Amended Complaint, they are of the type regularly considered by courts on a motion to dismiss, particularly in securities litigation.

A.   **Exhibits 1 and 3 — SEC Filings.**

Exhibits 1 and 3 are SEC filings. It is well-established in the Second Circuit that "when a district court decides a motion to dismiss a complaint alleging securities fraud, it may review and consider public disclosure documents required by law to be and which actually have been filed with the SEC." *Cortec Indus., Inc.*, 949 F.2d at 47; *see also ATSI Commc'ns, Inc. v. Shaar Fund,*

*Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (on motion to dismiss, court may consider "legally required public disclosure documents filed with the SEC"); *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (same); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 769–70 (2d Cir. 1991) ("We hold that a district court may consider relevant documents required by the securities laws to be filed with the Securities and Exchange Commission ('SEC') in determining a motion to dismiss a complaint alleging material misrepresentations and omissions in such documents.").

Exhibit 1, the 2Q 2018 10-Q, and Exhibit 3, the Third 2017 10-K are both legally required disclosure documents filed with the SEC on August 13, 2018 and December 14, 2018, respectively. Therefore, the law of this Circuit is clear that the Court may consider them in ruling on defendants' motions to dismiss.

**B.      Exhibit 2 — Earnings Call Transcript**

Exhibit 2 is a transcript of the earnings call with investors held on August 13, 2018 to discuss the contents of the 2Q 2018 10-Q.   Courts in this jurisdiction consider earnings call transcripts on motions to dismiss, both where they are referenced in a complaint and where the complaint lacks any reference whatsoever.  In *Pehlivanian*, this Court concluded that earnings call transcripts cited in the complaint were incorporated by reference and could be considered on a motion to dismiss. 153 F. Supp. 3d 628, 643 (S.D.N.Y. 2015).  The Court also held that it could take judicial notice of earnings call transcripts not referenced in the complaint because such documents "bear on the adequacy of SEC disclosures and are public disclosure documents required by law." *Id.* (internal quotations omitted); *see also Malin*, 499 F. Supp. 2d at 131 (D. Conn. 2007) (holding that where conference calls were quoted and cited in complaint, court could consider transcript of call in deciding motion to dismiss); *In re Bausch & Lomb, Inc. Sec. Litig.*, 592 F. Supp. 2d 323, 338–39 (W.D.N.Y. 2008) (considering transcript not referenced by complaint).

As discussed above, Exhibit 2 is quoted in the Amended Complaint and is relied upon by Plaintiff to assert the claim that Defendants made allegedly false statements about the Company's intent to integrate blockchain. The call occurred on the date that the 2Q 2018 10-Q (Exhibit 1) was released and discussed the contents of the filing. Accordingly, Exhibit 2 is properly considered here, and Plaintiff's motion should be denied.

### III.    Plaintiff's Frivolous Motion to Strike is Mere Tactic.

Even a cursory review of Plaintiff's motion reveals that it is laden with case law but light on arguments and analysis specific to Mr. Tovar's motion to dismiss. Indeed, the motion filed with respect to Mr. Tovar is nearly identical to the motion to strike filed with respect to the other defendants.

Notably, Plaintiff's counsel has (unsuccessfully) employed this motion-to-strike tactic in other cases when filing a motion to dismiss. Attached as Exhibits 1 and 2 to the Declaration of Hunter T. Carter in Support of Opposition to Plaintiff's Motion to Strike (the "Carter Declaration") are nearly identical motions to strike filed by Plaintiff's counsel in other, unrelated matters.

This Court should not condone this practice. It burdens the Court with frivolous arguments. As Chief Judge Colleen McMahon stated in denying — only three days after it was filed — a motion to strike filed by Plaintiff's counsel in 2016, "The Court knows perfectly well how to deal with Rule 12(b)(6) motions and never considers inappropriate material. I don't need a motion to remind me of the rules." *J M Smith Corp. v. Actavis, PLC*, No. 15-cv-7488-CM (S.D.N.Y. Feb. 22, 2016) (attached as Exhibit 3 to the Carter Declaration).

Accordingly, the motion should be denied.

6

**IV.    Mr. Tovar Joins the Arguments Set Forth in the Company's Brief.**

In an effort to avoid repetitive arguments, Mr. Tovar urges the Court to consider the authorities cited in the Company's brief that demonstrate that courts routinely consider SEC documents and earnings call transcripts in determining a motion to dismiss under the PSLRA.[1]

**CONCLUSION**

For the reasons set forth herein and in the Opposition filed by the remaining Defendants, Plaintiff's motion to strike lacks merit and should be denied.


Respectfully submitted,

Dated:    April 1, 2020                              ARENT FOX LLP
                                                    By: */s/ Hunter T. Carter*
                                                    Hunter T. Carter
                                                    1301 Avenue of the Americas
                                                    Floor 42
                                                    New York, NY 10019
                                                    Telephone:  (212) 484-3900
                                                    Facsimile:  (212) 484-3990
                                                    Email: hunter.carter@arentfox.com

                                                    *Counsel for Defendant Federico Tovar*

---

[1] In particular, Mr. Tovar incorporates by reference Sections A.2, A.4, and B.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Defendant Federico Tovar's Opposition to Plaintiff's Motion to Strike Extrinsic Evidence and Related Arguments Submitted with Defendant Tovar's Motion to Dismiss was served on this date on counsel of record via the Court's CM/ECF system.


Dated: April 1, 2020                                    */s/ Hunter T. Carter*
                                                        Hunter T. Carter

8