**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| JAYSUKH RUDANI, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     v.<br><br>IDEANOMICS, INC. f/k/a SEVEN STARS CLOUD GROUP, INC. f/k/a WECAST NETWORK, INC., *et al.*,<br><br>     Defendants. | No. 1:19-cv-06741-GBD<br><br><br>Oral Argument Requested |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO**
**STRIKE EXTRINSIC EVIDENCE AND RELATED**
**ARGUMENTS SUBMITTED WITH DEFENDANTS'**
**<u>MOTION TO DISMISS</u>**

VENABLE LLP
1290 Avenue of the Americas,
Twentieth Floor
New York, New York 10104

  – and –

VENABLE LLP
600 Massachusetts Avenue NW
Washington DC 20001


*Counsel for Defendants Ideanomics, Inc.,*
*Bruno Wu, Bing Yang, and Robert Benya*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................... 1

THE EXHIBITS .......................................................................................................................... 1

ARGUMENT .............................................................................................................................. 3

    A.    Legal Standard ............................................................................................................ 3

        1.    Motions to Strike Are Disfavored. ................................................................ 3

        2.    Courts Can Properly Consider a Wide Array of Documents When Deciding Whether to Dismiss Claims Brought Under the Federal Securities Laws. ................. 4

        3.    When Deciding a Motion to Dismiss, Courts May Consider All Documents Attached to the Complaint as Exhibits, Documents Incorporated by Reference into the Complaint, or Documents that Are Integral to the Complaint. ...................... 5

        4.    The Court Can Take Judicial Notice of the Exhibits.................................... 7

    B.    The Court Can Properly Consider the Exhibits When Considering Defendants' Motion to Dismiss........................................................................................................ 8

        1.    22 of the 23 Exhibits Are Incorporated into and Integral to the Amended Complaint. ................................................................................................... 8

        2.    The Court May Take Judicial Notice of All of the SEC Filings. ............................. 12

    C.    The Court Can Properly Consider the Exhibits Even Where They Contradict the Amended Complaint. ............................................................................................ 13

    D.    The Court Should Not Convert Defendants' MTD into a Motion for Summary Judgment and Allow Plaintiff to Take Discovery. ...................................................... 15

CONCLUSION ............................................................................................................................ 16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bausch & Lomb, Inc. Sec. Litig.*,
  592 F. Supp. 2d 323 (W.D.N.Y. 2008) ..............................................................................5, 8

*In re Bear Stearns Cos. Sec., Deriv., & ERISA Litig.*,
  763 F. Supp. 2d 423 (S.D.N.Y. 2011)...................................................................................3

*Beautiful Jewellers Private Ltd. v. Tiffany & Co.*,
  No. 06 Civ. 3085(KMW), 2007 WL 867202 (S.D.N.Y. Mar. 21, 2007)................................15

*Becker v. Cephalon, Inc.*,
  No. 14 Civ. 3864 (NSR), 2015 WL 5472311 (S.D.N.Y. Sept. 15, 2015) ..............................13

*In re Bernard L. Madoff Inv. Sec. LLC*,
  No. 08-99000 (SMB), 2015 WL 4734749 (Bankr. S.D.N.Y. Aug. 11, 2015)..........................6

*Burns v. Bank of Am.*,
  No. 03 Civ. 1685 (RMB)(JCF), 2007 U.S. Dist. LEXIS 40037 (S.D.N.Y. June
  4, 2007) ................................................................................................................................4

*Carmona v. Spanish Broad. Sys., Inc.*,
  No. 08 Civ. 4475 (LAK), 2009 U.S. Dist. LEXIS 26479 (S.D.N.Y. Mar. 30,
  2009) ....................................................................................................................................4

*City of Brockton Ret. Sys. v. Shaw Grp, Inc.*,
  540 F. Supp. 2d 464 (S.D.N.Y. 2008)....................................................................................9

*Columbia Cas. Co. v. Neighborhood Risk Mgmt. Corp.*,
  No. 14-cv-0048 (AJN), 2015 WL 3999192 (S.D.N.Y. June 29, 2015) ...................................3

*Cortec Indus., Inc. v. Sum Holding L.P.*,
  949 F.2d 42 (2d Cir. 1991)........................................................................................4, 7, 15

*Ferguson v. Ruane Cunniff & Goldfarb Inc.*,
  No. 17-cv-6685(ALC), 2019 U.S. Dist. LEXIS 160112 (S.D.N.Y. Sept. 18,
  2019) ..................................................................................................................................13

*In re Flag Telecom Holdings, LTD. Sec. Litig.*,
  308 F. Supp. 2d 249 (S.D.N.Y. 2004)..................................................................................11

*Gagnon v. Alkermes PLC*,
   368 F. Supp. 3d 750 (S.D.N.Y. 2019)..................................................................................12

*Giant Grp. Ltd. v. Sands*,
   142 F. Supp. 2d 503 (S.D.N.Y. 2001)..................................................................................15

*Global Commc'ns, Inc. v. City of New York*,
   458 F.3d 150 (2d Cir. 2006)...................................................................................................7

*Goel v. Bunche Ltd.*,
   820 F.3d 554 (2d Cir. 2016).............................................................................................6, 10

*Guzman v. Hecht*,
   No. 18cv3947(DLC), 2019 U.S. Dist. LEXIS 48193 (S.D.N.Y. Mar. 22, 2019).....................8

*Hirsch v. Arthur Andersen & Co.*,
   72 F.3d 1085 (2d Cir. 1995).............................................................................................13, 14

*Kramer v. Time Warner, Inc.*,
   937 F.2d 767 (2d Cir. 1991)..............................................................................................8, 12

*Kuriakose v. Fed. Home Loan Mortg. Corp.*,
   No. 08 Civ. 7281 (JFK), 2011 U.S. Dist. LEXIS 34285 (S.D.N.Y. Mar. 30,
   2011) ......................................................................................................................................9

*Lighthouse Fin. Grp. v. Royal Bank of Scotland Grp., PLC*,
   902 F. Supp. 2d 329 (S.D.N.Y. 2012) ...............................................................................3, 4

*Lucescu v. Zafirovski*,
   No. 09cv4691 (DLC), 2018 U.S. Dist. LEXIS 61580 (S.D.N.Y. Apr. 11,
   2018) ....................................................................................................................................11

*Mangiafico v. Blumenthal*,
   471 F.3d 391 (2d Cir. 2006)...........................................................................................7, 8, 15

*In re Merrill Lynch & Co. Research Reports Sec. Litig.*,
   273 F. Supp. 2d 351 (S.D.N.Y. 2003)....................................................................................4

*In re Merrill Lynch Ltd. P'ships Litig.*,
   7 F. Supp. 2d 256 (S.D.N.Y. 1997) .....................................................................................10

*In re Parmalat Sec. Litig.*,
   376 F. Supp. 2d 472 (S.D.N.Y. 2005)...................................................................................10

*Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*,
   153 F. Supp. 3d 628 (S.D.N.Y. 2015)...............................................................................6, 10

*In re PetroChina Co. Ltd. Sec. Litig.*,
   120 F. Supp. 3d 340 (S.D.N.Y. 2015)...............................................................................5, 6, 10

*In re Pfeifer*,
   No. 12-13852 (ALG), 2013 WL 5746125 (Bankr. S.D.N.Y. Oct. 23, 2013) ......................9, 10

*Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*,
   No. 05 -776 (DRH)(AKT), 2007 WL 2728898 (E.D.N.Y. Sept. 14, 2007) .............................4

*Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of
   Commerce*,
   694 F. Supp. 2d 287 (S.D.N.Y. 2010)....................................................................................5

*Powell v. Ocwen Fin. Corp.*,
   18-CV-1951 (VSB), 2019 U.S. Dist. LEXIS 42784 (S.D.N.Y. Mar. 15, 2019)......................11

*Rieger v. Drabinsky (In re Livent, Inc. Noteholders Sec. Litig.)*,
   151 F. Supp. 2d 371 (S.D.N.Y. 2001)....................................................................................14

*Roth v. Jennings*,
   489 F.3d 499 (2d Cir. 2007)...............................................................................................4, 7

*Salinger v. Projectavision, Inc.*,
   934 F. Supp. 1402 (S.D.N.Y. 1996)..................................................................................8, 13

*San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos.*,
   75 F.3d 801 (2d Cir. 1996)....................................................................................................6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007)...................................................................................................5, 7, 8

*Trs. of Local 8A-28A Welfare Fund v. Am. Grp. Admin'rs*,
   No. 14-CV-1088 (RRM)(PK), 2017 WL 3700899 (E.D.N.Y. Aug. 25, 2017) .........................3

**Other Authorities**

Fed. R. Civ. P. 12(f) ...............................................................................................................3

Fed. R. Civ. P. 56...................................................................................................................14

Fed. R. Evid. 201 ...............................................................................................................7, 12

Fed. R. Civ. P. 12(b)(6)........................................................................................................7, 15

## PRELIMINARY STATEMENT

Plaintiff's motion to strike (the "Motion") is nothing more than a cynical ploy to either get discovery to which it is unentitled or to prevent the Court from considering the very exhibits that Plaintiff's claims rely upon when deciding whether to grant Defendants' motion to dismiss (the "MTD") Plaintiff's Amended Complaint.  It makes sense that Plaintiff wants discovery—after all, it is still fishing for facts to support its case.  And Plaintiff does not want the Court to evaluate the exhibits (the "Exhibits") because, viewed in their entirety, they do not support Plaintiff's case. Neither of Plaintiff's requests have any merit and both should be denied.  Notably, all but one of the Exhibits are cited and/or quoted by Plaintiff in its own Amended Complaint.  Plaintiff devotes a significant portion of its Motion to attempting to muddy the applicable and simple legal standards that govern its Motion.  But the standards are clear and simple.  And applying those standards makes clear that twenty-two of the twenty-three Exhibits are either cited or quoted in and incorporated by reference in the Amended Complaint, and eight of the twenty-three Exhibits are SEC filings that are public filings properly subject to judicial notice.

Simply put, the Court may properly consider these Exhibits when it decides the MTD.  And to the extent the Court believes there is reason to grant the Motion or any part thereof (which, Defendants respectfully submit, it should not), Defendants respectfully submit that they should have an opportunity to amend its MTD.

For the reasons set forth below, the Motion should be denied in its entirety and the Court should consider all of the Exhibits when ruling on the MTD the Amended Complaint.

## THE EXHIBITS

With a broad brush, Plaintiff challenges *all* the exhibits accompanying Defendants' MTD without any explanation as to why specific documents Plaintiff itself cited and quoted in its

Amended Complaint should not be considered by the Court.  All of these Exhibits (excluding

Exhibit 9) were quoted or cited in the Amended Complaint as follows:

| Exhibit and Description | Quoted or Cited in Paragraph(s) in Amended Complaint |
| --- | --- |
| Ex. 1 - September 19, 2016 Press Release | ¶¶ 28, 85 |
| Ex. 2 - March 30, 2018, 2017 10-K | ¶¶ 36, 52, 77, 79, 86, 96, 101 |
| Ex. 3 - June 5, 2017 Press Release | ¶ 29 |
| Ex. 4 - August 14, 2017 Press Release | ¶ 52 |
| Ex. 5 - August 27, 2018 Press Release | ¶ 31 |
| Ex. 6 - November 14, 2018 Press Release | ¶¶ 13, 75, 110, 121 |
| Ex. 7 - February 1, 2017 Press Release | ¶¶ 29, 36, 85 |
| Ex. 8 - April 1, 2019, 2018 10-K | ¶¶ 80, 92, 100, 102 |
| Ex. 10 - February 2, 2017 Press Release | ¶¶ 29, 38 |
| Ex. 11 - March 31, 2017 Earnings Call Transcript | ¶¶ 47-48 |
| Ex. 12 - May 15, 2017 Earnings Call Transcript | ¶¶ 49-50 |
| Ex. 13 - November 13, 2017 Press Release | ¶¶ 54-55, 88 |
| Ex. 14 - March 31, 2017 Press Release | ¶ 55 |
| Ex. 15 - March 31, 2017, 2016 10-K | ¶ 99 |
| Ex. 16 - January 16, 2018 Press Release | ¶¶ 3, 6, 9, 57 |
| Ex. 17 - February 23, 2018 Press Release | ¶¶ 7, 62, 119 |
| Ex. 18 - August 13, 2018, 2Q 2018 10-Q | ¶¶ 68-70 |
| Ex. 19 - August 13, 2018 Earnings Call Transcript | ¶¶ 70-71 |

| Exhibit and Description | Quoted or Cited in Paragraph(s) in Amended Complaint |
|---|---|
| Ex. 20 - December 14, 2018, 2017 10-K/A | ¶¶ 79, 96 |
| Ex. 21 - January 2, 2018 Press Release | ¶ 64 |
| Ex. 22 - February 22, 2018 8-K | ¶ 59 |
| Ex. 23 - August 28, 2018, 2017 10-K/A | ¶¶ 72, 79, 80 |

## ARGUMENT

### A.    Legal Standard

#### 1.    Motions to Strike Are Disfavored.[1]

"Motions to strike are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute." *Lighthouse Fin. Grp. v. Royal Bank of Scotland Grp., PLC*, 902 F. Supp. 2d 329, 349 n.15 (S.D.N.Y. 2012) (Daniels, J.) (denying motion to strike material submitted with motion to dismiss) (citation and alteration omitted); *Trs. of Local 8A-28A Welfare Fund v. Am. Grp. Admin'rs*, No. 14-CV-1088 (RRM)(PK), 2017 WL 3700899, at *1 (E.D.N.Y. Aug. 25, 2017) ("Motions to strike are held to a high standard, as they are 'generally disfavor[ed],'" and "[c]ourts use 'a scalpel, not a butcher knife' in resolving such motions." (second alteration added)); *Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, No. 05-776 (DRH)(AKT), 2007 WL 2728898, at *1 (E.D.N.Y. Sept. 14, 2007) ("The party moving to strike

---

[1]    The Motion should be denied as procedurally improper.  Federal Rule of Civil Procedure 12(f) governing motions to strike allows a court to "strike from a ***pleading . . .*** any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f) (emphasis added).  Courts in this district routinely decline to strike documents other than pleadings under Rule 12(f).  *See, e.g.*, *Columbia Cas. Co. v. Neighborhood Risk Mgmt. Corp.*, No. 14-cv-0048 (AJN), 2015 WL 3999192, at *5 (S.D.N.Y. June 29, 2015) ("[A] motion to dismiss is not a pleading, and therefore not subject to a Rule 12(f) motion to strike."); *In re Bear Stearns Cos. Sec., Deriv., & ERISA Litig.*, 763 F. Supp. 2d 423, 581 (S.D.N.Y. 2011).  The Motion is nothing more than an inappropriate attempt to strike documents (and not pleadings) and should be denied for this reason alone.

bears a heavy burden" and the court should strike only those exhibits deemed as improper).  Courts describe these motions as "time wasters."  *Carmona v. Spanish Broad. Sys., Inc.*, No. 08 Civ. 4475 (LAK), 2009 U.S. Dist. LEXIS 26479, at *30 (S.D.N.Y. Mar. 30, 2009).  If a court concludes that material is not properly before it in connection with its consideration of a motion, the "proper remedy" is to ignore it.  *Burns v. Bank of Am.*, No. 03 Civ. 1685 (RMB)(JCF), 2007 U.S. Dist. LEXIS 40037, at *37 (S.D.N.Y. June 4, 2007) (denying motion to strike portions of briefing because material at issue was not a "pleading"); *see also Lighthouse Fin. Grp.*, 902 F. Supp. 2d at 349 n.15.

### 2.    Courts Can Properly Consider a Wide Array of Documents When Deciding Whether to Dismiss Claims Brought Under the Federal Securities Laws.

Courts deciding a motion to dismiss securities fraud claims may consider a broad number of documents, including:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents that are "integral" to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the [SEC], and (5) facts of which judicial notice may properly be taken under [Fed. R. Evid.] 201.

*In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003), *aff'd on other grounds by Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161 (2d Cir. 2005); *see also Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).

A court deciding a motion to dismiss securities fraud claims may also consider documents that allow it to analyze whether the complaint, taken as a whole, supports an inference of scienter. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323-24 (2007) ("The strength of an inference cannot be decided in a vacuum. . . . To determine whether the plaintiff has alleged facts

that give rise to the requisite 'strong inference' of scienter, a court must consider plausible nonculpable explanations for the defendant's conduct . . . ."). Courts may consider documents even if they are not referenced in a complaint. *See, e.g.*, *Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of Commerce*, 694 F. Supp. 2d 287, 297 n.2 (S.D.N.Y. 2010) (considering 21 exhibits "referenced in Defendants' motion to dismiss which were not referenced in the Complaint" to the "extent that they inform the competing inference analysis required by *Tellabs*"); *In re Bausch & Lomb, Inc. Sec. Litig.*, 592 F. Supp. 2d 323, 338-39 (W.D.N.Y. 2008) (considering transcript complaint did not reference "to show inferences of defendants' non-culpable conduct"). Simply put, in a securities fraud case, Plaintiff must address the documents Defendants submitted to the Court to challenge the sufficiency of Plaintiff's allegations.

3. **When Deciding a Motion to Dismiss, Courts May Consider All Documents Attached to the Complaint as Exhibits, Documents Incorporated by Reference into the Complaint, or Documents that Are Integral to the Complaint.**

The Amended Complaint "make[s] a clear, definite and substantial reference" to the Exhibits, and thus the Court can properly consider them when deciding the MTD. *In re PetroChina Co. Ltd. Sec. Litig.*, 120 F. Supp. 3d 340, 354 (S.D.N.Y. 2015). In *PetroChina*, the court found that PetroChina's annual reports were incorporated by reference because they were "cite[d] and primarily relie[d] on" by the complaint, that company announcements were incorporated by reference because they were "cite[d]" in the complaint, historical data containing the daily closing share price was "reference[d]" in a paragraph of the complaint, and a news article was incorporated by reference because it was "cited by the [complaint]." *Id.* at 354. The only documents the court found were not incorporated by reference were "neither reference[d] nor relie[d] on" by the complaint. *Id.* at 354 n.14.

Plaintiff relies on *Goel v. Bunche Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016), to claim their purported use of "'limited quotations' from the document[s] is not enough" for these documents to be considered incorporated by reference into the Amended Complaint. Mtn. at 4, 11. *Goel*, however, did not involve a securities fraud action in which the heightened PSLRA standard applies and thus is simply inapplicable here. Moreover, *Goel* can be distinguished from the facts here because the documents at issue were deposition testimony and an affidavit from another lawsuit. While the complaint referred to "sworn testimony," the court in *Goel* found that it did not "so heavily rely on the terms and effect of [plaintiff's] testimony" as to be deemed integral to the complaint. 820 F.3d at 560. Simply put, the *Goel* holding does not square with the facts of this case or with precedent in securities fraud actions. *See PetroChina*, 120 F. Supp. 3d at 354; *Pehlivanian v. China Gerui Advanced Materials Grp.*, *Ltd.*, 153 F. Supp. 3d 628, 643 (S.D.N.Y. 2015) (finding that where a "[c]omplaint cites and relies on almost all of the attached documents [to motion to dismiss] . . . the [c]omplaint incorporates these documents by reference and the Court will consider them in deciding" a motion to dismiss).

Additionally, in a securities fraud case, case law is abundantly clear that "[w]here the complaint cites or quotes from excerpts of a document, the court may consider other parts of the same document submitted by the parties on a motion to dismiss." *In re Bernard L. Madoff Inv. Sec. LLC*, No. 08-99000 (SMB), 2015 WL 4734749, at *11 (Bankr. S.D.N.Y. Aug. 11, 2015) (citing *131 Main St. Assocs. v. Manko*, 897 F. Supp. 1507, 1532 n.23 (S.D.N.Y. 2010)); *see also San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos.*, 75 F.3d 801, 809 (2d Cir. 1996) (holding "that the District Court was entitled to consider the full text of those documents [partially quoted in the Complaint but considered integral] in ruling on the motion to dismiss"). Further, "[e]ven where a document is not incorporated by reference, the court may

nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Cortec*, 949 F.2d at 47-48.

Courts apply these principles to prevent plaintiffs from "generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting." *Global Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (noting that Plaintiffs usually fail to attach such documents where "the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim"). "This principle has its greatest applicability in cases alleging fraud" and, where a complaint alleges defendants failed to disclose certain facts in its SEC filings, a court may "examine the document to see whether or not those facts were disclosed." *Roth*, 489 F.3d at 509. Applying these standards here makes clear that the Motion must be dismissed and Defendants' MTD should be granted.

### 4. The Court Can Take Judicial Notice of the Exhibits.

Under Fed. R. Evid. 201(b), a court may take judicial notice of a fact that "is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." In *Tellabs*, the Supreme Court emphasized the importance of judicial notice in securities fraud cases and held that "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, . . . matters of which a court may take judicial notice." 551 U.S. at 322. *Tellabs* makes clear that the Court may consider all judicially noticeable facts in weighing inferences, as the PSLRA requires. *See Bausch & Lomb*, 592 F. Supp. 2d at 338-39 (taking judicial notice of exhibits

to evaluate whether defendants' competing inferences as to scienter were more cogent and compelling than plaintiff's inferences).

In keeping with these principles, courts routinely take judicial notice of SEC filings "when faced with a motion to dismiss a securities action based on allegations of material misrepresentations or omissions" because they are "the very documents that are alleged to contain the various misrepresentations or omissions and are relevant not to prove the truth of their contents but only to determine what the documents stated." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773-74 (2d Cir. 1991) (taking judicial notice of publicly available SEC filings and affirming dismissal of securities fraud action); *see Salinger v. Projectavision, Inc.*, 934 F. Supp. 1402, 1405 (S.D.N.Y. 1996) ("Although it is true that these SEC filings were not referenced in the complaint, they are required public disclosure and therefore properly considered on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).").

**B.      The Court Can Properly Consider the Exhibits When Considering Defendants' Motion to Dismiss.**

**1.      22 of the 23 Exhibits Are Incorporated into and Integral to the Amended Complaint.**

22 of the 23 Exhibits are integral to the Amended Complaint because it "relies heavily upon [their] terms and effect[s]." *See Mangiafico*, 471 F.3d at 398; *Guzman v. Hecht*, No. 18cv3947(DLC), 2019 U.S. Dist. LEXIS 48193, at *10 (S.D.N.Y. Mar. 22, 2019) ("A court may consider 'documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit.'" (internal citations omitted)).  For example, Plaintiff refers to Ideanomics's 8-K filing noticing the firing of its auditor, Grant Thornton, to plead scienter—a necessary element of its *prima facie* case.  Am. Compl. ¶¶ 59, 89 ("[T]he Company's abrupt dismissal of Grant

8

Thornton adds to the inference that Defendants were aware that their statements regarding the Company-wide 2017 guidance and omission of SVG and WAG's 2016 revenues and unprofitability were false and/or misleading."). But Plaintiff misleads the Court by hiding that this 8-K contains a certification from Grant Thornton to the SEC that directly rebuts Plaintiff's scienter argument. *See* Mtn. Ex. 22. As the Court found in *City of Brockton Ret. Sys. v. Shaw Grp, Inc.*, 540 F. Supp. 2d 464, 474-75 (S.D.N.Y. 2008), given the auditors' letter confirming no disagreements with the issuer "no inference of fraud or scienter can be drawn from [the auditor's] resignation in this case."

Plaintiff also relies upon statements in Ideanomics's press releases, earnings call transcripts, and SEC filings to allege that the Company made material misrepresentations and/or omissions relating to its revenue guidance and the alleged integration of blockchain. *Id.* ¶¶ 41-58, 64-71. But Plaintiff selectively and misleadingly quotes from these documents in an attempt to plead its case. *Compare* Mtn. Ex. 19 at 2 (providing that "supplier chain finance services business [ ] is a key driver of our current and rapid top line revenue growth") *with* Opp'n at 6, 15 (arguing that Tradetech, which involves the use of blockchain was "a key driver of [ ] current and rapid topline revenue growth."). It is appropriate for a court to consider documents that "directly impact[] the *prima facie* case." *See In re Pfeifer*, No. 12-13852 (ALG), 2013 WL 5746125, at *5 (Bankr. S.D.N.Y. Oct. 23, 2013)[2]; *see Kuriakose v. Fed. Home Loan Mortg. Corp.*, No. 08 Civ.

---

[2]     Plaintiff cites *In re Pfiefer*, No. 12-13852 (ALG), 2013 WL 5746125 (Bankr. S.D.N.Y. Oct. 23, 2013), but it is inapposite to the facts here. First, the action did not involve a securities fraud claim under the PSLRA. Second, defendants there sought to have the court consider (1) memoranda during a two-year period from 1997 to 1999, and (2) correspondence between plaintiff and his advisors. *Id.* at *4-5. Neither of these two documents were specifically referenced in the complaint and were instead referenced in only "vague and cursory language." *Id.* at *4. Here, in contrast, Plaintiff relied upon, repeatedly cited to, and liberally quoted from the SEC filings, press releases, and the earnings call transcripts to prepare the Amended Complaint.

7281 (JFK), 2011 U.S. Dist. LEXIS 34285, at *26 (S.D.N.Y. Mar. 30, 2011) ("The Amended Complaint alleges that Freddie Mac made various misrepresentations in its November 2007 Financial Report. . . . The November 2007 Financial Report is therefore 'integral' to the Amended Complaint, and the Court will consider the entire document . . . ."); *In re Parmalat Sec. Litig.*, 376 F. Supp. 2d 472, 483 n.31 (S.D.N.Y. 2005) ("The complaint purports to quote from the press release, the contents of which are integral to the allegations against Citigroup under Rule 10b-5(b). The Court therefore has consulted and quotes from the complete copy submitted by Citigroup.").

As set forth above, 22 of 23 of the Exhibits are incorporated by reference because Plaintiff liberally quotes from and heavily *relies* on them to allege that Defendants purportedly made materially false statements and/or omissions. *See PetroChina*, 120 F. Supp. 3d at 354-56; *Pehlivanian*, 153 F. Supp. 3d at 643 (incorporating by reference and considering transcripts of earnings calls, press releases, and annual financial reports where plaintiff heavily cited and quoted them throughout the complaint); *In re Merrill Lynch Ltd. P'ships Litig.*, 7 F. Supp. 2d 256, 262 (S.D.N.Y. 1997) (finding that the company's annual reports and prospectuses filed with the SEC were integral to the complaint where the "complaint relies heavily on and quotes from the annual reports to show that defendants concealed the fraud").

Plaintiff argues incorrectly that the Amended Complaint's "limited quotations" are insufficient to incorporate these documents by reference. *See* Mtn. at 11. This argument should be rejected because the principles set forth in *Goel* are inapplicable to securities fraud cases. Indeed, even if Plaintiff had "quoted from [them] sparingly," these filings "can be considered in [their] entirety" because the Amended Complaint asserts that these filings contain actionable misrepresentations and omissions. *See In re Flag Telecom Holdings, LTD. Sec. Litig.*, 308 F. Supp. 2d 249, 254 (S.D.N.Y. 2004) (finding defendant's prospectus statement integral to plaintiff's

§11 and §10(b) claims and considering the prospectus in granting the motion to dismiss); *Lucescu v. Zafirovski*, No. 09cv4691 (DLC), 2018 U.S. Dist. LEXIS 61580, at *1 n.1 (S.D.N.Y. Apr. 11, 2018) (finding documents, including SEC filings and company press releases, that were "selectively quote[d]" in the complaint to be incorporated by reference where the complaint relied on these statements to allege material misrepresentations and omissions made by defendants).

Moreover, Plaintiff's claims are factually inaccurate. The Amended Complaint is replete with (cherry-picked and lengthy) quotations from 22 of 23 of the Exhibits. For example, the Amended Complaint repeatedly cites to the Company's 10-K filings, but fails to acknowledge that each of these filings contained explicit warnings that the Company was in the middle of expanding and transforming its business, and that this transformation would "put added pressure on our management and operating infrastructure, impeding our ability to meet any potential increased demand for our services and possibly hurting our future operating results." Ex. 15 at 13; *see also* Reply Ex. C at 14 (same); Reply Ex. D at 15 (same); Reply Ex. E at 19 (same); Reply Ex. F at 21 (same); and Reply Ex. G at 47 (same).[3] Because, among other things, these Exhibits were quoted throughout the Amended Complaint, the Court can properly consider them in deciding Plaintiff's MTD. *See Powell v. Ocwen Fin. Corp.*, 18-CV-1951 (VSB), 2019 U.S. Dist. LEXIS 42784, at *25 (S.D.N.Y. Mar. 15, 2019) ("[L]engthy quotations from[] an outside document have been considered sufficiently substantial to incorporate the document into the complaint by reference." (citations omitted)).

---

[3] For the reasons set forth in Defendants' Reply Brief in Support of Defendants' Motion to Dismiss, the Court may consider these exhibits in ruling on the Motion. Reply at 2 n.2.

In short, Plaintiff should not be permitted to do what it so clearly wants to do—to strike the inconvenient portions of documents so the Court considers only Plaintiff's cherry-picked quotes and inaccurate descriptions. That Plaintiff even asks this Court to strike portions of documents upon which it so plainly relied highlights that the Amended Complaint is deeply and fatally flawed.

2.      **The Court May Take Judicial Notice of All of the SEC Filings.[4]**

As explained above, courts routinely take judicial notice of documents in securities fraud cases because considering such documents is necessary to evaluate competing inferences relating to scienter. *See* Section A(2), *supra*. And courts routinely take judicial notice of securities filings because they are public disclosures filed under penalty of perjury and are facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See, e.g.*, *Kramer*, 937 F.2d at 774 (quoting Fed. R. Evid. 201). Courts apply this standard to avoid allowing complaints that quote only selected and misleading portions of SEC filings to survive "even though they would be doomed to failure." *See id.* Courts take judicial notice of SEC filings and investor call transcripts for a non-hearsay purpose, such as to demonstrate the fact of their disclosure. *Gagnon v. Alkermes PLC*, 368 F. Supp. 3d 750, 764 (S.D.N.Y. 2019) (considering SEC filings to demonstrate the facts of defendants' public disclosures).

These standards make clear that the Court can take judicial notice of the SEC Filings, including Exhibit 9, to demonstrate the facts of Defendants' public disclosures and to evaluate the

---

[4]      Plaintiff makes much of Defendants' alleged failure to file a formal motion asking the Court to take judicial notice. Defendants, who did ask the Court to take judicial notice of the SEC filings (Mtn. at 3 n.1) are not required to file any formal motion or even make any request at all. Indeed, it is well recognized that, under the Federal Rules of Evidence, the Court can "take judicial notice on its own" when facts are "not subject to reasonable dispute . . . at any stage of the proceeding[s]." Fed. R. Evid. 201. The Court can properly take judicial notice of the SEC filings.

competing inferences of scienter that the parties ask the Court to decide.  And although it was not

cited in the Amended Complaint, the Court can also take judicial notice of Exhibit 9[5] (2015 10-K)

to demonstrate notice to investors of the Company's historical revenue numbers.  *See Salinger v.*

*Projectavision, Inc.*, 934 F. Supp. 1402, 1405 (S.D.N.Y. 1996) ("Although it is true that these SEC

filings were not referenced in the complaint, they are required public disclosure and therefore

properly considered on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).").

## C.      The Court Can Properly Consider the Exhibits Even Where They Contradict the Amended Complaint.

Plaintiff contends that "even when a plaintiff's legal claims are based on a document, the

document cannot be used on a motion to dismiss merely to create an 'affirmative defense' to the

plaintiff's well-plead allegations."  Mtn. at 5.  Plaintiff misstates the law.

Defendants have not relied on the Exhibits to fashion an "affirmative defense," as Plaintiff

contends.  Instead, Defendants rely only on the black letter principle that "[w]hile a court must

generally accept a plaintiff's factual allegations as true in evaluating a motion to dismiss, it 'need

not accept as true allegations in a complaint that contradict or are inconsistent with judicially-

noticed facts.'"  *Becker v. Cephalon, Inc.*, No. 14 Civ. 3864 (NSR), 2015 WL 5472311, at *5

(S.D.N.Y. Sept. 15, 2015); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995)

(affirming dismissal where "attenuated allegations" were "contradicted . . . by facts of which [the

court] may take judicial notice"); *Ferguson v. Ruane Cunniff & Goldfarb Inc.*, No. 17-cv-

6685(ALC), 2019 U.S. Dist. LEXIS 160112, at *27-28 (S.D.N.Y. Sept. 18, 2019) (recognizing

that "[w]here . . . documents properly considered on a motion to dismiss contradict the pleadings,

---

[5]      In any event, whether the Court takes judicial notice of Exhibit 9 is not dispositive for purposes of Defendants' MTD.

the Court need not accept those pleadings as true" when considering performance data of investment options submitted by the defendants that contradicted plaintiff's allegations); *Rieger v. Drabinsky (In re Livent, Inc. Noteholders Sec. Litig.)*, 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001) ("[A] court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted . . . by documents upon which its pleadings rely, or by facts of which the court may take judicial notice.").

Applying these principles here makes clear that this Court need not accept the Amended Complaint as true where it is contradicted by the Exhibits. To allow otherwise would encourage plaintiffs to, as Plaintiff has here, cherry-pick portions of documents to assert and maintain claims that are ultimately doomed to fail. Courts adhere to the incorporation by reference doctrine to avoid this very outcome. Under the principles articulated under *Hirsch* and its progeny, to the extent that the Exhibits directly contradict plaintiff's allegations, the Court is not required to and should not ignore contradictions between the Amended Complaint and the Exhibits.[6]

---

[6]     As an example of one contradiction, Plaintiff's Opposition takes certain statements relating to certain of Defendants' businesses out of context. *See* Opp'n at 6 ("'TradeTech[,]which involves the use of blockchain' was 'a key driver of our current and rapid topline revenue growth.'" (emphasis removed)). The full quote, however, shows that the Company's supplier chain finance services business was the key driver of the Company's revenue growth— not blockchain. *See* Ex. 19 at 2 ("Product four is TradeTech, which involves the use of blockchain, active ledger, and index products to ramp up margin significantly in our supplier chain finance services business, which is a key driver of our current and rapid top line revenue growth.").

14

**D.**     **The Court Should Not Convert Defendants' MTD into a Motion for Summary Judgment and Allow Plaintiff to Take Discovery.**

Plaintiff argues that, as an alternative to granting the Motion, the Court should convert Defendants' motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 56 and allow Plaintiff to take discovery.  The Court should deny Plaintiff's request.

As the Second Circuit has pronounced, "the problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff that they may be so considered; it is for that reason – requiring notice so that the party against whom the motion to dismiss is made may respond – that Rule 12(b)(6) motions are ordinarily converted into summary judgment motions." *Cortec*, 949 F.2d at 48.  Where the plaintiff has actual notice of the information cited in defendant's motion to dismiss and has relied upon these documents in drafting the complaint "the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." *Id.*  Here, except for Exhibit 9 (2015 10-K), *all* of the Exhibits were incorporated by reference into the Amended Complaint.  Plaintiff cannot credibly argue a lack of sufficient notice when a review of the Amended Complaint makes clear Plaintiff possessed and relied upon these documents to draft the Amended Complaint.

In all events, should the Court find that it may not consider the Exhibits when considering the MTD, it may simply disregard them and decline to convert the MTD into a motion for summary judgment.  *Beautiful Jewellers Private Ltd. v. Tiffany & Co.*, No. 06 Civ. 3085(KMW), 2007 WL 867202, at *1 (S.D.N.Y. Mar. 21, 2007) (while defendant improperly submitted extrinsic evidence that was not included in, or integral to, the complaint, "[c]onversion is inappropriate at this stage because no discovery has yet occurred. . . .  The Court therefore will not consider these materials in deciding the motion"); *Giant Grp. Ltd. v. Sands*, 142 F. Supp. 2d 503, 506 (S.D.N.Y. 2001)

15

("Even where additional materials are submitted by one party, a trial court should not transform a 12(b)(6) motion into a summary judgment motion where, as here, the motion has been filed in lieu of an answer, and the parties have neither completed discovery nor formally requested that the motion be converted."); *see also Mangiafico*, 471 F.3d at 398 ("When 'the court simply refers to supplementary materials, but does not rely on them or use them as a basis for its decision, the 12(b)(6) motion is not converted into a motion for summary judgment.'" (internal citations omitted)).

**CONCLUSION**

For the foregoing reasons,[7] Defendants respectfully request that the Court deny Plaintiff's Motion and grant such other relief as it deems just and proper.

---

[7]     Defendants also incorporate by reference the arguments set forth in Defendant Tovar's Opposition to Plaintiff's Motion and respectfully request that the Court consider the arguments set forth therein when ruling on the Motion.

Dated:  April 1, 2020

Respectfully submitted,

**VENABLE LLP**

By:    /s/ George Kostolampros
       George Kostolampros
       600 Massachusetts Avenue NW
       Washington DC  20001
       Tel.: (202) 344-4426
       Fax: (202) 344-8300

       - and -

       Xochitl S. Strohbehn
       Dakota L. Kann
       1290 Avenue of the Americas
       Twentieth Floor
       New York, New York 10104
       Tel.:  (212) 307-5500
       Fax:  (212) 307-5598

       *Attorneys for Defendants Ideanomics, Inc.,*
       *Bruno Wu, Bing Yang, and Robert Benya*

17