## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAYSUKH RUDANI, Individually And On Behalf Of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>IDEANOMICS, INC. f/k/a SEVEN STARS CLOUD GROUP, INC. f/k/a WECAST NETWORK, INC., ZHENG WU a/k/a BRUNO WU, BING YANG, ROBERT BENYA, and FEDERICO TOVAR<br><br>      Defendants. | No: 1:19-cv-06741-GBD |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE EXTRINSIC EVIDENCE AND RELATED ARGUMENTS THAT DEFENDANTS IDEANOMICS, INC., BRUNO WU, BING YANG, AND ROBERT <u>BENYA SUBMITTED WITH THEIR MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................... 1

LEGAL STANDARDS ............................................................................................. 2

ARGUMENT ............................................................................................................. 4

I.    DEFENDANTS' CURSORY REQUEST FOR CONSIDERATION OF THEIR
      EXTRINSIC EVIDENCE WAIVED ANY RIGHTS THEY MAY HAVE HAD............. 4

II.   THE COURT SHOULD STRIKE DEFENDANTS' IMPROPERLY SUBMITTED
      EXHIBITS AND ALL RELATED ARGUMENTS ........................................................ 6

      A.    SEC Filings ............................................................................................ 6

      B.    Press Releases ....................................................................................... 8

      C.    Transcripts............................................................................................. 8

III.  PLAINTIFF'S MOTION TO STRIKE IS PROCEDURALLY PROPER ........................ 9

CONCLUSION......................................................................................................... 10

**TABLE OF AUTHORITIES**

**Cases**                                                                                             **Page(s)**

*Abraham v. Town of Huntington*,
   2018 WL 2304779 (E.D.N.Y. May 21, 2018) ..........................................................................9

*In re Bausch & Lomb, Inc. Sec. Litig.*,
   592 F. Supp. 2d 323 (W.D.N.Y. 2008) .................................................................................10

*Cortec Indus., Inc. v. Sum Holding L.P.*,
   949 F.2d 42 (2d Cir. 1991)...................................................................................................6

*DiFolco v. MSNBC Cable L.L.C.*,
   622 F.3d 104 (2d Cir. 2010)..................................................................................................2

*ECA, Local 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*,
   553 F.3d 187 (2d Cir. 2009) ...............................................................................................10

*In re ECOtality, Inc. Sec. Litig.*,
   2014 WL 4634280 (N.D. Cal. Sept. 16, 2014) ....................................................................10

*First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*,
   218 F.Supp.2d 369 (S.D.N.Y.2002).......................................................................................4

*Glob. Network Commc'ns., Inc. v. City of New York*,
   458 F.3d 150 (2d Cir. 2006)..............................................................................................2, 7

*Goel v. Bunge, Ltd.*,
   820 F.3d 554 (2d Cir. 2016)..............................................................................................5, 6

*Gortat v. Capala Bros., Inc.*,
   2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010) ........................................................................4

*Guzman v. Hecht*,
   2019 WL 1315888 (S.D.N.Y. Mar. 22, 2019) .......................................................................6

*In Wolters Kluwer Fin. Servs. Inc. v. Scivantage*,
   2007 WL 1098714 (S.D.N.Y. Apr. 12, 2007).........................................................................2

*JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*,
   412 F.3d 418 (2d Cir. 2005).................................................................................................5

*Kramer v. Time Warner Inc.*,
   937 F.2d 767 (2d Cir. 1991).............................................................................................3, 7

*In re Lehman Bros. Sec. and ERISA Litig.*,
   903 F. Supp. 2d 152 (S.D.N.Y. 2012)...................................................................................9

*Lynn v. McCormick*,
2017 WL 6507112 (S.D.N.Y. Dec. 18, 2017) ...........................................................3

*Mangiafico v. Blumenthal*,
471 F.3d 391 (2d Cir. 2006)....................................................................................6

*Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*,
2015 WL 4757601 (S.D.N.Y. Aug. 12, 2015)..........................................................9

*In re OSG Sec. Litig.*,
12 F. Supp. 3d 622 (S.D.N.Y. 2014).......................................................................4

*Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of
Commerce*,
694 F. Supp. 2d 287 (S.D.N.Y. 2010)...................................................................10

*Pugh v. Tribune Co.*,
521 F.3d 686 (7th Cir. 2008) ................................................................................10

*Roth v. Jennings*,
489 F.3d 499 (2d Cir. 2007)......................................................................... *passim*

*Salinger v. Projectavision, Inc.*,
934 F. Supp. 1402 (S.D.N.Y. 1996)........................................................................3

*In re Scholastic Sec. Litig.*,
1998 WL 560052 (S.D.N.Y. Sept. 1, 1998).............................................................9

*Slayton v. Am. Exp. Co.*,
604 F.3d 758 (2d Cir. 2010)....................................................................................7

*Staehr v. Hartford Fin. Servs. Grp.*,
547 F.3d 406 (2d Cir. 2008)....................................................................................8

*Sviridyuk v. BAC Home Loan Servicing, LP*,
2012 WL 174791 (D. Or. Jan. 20, 2012) ................................................................6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007)...........................................................................................1, 10

*Tera Grp., Inc. v. Citigroup, Inc.*,
2019 WL 3457242 (S.D.N.Y. July 30, 2019) ..........................................................8

*In re UBS AG Sec. Litig.*,
2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012).........................................................4

*United States v. Bryant*,
402 F. App'x 543 (2d Cir. 2010) .............................................................................3

*Wilson v. Merrill Lynch & Co.*,
    671 F.3d 120 (2d Cir. 2011)..................................................................................................3

**Statutes**

15 U.S.C. § 78u-5(c)(1)(A)(i) ...............................................................................................7

15 U.S.C. § 78u4(b) .............................................................................................................1

**Other Authorities**

21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and
    Procedure* (2d ed. 2005) ...................................................................................................7

Fed. R. Civ. P. 12(d) .........................................................................................................10

Fed. R. Civ. P. 56(d) .........................................................................................................10

Fed. R. Evid. 201 ................................................................................................................3

Fed. R. Evid. 201(b)............................................................................................................3

Fed. R. Evid. 801-02 ...........................................................................................................9

2-12 James Wm. Moore, *et al.*, *Moore's Federal Practice* (2015) ...................................3

Lead Plaintiff Jaysukh Rudani respectfully submits this reply memorandum of law in further support of his motion to strike the extrinsic evidence and related arguments that Defendants Ideanomics, Inc., Bruno Wu, Bing Yang, and Robert Benya submitted with their MTD (ECF Nos. 54-56).[1]

## INTRODUCTION

Congress enacted the Private Securities Litigation Reform Act of 1995 ("PSLRA") to achieve the "twin goals" of curbing frivolous litigation "while preserving investors' ability to recover on meritorious claims." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). To that end, Congress enacted certain procedural changes for securities fraud class actions that Congress believed struck an appropriate balance between these sometimes-conflicting goals. *See, e.g.*, 15 U.S.C. § 78u4(b) (adopting a heightened pleading standard for the elements of falsity and scienter).

In enacting the PSLRA, Congress did not change Rule 12(d) (governing the "RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS"), the Federal Rules of Evidence ("FRE")—including FRE 201 (governing judicial notice of adjudicative facts) and FRE 801-07 (governing the use of hearsay evidence)—or the rules governing incorporation by reference. Tellingly, Defendants cite no provision in the PSLRA to the contrary. Thus, even in securities fraud class actions, courts are precluded from considering extrinsic evidence on a motion to dismiss unless the evidence is subject to one of the two narrow exceptions that courts

---

[1]    Unless otherwise stated, Plaintiff uses the following conventions: (1) capitalized terms mean the same as they do in Plaintiff's Amended Securities Class Action Complaint ("AC"), ECF No. 41, its Table of Defined Terms and Abbreviations, AC at iii-iv, and the Motion To Strike the Extrinsic Evidence and Related Arguments That Defendants Submitted With Their Motion to Dismiss (ECF No. 55) ("MTS"); (2) all "¶__" references are to the AC; (3) all emphases are added to quotations and all internal citations, quotations, and footnotes are omitted; (4) references to "MTD Reply" are to Defendants' reply memorandum of law in support of their MTD (ECF No. 71); (5) references to "MTS Opp." are to Defendants' opposition to Plaintiff's MTS (ECF No. 73); and (6) references to Rules are to the Federal Rules of Civil Procedure.

traditionally recognized before the PSLRA's passage: incorporation by reference and judicial notice.

Notwithstanding these limitations—as well as those imposed by Rule 12(b)(6)—Defendants improperly attempt to create a factual counter-narrative by submitting 23 extrinsic documents attached to their motion to dismiss ("MTD") and an additional seven extrinsic documents with their MTD Reply.[2]  The Court is precluded from considering these materials and related arguments unless it converts Defendants' MTD into one for summary judgment and permits Plaintiff to conduct adequate discovery, as required by Rules 12(d) and 56(d).

## LEGAL STANDARDS

**IBR:**  Only documents—not information—can be deemed incorporated by reference ("IBR").[3]  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010); MTS at 3-5. Furthermore, a document is not automatically deemed IBR simply because it is referenced in a complaint.  *Glob. Network Commc'ns., Inc. v. City of New York*, 458 F.3d 150, 156-57 (2d Cir. 2006).  That is, documents are only IBR when (1) they are attached to the complaint or are expressly incorporated by reference or (2) the document is one "upon which [the complaint] *solely* relies and which is *integral to the complaint*[.]"  *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (original emphasis).  Plaintiff's mere notice or possession of a document is not enough.  *Glob. Network Commc'ns,* 458 F.3d at 156.  Plaintiff's complaint must make "a clear, definite and substantial reference to the documents . . . [m]erely mentioning a document in the

---

[2]    These seven new Exhibits (labeled as "Exs. A-G") are attached to the Decl. of Xochitl S. Strohbehn in Support of Defendants' MTD Reply (ECF No. 72).  *See* MTD Reply at 2 n.2.  Plaintiff objects to the inclusion of this new evidence.  *See In Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, 2007 WL 1098714, at *1 (S.D.N.Y. Apr. 12, 2007) (striking "evidence presented for the first time in reply" and declining to "consider it for purposes of ruling on the motion" because it is "improper to sandbag one's opponent by raising new matter in reply").  Plaintiff incorporates by reference the arguments set forth in his MTS and respectfully requests the Court consider the arguments set forth therein to strike these new Exhibits and related arguments.

[3]    Plaintiff refers to IBR and the integral document doctrine interchangeably herein, with the latter governing documents that are not expressly incorporated by reference into a complaint.  *See* MTS at 4 n.2.

2

complaint will not satisfy this standard; indeed, even offering limited quotation[s] from the document is not enough." *See Lynn v. McCormick*, 2017 WL 6507112, at \*3 (S.D.N.Y. Dec. 18, 2017) (citing *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016)).

**Judicial Notice:**  Only facts—not documents—are subject to judicial notice. *See* FRE 201; MTS at 5-8.  A court may only take judicial notice of adjudicative facts—*i.e.*, relevant facts—which are not subject to reasonable dispute because they (1) are generally known within the trial court's territorial jurisdiction ("Generally Known"); or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned ("Readily Determinable").  FRE 201(b); *see United States v. Bryant*, 402 F. App'x 543, 545 (2d Cir. 2010).

**Hearsay:**  Even when a document is IBR, the document may not be considered for a hearsay purpose.  *Roth*, 489 F.3d at 509.  Likewise, even documents that are judicially noticeable for a non-hearsay purpose, such as establishing the date a particular SEC filing was made, are not judicially noticeable for hearsay purposes, such as establishing the truth of statements made in the same filing.  *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (taking judicial notice of SEC filings "not to prove the truth of their contents but only to determine what the documents stated").[4]

**Rule 12(b)(6):**  A court deeming a document IBR or taking judicial notice of an adjudicative fact must still do so within the confines of Rule 12(b)(6), *see* 2-12 James Wm. Moore, *et al.*, *Moore's Federal Practice*, § 12.34[2] (2015), meaning that all well-pleaded factual allegations must be deemed true and all reasonable inferences must be drawn in the plaintiff's favor, s*ee Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011).

---

[4]    Defendants cite *Salinger v. Projectavision, Inc.*, 934 F. Supp. 1402, 1405 (S.D.N.Y. 1996) to argue that SEC filings may always be considered by the Court, but in that case no hearsay objection was made by a party or addressed by the court.

3

## ARGUMENT

**I.    DEFENDANTS' CURSORY REQUEST FOR CONSIDERATION OF THEIR EXTRINSIC EVIDENCE WAIVED ANY RIGHTS THEY MAY HAVE HAD**

In his opening brief, Plaintiff argued in Point I that Defendants waived any rights they may have had to introduce extrinsic evidence by failing—in their motion to dismiss briefing—to develop any such arguments relating to their Exhibits. *See* MTS at 9-10 (citing *City of Syracuse v. Onondaga Cty.*, 464 F.3d. 297, 308 (2d Cir. 2006)). In their opposition to Plaintiff's MTS, Defendants do not address this argument and therefore concede that, in their MTD briefing, they failed to explain how any of their Exhibits were incorporated by reference and/or contained adjudicative facts properly subject to judicial notice under FRE 201 because they are Generally Known or Readily Determinable.

A party's failure to address an argument in an opponent's brief amounts to a waiver and concession to that argument. *See, e.g., In re UBS AG Sec. Litig.*, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012) (holding that plaintiff "concede[d] through silence" an argument made by his opponent); *Gortat v. Capala Bros., Inc.,* 2010 WL 1423018, at *11 (E.D.N.Y. Apr. 9, 2010) (considering an argument not addressed in an opposition brief waived); *First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.,* 218 F.Supp.2d 369, 392–393 & n. 116 (S.D.N.Y.2002) (same). Plaintiff's MTS should therefore be granted.

Putting aside the fact aside that Defendants' arguments about their extrinsic evidence were due on Jan. 17, 2020, *see* ECF No. 38 at 2 (MTD Scheduling Order), Defendants improperly attempt to raise a brief's worth of new arguments in opposing Plaintiff's MTS, all of which they failed to make in their MTD. These new untimely arguments are likewise waived and are an independent basis for granting Plaintiff's MTS. *See In re OSG Sec. Litig.*, 12 F. Supp.

4

3d 622, 634 n.93 (S.D.N.Y. 2014); *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) (arguments not made in opening brief are waived).

Rather than filing a formal request for consideration of their extrinsic evidence which spelled out the precise legal basis Defendants believed the Court had to consider each Exhibit and identified the specific purpose for which each Exhibit should be considered, they elected to cite extrinsic evidence unsupported by any argument. Defendants' tactical decision forced Plaintiff into a position of having to guess what Defendants' arguments were—or worse yet, oppose every possible argument Plaintiff could think of on Defendants' behalf. To compound the quandary, Plaintiff would have to use his limited MTD briefing pages to do so unless he filed a separate motion to strike. For that matter, even in Defendants' newly-raised arguments, they fail to explain why each Exhibit is integral or which precise fact they want the Court to judicially notice, presumably because it will make clear when they are disputing facts or asking the Court to consider a documents for a hearsay purpose. Instead, Defendants provide a table that lists where the AC "quoted or cited" each of their Exhibits. *See* MTS Opp. at 2-3. Yet this table ***still*** does not explain why these documents are integral.[5] Nor does this table specify the adjudicative facts contained in each Exhibit.[6] Gamesmanship of this nature is abhorrent to Plaintiff's due process rights, and Defendants' documents and related arguments should be stricken.

---

[5]    Defendants incorrectly imply that 22 of their Exhibits contain "actionable misrepresentations and omissions" from the AC. *See* MTS Opp. at 10. This is not true. The citations in Defendants' own table shows that, at most, the AC cites to ***only seven*** of their Exhibits for false and/or misleading statements contained therein. *See* Exs. 7, 11, 12, 13, 16, 18, 19. Unlike Defendants' 16 other Exhibits, only these seven Exhibits contain the "obligations upon which the plaintiff's complaint stands or falls." *See Goel*, 820 F.3d at 559.

[6]    As Defendants' adjudicative facts remain unclear, their argument that courts "need not accept as true allegations in a complaint that contradict or are inconsistent ***with judicially noticed facts***" is unavailing. *See* MTS Opp. at 13 (citing *Becker v. Cephalon, Inc.*, 2015 WL 5472311, at *5 (S.D.N.Y. Sept. 15, 2015); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995)).

5

## II.    THE COURT SHOULD STRIKE DEFENDANTS' IMPROPERLY SUBMITTED EXHIBITS AND ALL RELATED ARGUMENTS

### A.    SEC Filings

**IBR:**  The Ideanomics SEC Filings attached as MTD Exs. 2, 8, 9, 15, 20, 22, 23 and MTD Reply Exs. A[7], C, D, E, F, G are not IBR because the AC does not allege that they contain false and/or misleading statements.  Accordingly, the AC could not have "***solely***"[8] relied on these Exhibits and therefore they are not integral to Plaintiff's claims.  *Roth*, 489 F.3d at 509; *Sviridyuk v. BAC Home Loan Servicing, LP*, 2012 WL 174791, at *2 (D. Or. Jan. 20, 2012) (stating that even a document that "may constitute important evidence going to the merits of [p]laintiff's claim . . . does not form the basis of [p]laintiff's claim as alleged[]").[9]  Only MTD Ex. 18—the Ideanomics 2Q 2018 10-Q—could be deemed IBR because it contains a statement alleged to be false.  *See* AC at ¶68.  In any event, the Court may not consider Ex. 18 for the truth of the matters asserted, *Roth*, 489 F.3d at 509, nor violate Rule 12(b)(6) to credit Defendants' interpretation of its language over Plaintiff's interpretation of its language.  *Compare* AC at ¶68 (emphasizing the word "currently")*, with* MTD at 9 (emphasizing the word "intent").

**Judicial Notice:**  Because it is not clear which adjudicative facts Defendants are asking the Court to decide in the jury's stead, judicial notice of these Exhibits is inappropriate.  MTS at

---

[7]      Defendants' MTD Reply Ex. A is a Form 8-K that purportedly includes the press release attached as MTD Ex. 7.  Only the press release, not the 8-K, was cited in the AC.  *See* AC at ¶¶41, 43.

[8]      Defendants' own Second Circuit authority suggests that the extrinsic document must be one upon which the complaint "***solely***" relies.  *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991), *Roth*, 489 F.3d at 509.  Much of Defendants' other (non-binding) authority incorrectly omits this requirement.  *Cf.* MTS Opp. at 5-7 (citing *In re PetroChina Co. Ltd. Sec. Litig.*, 120 F. Supp. 3d 340, 354 (S.D.N.Y. 2015); *In re Bernard L. Madoff Inv. Sec. LLC*, No. 08-99000 (SMB), 2015 WL 4734749, at *11 (Bankr. S.D.N.Y. Aug. 11, 2015)); MTS Opp. at 8-11. (citing *City of Brockton Ret. Sys. v. Shaw Grp. Inc.*, 540 F. Supp. 2d 464, 475 (S.D.N.Y. 2008); *Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*, 153 F. Supp. 3d 628, 643 (S.D.N.Y. 2015)).

[9]      Defendants' citations to *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) and *Guzman v. Hecht*, 2019 WL 1315888, at *3 (S.D.N.Y. Mar. 22, 2019) are unavailing because Defendants failed to show that the AC "relied heavily" on the "terms and effects" of their Exhibits.  *See* MTS Opp. at 8.  For instance, Defendants concede that the AC cited Ex. 15 (the Company's 2016 Annual Report) only once.  *See* MTS Opp. at 2 (citing AC at ¶99).  This "limited quotation" from Ex. 15—which the AC cited to establish Defendant Yang's work and educational history—is "not enough" to satisfy the integral standard.  *See Goel*, 820 F.3d at 559.

12-14.  Nevertheless, certain of the "facts" derived from these Exhibits are not subject to judicial notice because Defendants appear to offer them for two impermissible purposes, not to merely "demonstrate the facts of Defendants' public disclosure."  *See* MTS Opp. at 12.[10]

First, Defendants appear to cite to cautionary language in MTD Exs. 2, 9, 15 and MTD Reply Exs. C, D, E, F, and G to argue that the PSLRA Safe Harbor defeats Plaintiff's claims. *See* MTD at 5-7, 10-16; MTD Reply at 5-6.  The AC does not allege any false and/or misleading statements in these Exhibits however.  Consequently, the cautionary statements in these Exhibits is not relevant (and therefore cannot be adjudicative facts under Rule 201) because, under the PSLRA's safe harbor, cautionary language must be in the same document as the statements challenged as false and/or misleading.  *See* 15 U.S.C. § 78u-5(c)(1)(A)(i) (safe harbor applies only to forward looking statements "accompanied by meaningful cautionary" language); *Slayton v. Am. Exp. Co.*, 604 F.3d 758, 766 (2d Cir. 2010) (same).  Moreover, the alleged false and/or misleading statements at issue are not forward-looking and therefore this cautionary language is irrelevant for that additional reason.  *See* MTD Opp. at 8-16; 21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5104, at 156 (2d ed. 2005) ("An irrelevant fact could hardly be an adjudicative fact . . . ").

Second, Defendants appear to argue that the Court should take judicial notice of Exs. 2, 8, 20, 22 for various hearsay purposes.  *See* MTD at 4 (citing Ex. 2) ("[I]n August 2017, the Company made a strategic investment of $250,000 in the Delaware Board of Trade Holdings"); MTD at 13 (citing Exs. 8, 20) ("[T]he fact that the Company's consumer electronics and oil

---

[10]     Even though courts sometimes take judicial notice of public records, they do so only to determine what the records state—not to consider them for hearsay purposes or draw factual inferences against plaintiffs in violation of Rule 12(b)(6). Defendants' authority supports this.  *See e.g.*, *Glob. Network Commc'ns, Inc.*, 458 F.3d at 157 (declining to take judicial notice of prior testimony when it was "clear that the extraneous documents were used not to establish their existence but rather to provide the reasoned basis for the court's conclusion"); *Kramer*, 937 F.2d at 774 (taking judicial notice of SEC filings "not to prove the truth of their contents but only to determine what the documents stated").

trading business had revenues of over $140 million and a gross profit of over $7 million in 2017 and in 2018 had gross revenue of over $370 million and gross profit of $3.1 million"); MTD at 21 (citing Ex. 22) ("Grant Thornton's confirmation that since its engagement there have been no disagreements with the Company."). Unless these statements are assumed true, they are irrelevant to the claims, and therefore their contents are not adjudicative facts subject to judicial notice. *See Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008) (judicial notice of facts found in public documents is improper if the documents "were offered for the truth of the matter asserted."); *see also* MTS Opp. at 12 (citing *Gagnon v. Alkermes PLC*, 368 F. Supp. 3d 750, 764 (S.D.N.Y. 2019) (courts can take judicial notice for "non-hearsay purpose").

### B.      Press Releases

**IBR:** The Ideanomics press releases ("PRs") attached as MTD Exs. 1, 3, 4, 5, 6, 10, 13, 14, 17, 21 are not IBR because the AC does not allege that they contain false and/or misleading statements. Only Ex. 7 (Feb. 1, 2017 PR), Ex. 13 (Nov. 13, 2017 PR), and Ex. 16 (Jan. 16, 2018 PR) could be deemed IBR because they contain statements the AC alleges are false and/or misleading. *See* AC at ¶¶41, 43 (Ex. 7), ¶54 (Ex. 13), ¶57 (Ex. 16). In any event, the Court may not consider these press releases for the truth of the matters asserted, *Roth*, 489 F.3d at 509, especially given that Defendants are only offering them to make a "factual rebuttal," *Tera Grp., Inc. v. Citigroup, Inc.*, 2019 WL 3457242, at *18 (S.D.N.Y. July 30, 2019). *See* MTD at 5-7.

**Judicial Notice:** Defendants do not argue these Exhibits are subject to judicial notice.

### C.      Transcripts

**IBR:** MTD Exs. 1l, 12, 19, and MTD Reply Ex. B are documents published by various publishers that purport to transcribe conference calls in which certain defendants participated. These transcripts are not IBR because Plaintiff's claims are not based on the written statements made in these transcripts; they are based on ***oral*** statements made by Defendants during these

calls, AC at ¶¶47, 49, 66, 70. *See In re Scholastic Sec. Litig.*, 1998 WL 560052, at *2 (S.D.N.Y. Sept. 1, 1998) (declining to consider an unverified transcript of a conference call). In any event, the Court may not consider these documents because they are being offered for hearsay purposes, *i.e.*, to establish as true what the publishers state was said by each participant in the call. *See Roth*, 489 F.3d at 509 (documents deemed IBR may not be considered for hearsay purposes); *In re Lehman Bros. Sec. and ERISA Litig.*, 903 F. Supp. 2d 152, 168-69, 169 n.4 (S.D.N.Y. 2012) (same); FRE 801-02.

**Judicial Notice:** Defendants do not argue these Exhibits are subject to judicial notice.

## III.   PLAINTIFF'S MOTION TO STRIKE IS PROCEDURALLY PROPER

Defendants do not dispute that the Court may grant Plaintiff's MTS under Rule 12(d), FRE 201, and the Court's inherent authority—nor could they. *See* MTS Opp. at 3-4.[11] Courts routinely grant motions to strike at the motion to dismiss stage. *See, e.g.*, *Abraham v. Town of Huntington,* 2018 WL 2304779, at *3 (E.D.N.Y. May 21, 2018) (partially granting motion to strike filed under Rules 12(d)-(f) and stating "[f]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion[]"); *Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, 2015 WL 4757601, at *3 (S.D.N.Y. Aug. 12, 2015) ("[I]nherent authority includes the court's ability to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances.").

Defendants instead suggest that the rules of evidence regarding the standard for judicial notice and IBR are relaxed in securities cases because there is a heightened pleading standard. *See e.g.*, MTS Opp. at 5 (stating that "in a securities fraud case, Plaintiff must address the

---

[11]   As Defendants concede, *see* MTS at 3 n.1, nearly all of their cases concerning motions to strike only addressed Rule 12(f)—not Rule 12(d), FRE 201, or the Court's inherent authority.

documents Defendants submitted to the Court to challenge the sufficiency of Plaintiff's allegations."). This is false. Courts evaluating the sufficiency of a complaint subject to the PSLRA are constrained to examine "the complaint in its entirety, as well as other sources ***courts ordinarily* examine when ruling on Rule 12(b)(6) motions to dismiss**, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322. Indeed, *Tellabs* requires courts "consider both the inferences urged by the plaintiff and any competing inferences rationally drawn **from all the facts alleged**, taken collectively." *See ECA, Local 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009) (citing *Tellabs* at 2504, 2509); *see also* (*In re ECOtality, Inc. Sec. Litig.*, 2014 WL 4634280, at *4 (N.D. Cal. Sept. 16, 2014) ("*Tellabs* does not grant defendants an opportunity to provide competing evidence at the pleadings stage.").[12]

## CONCLUSION

For the foregoing reasons, as well as those argued in support of Plaintiff's motion to strike Defendants' extrinsic evidence and arguments, Plaintiff respectfully requests the Court strike all matters identified. Consideration of Defendants' Exhibits and related arguments is improper unless Defendants' MTD is converted into a motion for summary judgment and Plaintiff is allowed a reasonable opportunity to conduct discovery. *See* Rule 12(d), 56(d).

Dated: May 1, 2020                          Respectfully submitted,

                                            By: */s/ Richard W. Gonnello*
                                                 Richard W. Gonnello

                                            Richard W. Gonnello

---

[12] The court in *Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of Commerce*, 694 F. Supp. 2d 287, 297 n.2 (S.D.N.Y. 2010) considered extrinsic exhibits "to the limited extent that they inform the competing inference analysis required by *Tellabs*," but the court made no effort to explain its reasoning or which information the court actually used. The court in *In re Bausch & Lomb, Inc. Sec. Litig.*, 592 F. Supp. 2d 323, 338-39 (W.D.N.Y. 2008) similarly made no effort to explain its conclusion regarding *Tellabs* except to cite *Pugh v. Tribune Co.*, 521 F.3d 686, 695 (7th Cir. 2008), which did not address extrinsic evidence.

10

Sherief Morsy
Dillon Hagius
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: rgonnello@faruqilaw.com
        smorsy@faruqilaw.com
        dhagius@faruqilaw.com

*Attorneys for Lead Plaintiff Jaysukh Rudani*

11