**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAYSUKH RUDANI, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IDEANOMICS, INC. f/k/a SEVEN STARS CLOUD GROUP, INC. f/k/a WECAST NETWORK, INC., ZHENG WU a/k/a BRUNO WU, BING YANG, ROBERT BENYA, and FEDERICO TOVAR<br><br>Defendants. | No: 1:19-cv-06741-GBD |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE EXTRINSIC EVIDENCE AND RELATED ARGUMENTS THAT DEFENDANT FEDERICO TOVAR SUBMITTED WITH HIS MOTION TO DISMISS**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................... 1

LEGAL STANDARDS ............................................................................................................ 2

ARGUMENT ........................................................................................................................... 3

I.    TOVAR'S CURSORY REQUEST FOR CONSIDERATION OF HIS EXTRINSIC
      EVIDENCE WAIVED ANY RIGHTS HE MAY HAVE HAD ....................................... 3

II.   THE COURT SHOULD STRIKE TOVAR'S IMPROPERLY SUBMITTED
      EXHIBITS AND ALL RELATED ARGUMENTS ........................................................... 5

      A.    MTD Ex 1: 2Q 2018 10-Q ..................................................................................... 5

      B.    MTD Ex. 2: August 13, 2018 Seeking Alpha Transcript ...................................... 7

      C.    MTD Ex. 3: Third 2017 10-K ................................................................................ 8

CONCLUSION ........................................................................................................................ 9

## TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

*In re Bausch & Lomb, Inc. Sec. Litig.*,
    592 F. Supp. 2d 323 (W.D.N.Y. 2008)................................................................................8

*Bldg. & Constr. Trades Council of Buffalo v. Downtown Dev., Inc.*,
    448 F.3d 138 (2d Cir. 2006)..............................................................................................8

*Chapman Univ. v. Atl. Richfield Co.*,
    2013 WL 3946117 (C.D. Cal. July 30, 2013).....................................................................7

*Cortec Indus., Inc. v. Sum Holding L.P.*,
    949 F.2d 42 (2d Cir. 1991)................................................................................................8

*DiFolco v. MSNBC Cable L.L.C.*,
    622 F.3d 104 (2d Cir. 2010)..............................................................................................2

*First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*,
    218 F. Supp. 2d 369 (S.D.N.Y.2002)................................................................................4

*Gagnon v. Alkermes PLC*,
    368 F. Supp. 3d 750 (S.D.N.Y. 2019)...............................................................................3

*Glob. Network Commc'ns., Inc. v. City of New York*,
    458 F.3d 150 (2d Cir. 2006)...........................................................................................2, 6

*Goel v. Bunge, Ltd.*,
    820 F.3d 554 (2d Cir. 2016)..............................................................................................8

*Gortat v. Capala Bros., Inc.*,
    2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010) ....................................................................4

*Hou Liu v. Intercept Pharm., Inc.*,
    2020 WL 1489831 (S.D.N.Y. Mar. 26, 2020) ..................................................................5

*J M Smith Corp. v. Actavis, PLC*,
    No. 15-cv-7488-CM (S.D.N.Y. Feb. 22, 2016) ...............................................................5

*JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*,
    412 F.3d 418 (2d Cir. 2005)..............................................................................................4

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ............................................................................................7

*Kramer v. Time Warner Inc.*,
    937 F.2d 767 (2d Cir. 1991)..............................................................................................6

*In re Lehman Bros. Sec. and ERISA Litig.*,
  903 F. Supp. 2d 152 (S.D.N.Y. 2012)......................................................................7

*Lehmann v. Ohr Pharm. Inc.*,
  2019 WL 4572765 (S.D.N.Y. Sept. 20, 2019).........................................................5

*Loveman v. Lauder*,
  484 F. Supp. 2d 259 (S.D.N.Y. 2007)......................................................................6

*Lynn v. McCormick*,
  2017 WL 6507112 (S.D.N.Y. Dec. 18, 2017) ..........................................................2

*Malin v. XL Capital Ltd.*,
  499 F. Supp. 2d 117 (D. Conn. 2007)....................................................................5, 8

*In re OSG Sec. Litig.*,
  12 F. Supp. 3d 622 (S.D.N.Y. 2014)........................................................................4

*Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*,
  153 F. Supp. 3d 628 (S.D.N.Y. 2015)....................................................................5, 8

*In re Pfeifer*,
  2013 WL 5746125 (Bankr. S.D.N.Y. Oct. 23, 2013) ...............................................5

*Roth v. Jennings*,
  489 F.3d 499 (2d Cir. 2007)........................................................................... *passim*

*San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris
  Companies, Inc.*,
  75 F.3d 801 (2d Cir. 1996).......................................................................................5

*In re Scholastic Sec. Litig.*,
  1998 WL 560052 (S.D.N.Y. Sept. 1, 1998)..............................................................7

*Sviridyuk v. BAC Home Loan Servicing, LP*,
  2012 WL 174791 (D. Or. Jan. 20, 2012) .................................................................8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007)..................................................................................................1

*Tera Grp., Inc. v. Citigroup, Inc.*,
  2019 WL 3457242 (S.D.N.Y. July 30, 2019) ...........................................................5

*In re UBS AG Sec. Litig.*,
  2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012)..........................................................4

*United States v. Bryant*,
  402 F. App'x 543 (2d Cir. 2010) ..............................................................................3

iii

*Wilson v. Merrill Lynch & Co.*,
    671 F.3d 120 (2d Cir. 2011)............................................................................................3

*Zak v. Chelsea Therapeutics Int'l.*,
    780 F.3d 597 (4th Cir. 2015) ........................................................................................5

**Statutes**

15 U.S.C. § 78u4(b) ...........................................................................................................1

**Other Authorities**

21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and
    Procedure* § 5104 (2d ed. 2005) ..................................................................................6

Fed. R. Civ. P. 12(d) ..........................................................................................................9

Fed. R. Civ. P. 56(d) ..........................................................................................................9

Fed. R. Evid. 201 ...............................................................................................................3

Fed. R. Evid. 201(b)...........................................................................................................3

Fed. R. Evid. 801-02 ..........................................................................................................7

2-12 James Wm. Moore, *et al.*, *Moore's Federal Practice* (2015) ..................................3

Lead Plaintiff Jaysukh Rudani respectfully submits this reply memorandum of law in further support of his motion to strike the extrinsic evidence and related arguments that Defendant Federico Tovar submitted with his motion to dismiss (ECF Nos. 58-60).[1]

**INTRODUCTION**

Congress enacted the Private Securities Litigation Reform Act of 1995 ("PSLRA") to achieve the "twin goals" of curbing frivolous litigation "while preserving investors' ability to recover on meritorious claims." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). To that end, Congress enacted certain procedural changes for securities fraud class actions that Congress believed struck an appropriate balance between these two sometimes-conflicting goals. *See, e.g.*, 15 U.S.C. § 78u4(b) (adopting a heightened pleading standard for the elements of falsity and scienter).

In enacting the PSLRA, Congress did not change Fed. R. Civ. P. 12(d) (governing the "RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS"), the Federal Rules of Evidence ("FRE")—including FRE 201 (governing judicial notice of adjudicative facts) and FRE 801-07 (governing the use of hearsay evidence)—or the rules governing incorporation by reference. Tellingly, Tovar cites no provision in the PSLRA to the contrary. Thus, even in securities fraud class actions, courts are precluded from considering extrinsic evidence on a motion to dismiss unless the evidence is subject to one of the two narrow exceptions that courts traditionally recognized before the passage of the PSLRA: incorporation by reference and judicial notice.

---

[1] Unless otherwise stated, Plaintiff uses the following conventions: (1) capitalized terms mean the same as they do in Plaintiff's Amended Securities Class Action Complaint ("AC"), ECF No. 41, and its Table of Defined Terms and Abbreviations, AC at iii-iv, and the Motion To Strike the Extrinsic Evidence and Related Arguments That Defendant Tovar Submitted With His Motion to Dismiss (ECF No. 59) ("Tovar MTS"); (2) all "¶__" references are to the AC; (3) all emphases are added to quotations and all internal citations, quotations, and footnotes are omitted; (4) references to "Tovar MTS Opp." are to Tovar's opposition to Plaintiff's MTS (ECF No. 69); and (5) all references to Rules are references to the Federal Rules of Civil Procedure.

Notwithstanding these limitations—as well as those imposed by Rule 12(b)(6)—Tovar improperly attempts to create a factual counter-narrative by submitting three extrinsic documents attached to his motion to dismiss ("MTD"). The Court is precluded from considering these materials and related arguments unless it converts Tovar's MTD into one for summary judgment and permits Plaintiff to conduct adequate discovery, as required by Rules 12(d) and 56(d).

## LEGAL STANDARDS

As Tovar misconstrues the applicable legal standards for when a court may consider extrinsic evidence, Plaintiff highlights certain key principles below.

**IBR:** Only documents—not information—can be deemed incorporated by reference ("IBR").[2] *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010); Tovar MTS at 3-5. Furthermore, a document is not automatically deemed IBR simply because it is referenced in a complaint. *Glob. Network Commc'ns., Inc. v. City of New York*, 458 F.3d 150, 156-57 (2d Cir. 2006). That is, documents are only IBR when (1) they are attached to the complaint or are expressly incorporated by reference or (2) the document is one "upon which [the complaint] *solely* relies and which is *integral to the complaint*[.]" *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (original emphasis). Plaintiff's mere notice or possession of a document is not enough. *Glob. Network Commc'ns,* 458 F.3d at 156. Plaintiff's complaint must make "a clear, definite and substantial reference to the documents . . . [m]erely mentioning a document in the complaint will not satisfy this standard; indeed, even offering limited quotation[s] from the document is not enough." *See Lynn v. McCormick*, 2017 WL 6507112, at *3 (S.D.N.Y. Dec. 18, 2017) (citing *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016)).

---

[2]    Plaintiff refers to incorporation by reference and the integral document doctrine interchangeably herein, with the latter governing documents that are not expressly incorporated by reference into a complaint. *See* Tovar MTS at 4 n.2.

2

**Judicial Notice:**  Only facts—not documents—are subject to judicial notice.  *See* FRE 201; Tovar MTS at 5-8.  A court may only take judicial notice of ***adjudicative*** facts—*i.e.*, ***relevant*** facts—which are not subject to reasonable dispute because they (1) are generally known within the trial court's territorial jurisdiction ("Generally Known"); or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned ("Readily Determinable").  FRE 201(b); *see United States v. Bryant*, 402 F. App'x 543, 545 (2d Cir. 2010).

**Hearsay:**  Even when a document is IBR, the document may not be considered for an inadmissible hearsay purpose.  *Roth*, 489 F.3d at 509.  Likewise, even documents that are judicially noticeable for a non-hearsay purpose, such as establishing the date that a particular filing was made with the SEC, are not simultaneously judicially noticeable for hearsay purposes, such as establishing the truth of statements made in the same filing.  *See Gagnon v. Alkermes PLC*, 368 F. Supp. 3d 750, 763 (S.D.N.Y. 2019).

**Rule 12(b)(6):**  A court deeming a document IBR or taking judicial notice of an adjudicative fact must still do so within the confines of Rule 12(b)(6), *see* 2-12 James Wm. Moore, *et al.*, *Moore's Federal Practice*, § 12.34[2] (2015), meaning that all well-pleaded factual allegations must be deemed true and all reasonable inferences must be drawn in the plaintiff's favor, s*ee Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011).

## ARGUMENT

**I.    TOVAR'S CURSORY REQUEST FOR CONSIDERATION OF HIS EXTRINSIC EVIDENCE WAIVED ANY RIGHTS HE MAY HAVE HAD**

In his opening brief, Plaintiff argued in Point I that Tovar waived any rights he may have had to introduce extrinsic evidence by failing—in his MTD briefing—to develop any such arguments relating to his Exhibits.  *See* Tovar MTS at 9-10 (citing *City of Syracuse v. Onondaga Cty.*, 464 F.3d. 297, 308 (2d Cir. 2006)).  In his opposition to Plaintiff's MTS, Tovar does not

3

address this argument and thus concedes that, in his MTD briefing, he failed to explain how any of his Exhibits were incorporated by reference and/or contained adjudicative facts properly subject to judicial notice under FRE 201.

A party's failure to address an argument in an opponent's brief amounts to a waiver and concession to that argument. *See, e.g., In re UBS AG Sec. Litig.*, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012), *aff'd sub nom. City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014) (holding that plaintiff "concede[d] through silence" an argument made by his opponent); *Gortat v. Capala Bros., Inc.,* 2010 WL 1423018, at *11 (E.D.N.Y. Apr. 9, 2010) (considering an argument not addressed in an opposition brief waived); *First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.,* 218 F. Supp. 2d 369, 392–393 & n. 116 (S.D.N.Y.2002) (same).  Plaintiff's MTS should therefore be granted.

Putting aside the fact aside that Tovar's arguments about his extrinsic evidence were due on January 17, 2020, *see* ECF No. 38 at 2 (MTD Scheduling Order), Tovar improperly attempts to raise a brief's worth of new arguments in opposing Plaintiff's MTS, all of which Tovar failed to make in his MTD.  These new arguments are likewise waived and represent an independent basis for granting Plaintiff's MTS.  *See In re OSG Sec. Litig.*, 12 F. Supp. 3d 622, 634 n.93 (S.D.N.Y. 2014); *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) (arguments not made in an opening brief are waived).

Rather than filing a formal request for consideration of Tovar's extrinsic evidence that spelled out the precise legal basis he believed the Court had to consider each Exhibit and identified the specific purpose for which each Exhibit should be considered, Tovar elected to cite extrinsic evidence with no meaningful argument.  Tovar's tactical decision forced Plaintiff into a position of having to guess what Tovar's arguments were—or worse yet, oppose every possible

4

argument Plaintiff could think of on Tovar's behalf.  To compound the quandary, Plaintiff would have to use his limited MTD briefing pages to do so unless he filed a separate motion to strike.[3]  For that matter, even in Tovar's newly-raised arguments, he steadfastly avoids identifying the precise fact that he seeks the Court to consider for each Exhibit, presumably because it will make clear when Tovar is disputing facts or asking the Court to consider a documents for a hearsay purpose.  Gamesmanship of this nature is abhorrent to Plaintiff's due process rights, and Tovar's documents and related arguments should be stricken.[4]

## II.   THE COURT SHOULD STRIKE TOVAR'S IMPROPERLY SUBMITTED EXHIBITS AND ALL RELATED ARGUMENTS

### A.   MTD Ex 1: 2Q 2018 10-Q

**IBR:**  Exhibit 1—the 2Q 2018 10-Q—could be deemed IBR because it contains statements alleged as false and/or misleading in the AC.  *See* AC at ¶68.  But the Court may not consider the document for the truth of the matters asserted, *Roth*, 489 F.3d at 509, especially given that Tovar is only offering it to make a "factual rebuttal," *Tera Grp., Inc. v. Citigroup,*

---

[3]   Regrettably, Tovar's new arguments include *ad hominem* attacks on Plaintiff's counsel that mischaracterize the outcomes of previous motions to strike filed by some of Plaintiff's undersigned counsel as well as other lawyers in different practice areas at the firm.  *See* Tovar MTS Opp. at 6.  This argument is not related to the facts of this case and should be ignored.  *Id.*  That said, in *Lehmann v. Ohr Pharm. Inc.*, 2019 WL 4572765, at *2 n.1 (S.D.N.Y. Sept. 20, 2019), the court stated it was denying plaintiff's motion as moot—not on substantive grounds; and in *Hou Liu v. Intercept Pharm., Inc.*, 2020 WL 1489831, at *4 n.55 (S.D.N.Y. Mar. 26, 2020), the court declined to consider 18 of the 21 exhibits submitted by the defendants.  Tovar also misleadingly implies that the undersigned counsel filed the motion to strike at issue in *J M Smith Corp. v. Actavis, PLC*, No. 15-cv-7488-CM (S.D.N.Y. Feb. 22, 2016), which is not the case.  Regardless, if Tovar's personal attacks are somehow relevant to the disposition of Plaintiff's motion, counsel respectfully refers the Court to counsel's work in *Zak v. Chelsea Therapeutics Int'l.*, 780 F.3d 597, 608 (4th Cir. 2015), where the Fourth Circuit Court of Appeals reversed a district court's dismissal of a securities class action in part because the district court improperly considered extrinsic evidence.

[4]   Tovar's authority does not support his deficient request because the plaintiffs in these cases did not object to the court's consideration of the extrinsic evidence at issue.  *See Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*, 153 F. Supp. 3d 628, 643 (S.D.N.Y. 2015) (the plaintiffs "did not object to the Court's consideration" of the extrinsic evidence); *Malin v. XL Capital Ltd.*, 499 F. Supp. 2d 117, 130 (D. Conn. 2007), *aff'd,* 312 F. App'x 400 (2d Cir. 2009) (plaintiffs previously acknowledged that the extrinsic "documents are already properly incorporated" into the complaint); *San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Companies, Inc.*, 75 F.3d 801, 809 (2d Cir. 1996) (the plaintiffs did not object "to the District Court's consideration of the full text of documents partially quoted in the Complaint."); *In re Pfeifer*, 2013 WL 5746125, at *5 (Bankr. S.D.N.Y. Oct. 23, 2013) (citing *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007) ("in *ATSI*, the Second Circuit, apparently without objection, considered written agreements between the parties").

*Inc.*, 2019 WL 3457242, at *18 (S.D.N.Y. July 30, 2019).  This admonition is particularly important for Ex. 1 because Tovar asks the Court to favor his interpretation of the language in the Exhibit over Plaintiff's interpretation of the language in the Exhibit.  *Compare* AC at ¶68 (citing one statement from the 2Q 2018 10-Q), *with* Tovar MTD at 16 (dissecting Tovar's statement into two separate statements).

 **Judicial Notice:**  Because Tovar's new arguments do not identify which adjudicative fact (or facts) he is asking the Court to decide based on Exhibit 1, judicial notice is improper.  *See* Tovar MTS at 12-14.  Tovar appears to proffer Ex. 1's cautionary language for the dubious conclusion that that the PSLRA safe harbor neutralized Plaintiff's claims, not for a proper adjudicative fact.  *See Loveman v. Lauder*, 484 F. Supp. 2d 259, 268 n.48 (S.D.N.Y. 2007) (even if court took judicial notice of a public record, "[i]t would be entirely inappropriate . . . to take judicial notice of the exceptionally dubious conclusions" drawn from those facts).[5]  The PSLRA's safe harbor applies only to forward-looking statements, not omissions or statements of present or historical fact.  *See* Tovar MTD Opp. at 7.  As Tovar's misleading language in Ex. 1 was framed in ***present tense*** terms—that Ideanomics was "***currently focused***" on consumer electronics and crude oil for blockchain purposes, *Id.* at 8, the cautionary language in this Exhibit is therefore irrelevant and thus cannot constitute an adjudicative fact under FRE 201.  *See* 21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5104, at 156 (2d ed. 2005)) ("An irrelevant fact could hardly be an adjudicative fact . . . ").  This is further inappropriate under Rule 12(b)(6) because "the Court is not permitted to take notice concerning

---

[5] Even though courts sometimes take judicial notice of public records, they do so only to determine what the records state—not to consider them for hearsay purposes or draw factual inferences against plaintiffs in violation of Rule 12(b)(6).  Tovar's authority supports this. *See e.g.*, *Glob. Network Commc'ns, Inc.*, 458 F.3d at 157 (declining to take judicial notice of prior testimony when it was "clear that the extraneous documents were used not to establish their existence but rather to provide the reasoned basis for the court's conclusion"); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (taking judicial notice of SEC filings "not to prove the truth of their contents but only to determine what the documents stated").

one party's opinion as to how the recognized documents and their facts should be interpreted."

*See Chapman Univ. v. Atl. Richfield Co.*, 2013 WL 3946117, at *3 (C.D. Cal. July 30, 2013).

### B.    MTD Ex. 2: August 13, 2018 Seeking Alpha Transcript

**IBR:**  Exhibit 2 is a document published by Seeking Alpha that purports to transcribe an

August 13, 2018 conference call in which certain defendants participated.  This document is not

IBR because Plaintiff's claims are not based on the written statements made by Seeking Alpha in

Exhibit 2; they are based on *oral* statements made by Benya/Ideanomics during the call, AC at

¶70.  *See In re Scholastic Sec. Litig.*, 1998 WL 560052, at *2 (S.D.N.Y. Sept. 1, 1998) (declining

to consider an unverified transcript of a conference call).  In any event, the Court may not

consider the document because it is being offered for a hearsay purpose, *i.e.*, to establish as true

what Seeking Alpha states was said by each participant in the call.  *See Roth*, 489 F.3d at 509

(documents deemed IBR may not be considered for hearsay purposes); *In re Lehman Bros. Sec.*

*and ERISA Litig.*, 903 F. Supp. 2d 152, 168-69, 169 n.4 (S.D.N.Y. 2012) (same); FRE 801-02.

**Judicial Notice:**  Because Tovar's new arguments do not identify which adjudicative fact

(or facts) he is asking the Court to decide based on Exhibit 2, judicial notice is improper.  *See*

Tovar MTS at 12-14.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999-1000 (9th

Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615, 204 L. Ed. 2d 264 (2019)

(noting that the district court improperly took judicial notice of a conference call transcript

because, *inter alia*, it did not "clearly specify what fact or facts it judicially noticed from th[e]

transcript").  Moreover, Tovar appears to proffer Ex. 2 for a "fact" that is not found in the

document.  *See* Tovar MTD at 5 (citing Ex. 2 to argue that "[i]t is important to recall that

'blockchain' still is, and was in the first half of 2018, a novel technology under exploration and

development in many different business sectors, a fact that reinforces the correctness of

construing these statements of intent to migrate to this novel technology as being forward

7

looking statements about future business plans."). This "fact" is not judicially noticeable because it is, at best, an attorney/advocate "inference" that is nowhere present in the document itself. *See Bldg. & Constr. Trades Council of Buffalo v. Downtown Dev., Inc.*, 448 F.3d 138, 155 (2d Cir. 2006).[6] Indeed, were such facts stated in the document, considering it for a hearsay purpose would not be allowed.

### C.      MTD Ex. 3: Third 2017 10-K

**IBR:**  Exhibit 3, the Third 2017 10-K, is not IBR because the AC does not allege that it contains any false and/or misleading statements. Tovar concedes this point. *See* Tovar MTS Opp. at 3 (explaining that Exhibit "contains a later-in-time statement" purportedly connected to a statement in Ex. 1). Accordingly, the AC could not have "***solely***" relied on Exhibit 3 and therefore it is not integral to Plaintiff's claims. *Roth*, 489 F.3d at 509; *Sviridyuk v. BAC Home Loan Servicing, LP*, 2012 WL 174791, at *2 (D. Or. Jan. 20, 2012) (stating that even a document that "may constitute important evidence going to the merits of [p]laintiff's claim . . . does not form the basis of [p]laintiff's claim as alleged[]").[7]

**Judicial Notice:**  Because Tovar's new arguments do not identify which adjudicative fact (or facts) he is asking the Court to decide based on Exhibit 3, judicial notice is improper. *See* Tovar MTS at 12-14.  Additionally, to the extent Tovar is asking the Court to judicially notice Exhibit 3 for a hearsay purpose or to dispute Plaintiff's allegations, Exhibit 3 should be stricken. *See* Tovar MTS at 14-15.

---

[6]      Tovar's citations to *Pehlivanian*, 153 F. Supp. 3d at 643, *Malin*, 499 F. Supp. 2d at 131, and *In re Bausch & Lomb, Inc. Sec. Litig.*, 592 F. Supp. 2d 323, 338–39 (W.D.N.Y. 2008) are not helpful because there was no suggestion that the adjudicative facts at issue in these cases were not found in the transcripts.

[7]      Tovar's citation to *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991), makes clear that the extrinsic document must be one upon which the complaint "***solely***" relies. *See* Tovar MTS Opp. at 2, 4. As such, the document must contain the "obligations upon which the plaintiff's complaint stands or falls." *See Goel*, 820 F.3d at 559. Much of Tovar's other authority incorrectly omits these requirements. *Cf.* Tovar MTS Opp. at 2-3 (citing *Pehlivanian*, 153 F. Supp. 3d at 642; *Malin,* 499 F. Supp. 2d at 131; *Helprin v. Harcourt*, 277 F. Supp. 2d 327, 330–31 (S.D.N.Y. 2003)).

8

**CONCLUSION**

For the foregoing reasons, as well as those argued in support of Plaintiff's motion to strike Tovar's extrinsic evidence and arguments, Plaintiff respectfully requests the Court strike all matters identified.  Consideration of Tovar's Exhibits and related arguments is improper unless Tovar's MTD is converted into a motion for summary judgment and Plaintiff is allowed a reasonable opportunity to conduct discovery.  *See* Rule 12(d), 56(d).

Dated: May 1, 2020                                        Respectfully submitted,

By: */s/ Richard W. Gonnello*
           Richard W. Gonnello

Richard W. Gonnello
Sherief Morsy
Dillon Hagius
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: rgonnello@faruqilaw.com
            smorsy@faruqilaw.com
            dhagius@faruqilaw.com

*Attorneys for Lead Plaintiff Jaysukh Rudani*