# EXHIBIT A-1

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**If you purchased or otherwise acquired the publicly traded common stock of Ideanomics, Inc. ("Ideanomics" or the "Company") listed on the NASDAQ or domestically in the United States between February 1, 2017 and November 13, 2018, inclusive, and were damaged thereby, then you may be entitled to a payment from a class action settlement.[1]**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- This settlement notice (the "Notice") relates to a securities class action brought by an investor who alleges that Ideanomics and certain of its officers and directors made misrepresentations and/or omissions of material fact in violation of the federal securities laws.

- On _____, the Court preliminarily approved a settlement of this class action (the "Settlement"). This Settlement is with defendants Ideanomics, Zheng Wu a/k/a Bruno Wu, Bing Yang, and Robert Benya (collectively, the "Defendants"). Defendants deny all allegations of misconduct. The two sides disagree on whether the investors could have won at trial, and if so, how much money they could have won.

- The Settlement will provide a $5 million Settlement Amount for the benefit of investors who purchased or otherwise acquired Ideanomics common stock listed on the NASDAQ or domestically in the United States between February 1, 2017 and November 13, 2018, inclusive, and were damaged thereby.

- Attorneys for Lead Plaintiff ("Lead Counsel") will ask the Court for 33.33% of the Settlement Fund and up to $40,000 in reimbursement for expenses incurred in prosecuting this lawsuit. If approved by the Court, these amounts (totaling approximately $0.06 per damaged share) will be paid from the Settlement Fund.

- The estimated average recovery, after deducting attorneys' fees and expenses and administrative costs[2] (if approved by the Court), is $0.10 per share).

- **Your legal rights are affected whether you act or do not act. Read this Notice carefully.**

---

[1]    All capitalized terms not otherwise defined in this document shall have the meaning provided in the Stipulation of Settlement dated July 30, 2021 (the "Stipulation").

[2]    The estimated notice and claims administration costs for this Settlement, which shall be paid from the Settlement Fund, are $82,337. The cost is only an estimate, however, as the administration has not fully commenced as of the date of this Notice. Based upon the estimate, the notice and administration costs per share would be approximately $0.003.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY** _____ | The only way to get a payment. |
| **EXCLUDE YOURSELF BY** _____ | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Ideanomics and the other Released Parties (as defined below) about the Released Claims (as defined below). |
| **OBJECT BY** _____ | Write to the Court about why you do not like the Settlement, the proposed Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees and payment of expenses. |
| **GO TO A HEARING ON** _____ **AT** _____**A.M/P.M** | Ask to speak in Court about the Settlement at the Settlement Hearing. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options - **and the deadlines to exercise them** - are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeal is resolved.  Please be patient.

## SUMMARY OF THE NOTICE

### Statement of Plaintiff's Recovery

Lead Plaintiff has entered into a proposed Settlement with Defendants that, if approved by the Court, will resolve this Action in its entirety.  Pursuant to the proposed Settlement, a Settlement Fund consisting of $5 million in cash ("Settlement Amount"), plus any accrued interest or income earned thereon (the "Settlement Fund"), has been established.  Based on Lead Plaintiff's consulting expert's analysis, it is estimated that if class members submit claims for 100% of Ideanomics's common stock entitled to participate in the Settlement, the estimated average recovery per share of common stock would be $0.16 per share before deduction of Court-approved fees and expenses, and approximately $0.10 per share after Court-approved fees and expenses are deducted. **These average recovery amounts are only estimates and an individual Class Member may recover more or less than these estimates.**  As described more fully below in the Plan of Allocation beginning on page 14, an individual Class Member's actual recovery will depend on several factors, including: (a) the total number of claims submitted; (b)

2

when the Class Member purchased his, her, or its shares of Ideanomics common stock; and (c) whether and when the Class Member sold his, her, or its shares of Ideanomics common stock.

## Statement of Potential Outcome of the Case

The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff was to prevail on each claim asserted against Defendants.  The issues on which the Parties disagree include, for example: (a) whether the statements made or facts allegedly omitted were materially false or misleading, or otherwise actionable under the federal securities laws; (b) whether any allegedly false or misleading statements made by Defendants were made with the requisite level of intent or recklessness; (c) the causes of the loss in the value of the stock; and (d) the amount of alleged damages, if any, that could be recovered at trial.

## Statement of Attorneys' Fees and Expenses Sought

Lead Counsel has not received any payment for their services rendered or expenses incurred in conducting this Action on behalf of Lead Plaintiff and the Class.  If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees of 33.33% of the Settlement Fund and up to $40,000 in reimbursement for expenses incurred in prosecuting this lawsuit.  If approved by the Court, these amounts (totaling approximately $0.06 per share) will be paid from the Settlement Fund.

## Identification of Legal Representatives

Lead Plaintiff and the Class are represented by Faruqi & Faruqi, LLP, Court-appointed Lead Counsel.  Any questions regarding the Settlement should be directed to Katherine Lenahan, Faruqi & Faruqi, LLP, 685 Third Avenue, 26th Floor, New York, NY 10017, (212) 983-9330, klenahan@faruqilaw.com.

## Reasons for the Settlement

For Lead Plaintiff, the principal reason for the Settlement is the immediate benefit of a substantial cash recovery to the Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the operative complaint; the uncertainty of having a class of Ideanomics investors certified; the risk that the Court may grant, in whole or in part, some or all of the anticipated motions for summary judgment to be filed by Defendants; the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation (including any appeals).

For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Class Members were damaged, the principal reasons for entering into the Settlement are to bring to an end the substantial burden, expense, uncertainty, and risk of further litigation.

## BASIC INFORMATION

| 1. | Why did I get this Notice? |
|---|---|

This Notice is being sent to people who may have purchased or otherwise acquired Ideanomics common stock listed on the NASDAQ or domestically in the United States between February 1, 2017 and November 13, 2018.  This Notice is being sent out because, if you made such purchases or acquisitions, you have a right to know about the proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.

The purpose of this Notice is to provide you with a Proof of Claim and Release form ("Proof of Claim" or "Claim Form") and information regarding the deadline to submit that form if you wish to receive a payment from the Settlement.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *Rudani v. Ideanomics, Inc., et al.*, No. 1:19-cv-06741-GBD (S.D.N.Y.) (the "Action").

| 2. | What is a class action? |
|---|---|

In a class action, one or more plaintiffs, called lead plaintiffs or class representatives, sue on behalf of people who have similar claims.  The individuals and entities on whose behalf the class representative is suing are known as class members.  One court resolves the issues in the case for all class members, except for those who choose to exclude themselves from the class if exclusion is permitted by applicable rules of procedure.

| 3. | What is this lawsuit about? |
|---|---|

This lawsuit is a putative class action alleging violations of the federal securities laws by Defendants.

The Court has appointed Jaysukh Rudani ("Lead Plaintiff") to serve as Lead Plaintiff in the Action and has appointed the law firm of Faruqi & Faruqi, LLP to serve as Lead Counsel on behalf of the Class.

This Action claims that Ideanomics' public statements contained materially false and/or misleading statements.  The Action seeks money damages against Defendants for violations of the federal securities laws.  Defendants deny any wrongdoing or liability whatsoever.

The first complaint was filed in this Action on July 19, 2019 against Ideanomics and certain of its officers and directors.  Lead Plaintiff thereafter filed an Amended Securities Class Action Complaint ("AC") on December 4, 2019 against Defendants and Ideanomics' former Chief Financial Officer Federico Tovar ("Tovar").  In light of the Court's dismissal of Tovar from the Action, only the facts relevant to Lead Plaintiff's claims against the remaining Defendants are discussed herein. The AC generally alleges that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder, by reason of material misrepresentations and omissions.  Specifically, Lead Plaintiff alleges that Defendants made materially false and/or misleading statements during the Class Period concerning the Company's businesses as alleged in the AC.  (*See, e.g.*, AC ¶¶41-50, 54-55, 57-58, 66-71.).  The Action further alleges that the prices of Ideanomics common stock were artificially inflated as a result of Defendants' actions and that investors suffered injury as a result of the alleged inflation.

Defendants believe that discovery and further litigation would reveal that: (a) the challenged statements were not materially false or misleading, or otherwise actionable under the federal securities laws, at the time they were made; (b) Defendants did not make such statements recklessly or with knowledge of their alleged falsity; (c) Lead Plaintiff will not be able to prevail on their causal theory related to the stock price decline; and (d) the value of Lead Plaintiff's alleged damages are inflated.  As such, Defendants believe they would ultimately prevail in this litigation.  However, given the time and expense necessary to continue to pursue this Action, Defendants believe it is in their best interests to enter into the Settlement with Lead Plaintiff and the Class.

| 4. | How and when was the Settlement reached? |
|---|---|

On January 17, 2020, the Defendants and Tovar filed motions to dismiss the AC.  On March 2, 2020, Lead Plaintiff filed opposition, to which the Defendants and Tovar replied.  The Court held a hearing on Defendants' motions on August 19, 2020.

On September 25, 2020, the Court granted Tovar's motion to dismiss and granted in part and denied in part Defendants' motion to dismiss, sustaining Plaintiff's Section 10(b) claims against Ideanomics, Wu, and Yang, but dismissing them as to Benya.  The Court sustained Plaintiff's claims under Section 20(a) against Wu, Yang, and Benya.

The Parties met for a mediation on April 21, 2021, before a private mediator.  The mediation was preceded by submission of mediation statements and exhibits.  Lead Plaintiff reached an agreement-in-principle with Defendants regarding the Settlement at the conclusion of the mediation session.  Thereafter, Lead Plaintiff and Defendants executed the Stipulation to formalize their agreement.

**WHO IS IN THE SETTLEMENT**

To see if you will get money from this Settlement, you first have to determine if you are a Class Member.

| 5. | How do I know if I am part of the Settlement? |
|---|---|

Subject to certain exceptions identified below, everyone who fits this description is a Class Member: all Persons who purchased or otherwise acquired the publicly traded common stock of Ideanomics listed on the NASDAQ or domestically in the United States between February 1, 2017 and November 13, 2018 and were damaged thereby.

| 6. | Are there exceptions to being included? |
|---|---|

Yes.  There are some individuals and entities that are excluded from the Class by definition.  Excluded from the Class are: (a) Defendants; (b) the officers and directors of the Company at all relevant times; (c) members of any Defendant's immediate families; (d) any entity in which Defendants have or had a controlling interest or which is related to or affiliated with any of the Defendants; (e) the legal representatives, heirs, successors, and assigns of such excluded Persons; (f) those who purchased or otherwise acquired Ideanomics common stock on foreign exchanges, in accordance with the United States Supreme Court's decision in *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 267 (2010) ("It is in our view only transactions in securities listed on domestic exchanges, and domestic transactions in other securities, to which §10(b) applies."); and (g) any Persons who exclude themselves by submitting a request for exclusion that is accepted by the Court.

| 7. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help by calling (866) 742-4955 or visiting www.rg2claims.com/ideanomics.html. You can also fill out and return the Proof of Claim form described on page 7, in question 9, to see if you qualify.

**THE SETTLEMENT BENEFITS — WHAT YOU GET**

| 8. | What does the Settlement provide? |
|---|---|

In exchange for the Settlement and release of the Released Claims against the Released Parties, Defendants have agreed to create a $5 million fund.  After deductions for Court-awarded attorneys' fees, interest, and expenses, settlement administration costs, and any applicable Taxes, the balance of the fund (the "Net Settlement Fund") will be distributed *pro rata* pursuant to the "Plan of Allocation" among all Class Members who send in valid and timely Proof of Claim forms.

The Plan of Allocation, which is subject to Court approval, is discussed in more detail on pages 14-18 of this Notice.

| 9. | How can I get a payment? When would I get my payment? |
|---|---|

To qualify for a payment, you must submit a timely and valid Proof of Claim form with supporting documents. A Proof of Claim form is being circulated with this Notice. You may also get a Proof of Claim form on the Internet at www.rg2claims.com/ideanomics.html. Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and either mail it to the Claims Administrator, submit it through email at info@rg2claims.com, or fax it (215) 827-5551 such that your claim is postmarked (or submitted if sent via email or fax) no later than _____.

If you have large numbers of transactions, you may request, or may be requested to, submit information regarding your transactions in electronic files. If you wish to submit your transaction data electronically, you must contact the Claims Administrator at (866) 742-4955 or visit their website at www.rg2claims.com/ideanomics.html to obtain the required file layout. You must still timely submit a manually signed Proof of Claim form by mail, email, or fax as specified above.

No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data. All claimants MUST timely submit a signed Proof of Claim form to be potentially eligible for a payment from this settlement.

The Court will hold a Final Approval Hearing on _____ at _____ a.m./p.m, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals after that. It is always uncertain how and when these appeals ultimately will be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proof of Claim forms to be processed. Please be patient.

| 10. | What am I giving up to get a payment or stay in the Class? |
|---|---|

Unless you exclude yourself, you are staying in the Class, and that means that, upon the "Effective Date," you will release all "Released Claims" (as defined below) against the "Released Parties" (as defined below).

"Released Claims" means all known or unknown claims that both: (a) arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations, misrepresentations or omissions involved, set forth, alleged or referred to, in this Action, or which could have been alleged in this Action; and (b) arise out of, are based upon, or relate in any way to the purchase or acquisition of the publicly traded common stock of Ideanomics listed on the NASDAQ or domestically in the United States during the Class Period. Released Claims do not include (i) any claims relating to the enforcement of the settlement or (ii) any Excluded Claims. "Released Claims" includes "Unknown Claims" as defined below.

7

"Excluded Claims" means the (i) derivative claims brought on behalf of Ideanomics, including *In re Ideanomics, Inc. Derivative Litig.*, No. 20-cv-5333 (S.D.N.Y.), *Zare v. Wu, et al.*, No. 20-cv-608 (D. Nev.), and any similar claims that may be filed or consolidated therewith; (ii) any claims asserted in *In re Ideanomics, Inc. Sec. Litig.*, No. 20-cv-4944 (S.D.N.Y.), and any similar claims that may be filed or consolidated therewith; or (iii) any claims relating to the enforcement of the Settlement.

"Related Parties" means each of Defendants' predecessors, successors, parent corporations, sister corporations, subsidiaries, affiliates, assigns, assignors, divisions, joint ventures, heirs, legatees, executors, administrators, estates, receivers and trustees, settlors, beneficiaries, officers, directors, shareholders, employees, agents, consultants, contractors, auditors, partners, insurers, reinsurers, representatives, attorneys, legal representatives, and all persons acting by, through, under or in concert with them or any of them.

"Released Parties" means each and all of the Defendants and their respective Related Parties.

"Settled Defendants' Claims" means all known or unknown claims, demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action or any forum by the Released Parties or any of them against Lead Plaintiff, Class Members, and Lead Counsel, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Action (except for claims to enforce the settlement). "Settled Defendants' Claims" includes "Unknown Claims" as defined below.

"Unknown Claims" means: (a) any and all Released Claims that Lead Plaintiff or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties which, if known by him, her, or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her, or its decision(s) with respect to the settlement, including the decision to object to the terms of the settlement or to exclude himself, herself, or itself from the settlement Class; and (b) any Settled Defendants' Claims that any Released Party does not know or suspect to exist in his, her, or its favor at the time of the release of the Lead Plaintiff, Class Members, and Lead Counsel, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the settlement with and release of the Lead Plaintiff, Class Members, and Lead Counsel, or might have affected his, her, or its decision(s) with respect to the settlement. With respect to any and all Released Claims and Settled Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

8

Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Released Claims, but Lead Plaintiff shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Similarly, the Released Parties may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Settled Defendants' Claims, but each Defendant shall expressly and each of the Released Parties, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Settled Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge, and Lead Plaintiff, the Class Members, and the Released Parties shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settled Defendants' Claims was separately bargained for and is a key element of the settlement of which these releases are a part.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.  You will be bound by the releases whether or not you submit a Proof of Claim form and/or receive a payment under the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue the Defendants and the other Released Parties, on your own, about the Released Claims, then you must take steps to get out.  This is called excluding yourself — or is sometimes referred to as "opting out" of the Class.

| 11. | How do I get out of the proposed Settlement? |
| --- | --- |

To exclude yourself from the Class, you must send a signed letter by mail stating that you request to be "excluded from the Class and do not wish to participate in the settlement in *Rudani v. Ideanomics, Inc., et al.*, No. 1:19-cv-06741-GBD (S.D.N.Y.)."  To be valid, your letter must state: (A) your name, address, telephone number, and signature; (B) the date, number, and dollar amount of all purchases, acquisitions, sales, or other dispositions of Ideanomics common stock during the Class Period (from February 1, 2017 through November 13, 2018, inclusive); and (C) sales and other dispositions of Ideanomics common stock in the 90-days after the Class Period (the opening of trading on November 14, 2018 through and including the close of trading on February 11, 2019).  **The letter must also be accompanied by copies of broker confirmations**

9

**or other documentation of your transactions in Ideanomics common stock.**  You must mail your exclusion request such that it is received, not simply postmarked, no later than _____ to:

Ideanomics Securities Litigation (Rudani Action)
c/o RG2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479

You cannot exclude yourself by telephone, e-mail, or fax.  If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) the Defendants and the other Released Parties in the future.

| **12.     If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later?** |
|---|

No.  Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Parties for any and all Released Claims.  If you have a pending lawsuit speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit.  Remember, the exclusion deadline is _____.

| **13.     If I exclude myself, can I get money from the proposed Settlement?** |
|---|

No.  If you exclude yourself, you will not get money from the proposed Settlement.

**THE LAWYERS REPRESENTING THE CLASS**

| **14.     Do I have a lawyer in this case? How will the lawyers be paid?** |
|---|

The Court has appointed the law firm of Faruqi & Faruqi, LLP as Lead Counsel to represent Lead Plaintiff and all other Class Members in the Action.

You will not be separately charged for the fees or expenses of Lead Counsel appointed by the Court.  The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Settlement Fund.  *See also* Notice at 3 ("Statement of Attorneys' Fees and Expenses Sought").  If you want to be represented by your own lawyer, you may hire one at your own expense.

**OBJECTING TO THE SETTLEMENT**

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. You can ask the Court to deny approval by filing an objection.  You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement.  If

10

the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If this is what you want to happen, you must object.

---

**15.    How do I tell the Court that I do not like the proposed Settlement?**

---

If you are a Class Member you can object to the Settlement or any part of it, including but not limited to, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and expenses, and give reasons why you think the Court should not approve it.

Any objection to the proposed Settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must clearly identify:

- The case name and number (*Rudani v. Ideamonics, Inc., et al.*, Case No. 1:19-cv-06741-GBD);

- Your full name, address, telephone number, and signature;

- Information sufficient to prove membership in the Class, including the number of shares of Ideanomics common stock purchased, acquired, or sold during the Class Period, the dates and prices of each such purchase, acquisition, and sale, and broker confirmations or other documentation of your transactions;

- All grounds for the objection, accompanied by any legal support known to you or your counsel;

- The identity of all counsel who represent you, if any;

- A statement confirming whether you or any counsel representing you intend to personally appear and/or testify at the Final Approval Hearing; and

- A list of any persons who may be called to testify and copies of any exhibits you intend to introduce into evidence at the Final Approval Hearing in support of your objection.

Your objection and any supporting papers must be submitted to the Clerk of the United States District Court for the Southern District of New York at the address set forth below as well as mailed by first-class mail to Lead Counsel and Defendants' Counsel at the addresses set forth below:

**Clerk's Office**
Clerk of the Court
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

**Lead Counsel**
Katherine M. Lenahan
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, NY 10017


**Defendants' Counsel**
George Kostolampros
VENABLE LLP
600 Massachusetts Ave, NW
Washington, D.C. 20001

Your objection and supporting papers must be received on or before _____.

---

**16.    What is the difference between objecting and seeking exclusion?**

---

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

---

**17.    When and where will the Court decide whether to approve the proposed settlement?**

---

The Court will hold a Final Approval Hearing at _____ on _____, at the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, Courtroom 11A.  At this hearing the Court will consider whether the Settlement is fair, reasonable and adequate. The Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement, and the application of Lead Counsel for attorneys' fees and payment of expenses. The Court will take into consideration any written objections filed in accordance with the instructions in question 15. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court. *See* question 19 for more information about speaking at the hearing. After the hearing, the Court will decide whether to approve the Settlement, the proposed Plan of Allocation, and the other applications.  We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Final Approval Hearing without further notice to the Class. Thus, if you want to come to the hearing, you should check with Lead Counsel before coming to be sure that the date and/or time has not changed.

| 18. | Do I have to come to the Final Approval Hearing? |
|---|---|

No. Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you filed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 19. | May I speak at the Final Approval Hearing? |
|---|---|

If you object to the Settlement, you may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must include with your objection (*see* question 15 above) a statement stating that it is your "Notice of Intention to Appear in *Rudani v. Ideanomics, Inc., et al.*, Case No. 1:19-cv-06741-GBD (S.D.N.Y.)."  Persons who intend to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees and expenses, and who desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing.  Unless otherwise ordered by the Court, you cannot speak at the hearing if you excluded yourself from the Class or if you have not provided written notice of your intention to speak at the Final Approval Hearing by the deadline identified, and in accordance with the procedures described in questions 15 and 17 above.

## IF YOU DO NOTHING

| 20. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you will get no money from the Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Parties about the Released Claims in this case, ever again. To share in the Net Settlement Fund you must submit a Proof of Claim form (*see* question 9). To start, continue, or be a part of any other lawsuit against the Defendants and the other Released Parties about the Released Claims in this case you must exclude yourself from this Class (*see* question 11).

## GETTING MORE INFORMATION

| 21. | Are there more details about the proposed Settlement? |
|---|---|

This Notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, please see the Stipulation available at www.rg2claims.com/ideanomics.html, or access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

13

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, www.rg2claims.com/ideanomics.html, where you will find answers to common questions about the Settlement, a Proof of Claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment. You also can call the Claims Administrator at (866) 742-4955 toll free; write to Ideanomics Securities Litigation (Rudani Action), c/o RG2 Claims Administration LLC, P.O. Box 59479, Philadelphia, PA 19102-9479; or visit the website of Lead Counsel at www.faruqilaw.com.

### PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or may approve another plan of allocation, without further notice to Settlement Class Members.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each share of Ideanomics common stock purchased or otherwise acquired during the Settlement Class Period. The calculation of Recognized Loss will depend upon several factors, including when the shares of Ideanomics common stock were purchased during the Settlement Class Period, and for what amounts, and whether such shares were sold, and if sold, when they were sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the unproven allegation that the price of Ideanomics common stock was artificially inflated throughout the Class Period. The estimated alleged artificial inflation in the price of Ideanomics common stock during the Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Ideanomics common stock during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiff and the price change in the stock, net of market- and industry-wide factors, in reaction to the public

14

announcements that allegedly corrected the misrepresentations alleged by Plaintiff.

Federal securities laws allow investors to recover for losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, Ideanomics common stock purchased or otherwise acquired during the Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Plaintiff and Lead Counsel have determined that such price declines occurred on February 23, 2018, August 28, 2018, and November 14, 2018 (the "Corrective Disclosure Dates"). Accordingly, if a share of Ideanomics common stock was sold before February 23, 2018 (the earliest Corrective Disclosure Date), the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if a share of Ideanomics common stock was both purchased and sold between two consecutive Corrective Disclosure Dates, the Recognized Loss for that share is $0.00.

| Table 1 Artificial Inflation in Ideanomics Common Stock* | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| February 1, 2017 | February 22, 2018 | $3.61 |
| February 23, 2018 | August 27, 2018 | $2.45 |
| August 28, 2018 | November 13, 2018 | $1.55 |
| November 14, 2018 | Thereafter | $0.00 |

* For each day during the Class Period, the artificial inflation in the price of Ideanomics common stock shall be limited to that day's closing price of Ideanomics common stock.

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Ideanomics common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and the average price of Ideanomics common stock during the 90-Day Lookback Period. The Recognized Loss on Ideanomics common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and the rolling average price of Ideanomics common stock during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero ($0.00). Any transactions in Ideanomics common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

**Calculation of Recognized Loss Per Share of Ideanomics Common Stock**

For each share of Ideanomics common stock purchased or otherwise acquired during the Settlement Class Period (i.e., February 1, 2017 through November 13, 2018, both dates inclusive), the Recognized Loss per share shall be calculated as follows:

i.   For each share of Ideanomics common stock that was sold prior to February 23, 2018, the Recognized Loss per share is $0.

ii.  For each share of Ideanomics common stock purchased during the Class Period that was subsequently sold during the period February 23, 2018 through November 13, 2018, both dates inclusive, the Recognized Loss per share is *the lesser of*:

    a.   the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-share price inflation on the date of sale as appears in Table 1; or

    b.   the purchase price *minus* the sale price.

iii. For each share of Ideanomics common stock purchased during the Settlement Class Period that was subsequently sold during the period November 14, 2018 through February 11, 2019, both dates inclusive (i.e., sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

    a.   the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

    b.   the purchase price *minus* the sale price; or

    c.   the purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

iv.  For each share of Ideanomics common stock purchased during the Settlement Class Period and still held as of the close of trading on February 11, 2019, the Recognized Loss per share is *the lesser of*:

    a.   the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

    b.   the purchase price *minus* the average closing price of Ideanomics common stock during the 90-Day Lookback Period, which is $1.41.

16

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 11/14/2018 | $1.67 | 12/14/2018 | $1.70 | 1/15/2019 | $1.49 |
| 11/15/2018 | $1.72 | 12/17/2018 | $1.69 | 1/16/2019 | $1.49 |
| 11/16/2018 | $1.74 | 12/18/2018 | $1.67 | 1/17/2019 | $1.48 |
| 11/19/2018 | $1.74 | 12/19/2018 | $1.66 | 1/18/2019 | $1.48 |
| 11/20/2018 | $1.73 | 12/20/2018 | $1.64 | 1/22/2019 | $1.47 |
| 11/21/2018 | $1.71 | 12/21/2018 | $1.62 | 1/23/2019 | $1.47 |
| 11/23/2018 | $1.71 | 12/24/2018 | $1.61 | 1/24/2019 | $1.47 |
| 11/26/2018 | $1.72 | 12/26/2018 | $1.60 | 1/25/2019 | $1.46 |
| 11/27/2018 | $1.74 | 12/27/2018 | $1.59 | 1/28/2019 | $1.46 |
| 11/28/2018 | $1.74 | 12/28/2018 | $1.57 | 1/29/2019 | $1.45 |
| 11/29/2018 | $1.74 | 12/31/2018 | $1.56 | 1/30/2019 | $1.45 |
| 11/30/2018 | $1.75 | 1/2/2019 | $1.56 | 1/31/2019 | $1.44 |
| 12/3/2018 | $1.75 | 1/3/2019 | $1.55 | 2/1/2019 | $1.44 |
| 12/4/2018 | $1.75 | 1/4/2019 | $1.54 | 2/4/2019 | $1.43 |
| 12/6/2018 | $1.75 | 1/7/2019 | $1.53 | 2/5/2019 | $1.43 |
| 12/7/2018 | $1.74 | 1/8/2019 | $1.52 | 2/6/2019 | $1.42 |
| 12/10/2018 | $1.73 | 1/9/2019 | $1.51 | 2/7/2019 | $1.42 |
| 12/11/2018 | $1.72 | 1/10/2019 | $1.51 | 2/8/2019 | $1.41 |
| 12/12/2018 | $1.72 | 1/11/2019 | $1.50 | 2/11/2019 | $1.41 |
| 12/13/2018 | $1.71 | 1/14/2019 | $1.50 | | |

### INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Ideanomics common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

All purchase and sale prices shall exclude any fees, taxes, and commissions.

Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired Ideanomics common stock during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Ideanomics common stock

17

were originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of Ideanomics common stock during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Ideanomics common stock.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against Ideanomics common stock held as of the close of trading on January 31, 2017 (the last day before the Class Period begins) and then against the purchases of Ideanomics common stock during the Class Period beginning with the earliest purchase during the Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Ideanomics common stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

Option contracts are not securities eligible to participate in the Settlement. With respect to Ideanomics common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of Ideanomics common stock on the date of exercise. Any Recognized Loss arising from purchases of Ideanomics common stock acquired during the Class Period through the exercise of an option on Ideanomics common stock[3] shall be computed as provided for other purchases of Ideanomics common stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its total Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation (*i.e.*, that Authorized Claimant's recognized claim will be deemed to be zero) and no distribution will be made to that Authorized Claimant. Any prorated amounts of less than $10.00 will be included in the pool distributed to those whose prorated payments are $10.00 or greater.

Class Members who do not submit an acceptable Proof of Claim form will not share in the Settlement proceeds. The settlement and the Judgment dismissing this Action with prejudice

---

[3] Including (1) purchases of Ideanomics common stock as the result of the exercise of a call option, and (2) purchases of Ideanomics common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

18

will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim form.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

The Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the processing of Proof of Claim and Release Forms, the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiff and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution shall, if feasible, be reallocated in an equitable and economic fashion among Authorized Claimants who negotiated the checks sent in the initial distribution and would receive a minimum of $10.00.  These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis*.  Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s), which is not feasible or economical to reallocate among Authorized Claimants, shall be donated to Investor Protection Trust, a nationwide non-profit organization dedicated to providing investor education and advocacy.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or otherwise acquired shares of Ideanomics common stock listed on the NASDAQ or domestically in the United States between February 1, 2017 through November 13, 2018, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you either: (a) provide to the Claims Administrator the name, last known address, and last known email address of each person or organization for whom or which you purchased such Ideanomics common stock; or (b) request additional copies of this Notice and the Proof of Claim form and within ten (10) calendar days after receipt thereof mail the Notice and Proof of Claim form directly to the beneficial owners of that Ideanomics common stock.

You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

19

Ideanomics Securities Litigation (Rudani Action)
c/o RG2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479
Phone: (866) 742-4955
Fax: (215) 827-5551
info@rg2claims.com

Dated: _____