**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAYSUKH RUDANI, Individually And On Behalf Of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> IDEANOMICS, INC. f/k/a SEVEN STARS CLOUD GROUP, INC. f/k/a WECAST NETWORK, INC., ZHENG WU a/k/a BRUNO WU, BING YANG, and ROBERT BENYA, <br><br> Defendants. | No: 1:19-cv-06741-GBD |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO EXTEND THE CLAIMS-FILING DEADLINE**

Lead Plaintiff Jaysukh Rudani ("Lead Plaintiff") respectfully submits this memorandum of law in support of Lead Plaintiff's Motion To Extend The Claims-Filing Deadline.[1] This motion is supported by the Declaration of Tina Chiango Regarding Late Notice ("Chiango Declaration" or "Chiango Decl."), filed herewith.

On January 18, 2022, the day before the January 19, 2022 deadline for Class Members to submit Proofs of Claim, the Claims Administrator informed Lead Counsel that they received a request from Broadridge Financial Solutions on behalf of Apex Clearing to send Notices and Proof of Claim forms (collectively, the "Notice Packet") to 31,585 potential Class Members. *See* Chiango Decl. ¶3.

By way of background, most investors hold their securities through a broker or other financial institution in "street name." *See In re OCA, Inc. Sec. and Derivative Litig.*, No. 05-2165, 2008 WL 4681369, at *16 (E.D. La. Oct. 17, 2008). This means that the securities are registered to the brokerage house or financial institution holding the securities rather than directly to the investor who actually owns them—*i.e.*, the beneficial owner. *See* FINRA Staff, *It's Your Stock, Just Not in Your Name: Explaining 'Street Names,'* FINRA (Dec. 21, 2015), https://www.finra.org/investors/insights/its-your-stock-just-not-your-name-explaining-street-names. As in most securities class actions, potential Class Members here are the beneficial owners, not the brokers or banks (a/k/a nominees or custodians) in whose names their shares are registered.

Accordingly, the Preliminary Approval Order provides that within ten days of receipt of the Notice and Proof of Claim form, nominees or custodians are to request additional copies of

---

[1]     Unless otherwise noted, the following conventions are used herein: (a) all emphases are added; (b) all internal citations and quotations are omitted; and (c) all capitalized terms have the meaning ascribed to them in the Stipulation of Settlement dated July 30, 2021 ("Stipulation"), ECF No. 107.

1

Notice Packets from the Claims Administrator to mail to all beneficial owners for whom they are a nominee or custodian, or provide the Claims Administrator with lists of the names and addresses of such beneficial owners so that the Claims Administrator can mail the beneficial owners the Notice Packets.  Preliminary Approval Order ¶13.  The Claims Administrator's records show that notice was sent to Apex Clearing on October 21, 2021.  Chiango Decl. ¶4.

In fairness to the potential Class Members who will receive notice after the January 19, 2022 Claims submission deadline, Lead Counsel and the Claims Administrator believe that it would be best to extend the deadline for submitting Proofs of Claim by 45 days from the date the Notice Packets are mailed, so that they may participate in the Settlement if eligible.  *See In re Stock Exchange Options Trading Antitrust Litig.*, No. 99 Civ. 0962(RCC), 2006 WL 3498590, at *13 (S.D.N.Y. Dec. 4, 2006) (granting final approval of the settlement and extending the claims-filing deadline where many potential class members "received late notice, due at least in part on the fact that the Claims Administrator had to rely upon various brokerage firms to provide it with the names and addresses of Class Members to whom the Class Notice was to be mailed, and that not all of these firms diligently provided the administrator the necessary information for contacting Class Members.").

Lead Counsel does not believe that it is necessary to extend the December 13, 2021 deadline for requesting exclusion from or objecting to the Settlement because receiving notice by mail was not the only way for Class Members to be apprised of the Settlement or those deadlines.  As explained in Lead Plaintiff's Motion For Final Approval of Class Action Settlement and its supporting papers, ECF Nos. 118-127, Summary Notice was posted by PR Newswire on October 29, 2021 and published in *Investor's Business Daily* on November 1, 2021.  *See* ECF No. 119 at 20.  Additionally, on October 21, 2021 the Claims Administrator

posted notice to the Depository Trust & Clearing Corporation Legal Notice System ("DTCC LENS"), which is a Legal Notice System that allows Depository Trust Company Participants (*i.e.*, brokers and banks) to see the notice. *See* Chiango Decl. ¶4; ECF No. 123-2. Furthermore, "[c]ourts have typically found notice to class members who hold stock in street names to satisfy due process even if some brokerage houses fail to forward the notice to class members on a timely basis." *OCA*, 2008 WL 4681369, at *16; *In re Intel Corp. Derivative Litig.*, No. 09-867-JJF, 2010 WL 2955178, at *2 (D. Del. July 22, 2010) ("With respect to lack of notice, courts have recognized that untimely notice is an attendant risk of owning stock in 'street name,' and that the ultimate question with respect to notice is 'not whether some individual shareholders got adequate notice, but whether the class as a whole had adequate notice to flush out whatever objections might reasonably be raised to the settlement."). Lead Plaintiff respectfully submits that this Action's robust notice program satisfies the requirements of Rule 23, the PSLRA, and due process and that the extension of only the claims-filing deadline is appropriate under these circumstances.

Accordingly, Lead Plaintiff respectfully requests that the Court extend the claims filing deadline by 45 days from the mailing date of these Notice Packets to the affected potential Class Members.

Dated: January 21, 2021

Respectfully submitted,

By: */s/ Katherine M. Lenahan*
     Katherine M. Lenahan

Katherine M. Lenahan
Megan M. Remmel
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331

3

Email: klenahan@faruqilaw.com
mremmel@faruqilaw.com

*Attorneys for Lead Plaintiff Jaysukh Rudani*