UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAYSUKH RUDANI, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

IDEANOMICS, INC. f/k/a SEVEN STARS CLOUD GROUP, INC. f/k/a WECAST NETWORK, INC., BING YANG, ROBERT BENYA, ZHENG WU *a/k/a* BRUNO WU,

Defendants.

---

No. 1:19-cv-06741-GBD

## [PROPOSED] JUDGMENT GRANTING FINAL APPROVAL OF SETTLEMENT

WHEREAS this matter came before the Court for hearing on January 25, 2022 pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated September 21, 2021, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated July 30, 2021 (the "Stipulation");

WHEREAS the Court has heard all persons properly appearing and requesting to be heard, considered all papers filed and proceedings had herein, and found good cause appearing;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation (which is attached hereto), and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies for purposes of settlement only a Class defined as all Persons who purchased or otherwise acquired the publicly traded common stock of Ideanomics, Inc. ("Ideanomics") listed on the NASDAQ or domestically in the United States between February 1, 2017 and November 13, 2018, inclusive, and were damaged thereby. Excluded from the Class are: (a) Defendants; (b) the officers and directors of the Company at all relevant times; (c) members of any Defendant's immediate families; (d) any entity in which Defendants have or had a controlling interest or which is related to or affiliated with any of the Defendants; (e) the legal representatives, heirs, successors, and assigns of such excluded Persons; (f) those who purchased or otherwise acquired Ideanomics common stock on foreign exchanges, in accordance with the United States Supreme Court's decision in *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 267 (2010) ("It is in our view only transactions in securities listed on domestic exchanges, and domestic transactions in other securities, to which §10(b) applies."); and (g) any Persons who exclude themselves by submitting a request for exclusion that is accepted by the Court.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, the Court hereby affirms its determinations in the Order and finally appoints Lead Plaintiff Jaysukh Rudani as Class Representative for the Class and Faruqi & Faruqi, LLP as Class Counsel for the Class.

5. The Court finds that the mailing of the Notice and Proof of Claim and Release form and the publication of the Summary Notice complied with the terms of the Stipulation and

the Preliminary Approval Order, and provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and the requirements of due process.

6. No objections to the proposed Settlement were received.

7. In light of the benefits to the Class, the complexity, expense, and possible duration of further litigation against Defendants, the risks of establishing liability and damages, and the costs of continued litigation, pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the settlement set forth in the Stipulation and finds that:

(a) said Stipulation and the settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d) the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

8. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have timely (as determined by the Court) and validly requested exclusion from the Class, the Court hereby dismisses the Action and all Released Claims of the Class with prejudice. The

Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

9. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have fully, finally, and forever waived, released, relinquished, discharged, and dismissed all Released Claims against the Released Parties.

10. Lead Plaintiff and all Class Members are hereby forever barred from prosecuting any of the Released Claims against any of the Released Parties.

11. Upon the Effective Date, and as provided in the Stipulation, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged Lead Plaintiff, Lead Counsel, and each and all of the Class Members from all Settled Defendants' Claims.

12. Each Member of the Class, whether or not such Member of the Class executes and delivers a Proof of Claim and Release, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

13. All Persons whose names appear on Exhibit 1 hereto are hereby excluded from the Class, are not bound by this Judgment, and may not make any claim with respect to or receive any benefit from the settlement.

14. Neither this Judgment, the Stipulation, nor any negotiations or proceedings connected thereto, nor any of the documents, provisions, or statements referred to therein: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Released Parties; (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any

4

Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal; and (c) is, or may be deemed to be, or may be used as an admission of, or evidence of, any infirmity of the claims alleged by Lead Plaintiff. Released Parties, Lead Plaintiff, or any Member of the Class may file the Stipulation and/or this Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Settlement Fund among Class Members, and Lead Plaintiff and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

16. Lead Counsel is awarded attorneys' fees in the amount of $1,666,500, and expenses in the amount of $34,469.01, plus any applicable interest, such amounts to be paid out of the Settlement Fund immediately following entry of this Order. In the event that this Judgment does not become Final, and any portion of the fee and expense award has already been paid from the Settlement Fund, Class Counsel shall make the appropriate refund or repayment in full no later than twenty (20) business days after receiving notice of the termination of the settlement pursuant to the Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

17. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or

distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

18. The Court finds, pursuant to 15 U.S.C. § 78u-4(c)(1), that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21. The Court extends the deadline for Class Members to submit Proof of Claims forms to **March 31, 2022**, notwithstanding the Court's prior order setting a deadline of January 19, 2022.

22. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

JAN 2 5 2022

THE HONORABLE GEORGE B. DANIELS

6