**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAYSUKH RUDANI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> IDEANOMICS, INC. f/k/a SEVEN STARS CLOUD GROUP, INC. f/k/a WECAST NETWORK, INC., BING YANG, ROBERT BENYA, ZHENG WU *a/k/a* BRUNO WU, <br><br> Defendants. | No. 1:19-cv-06741-GBD |

**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISTRIBUTION OF THE NET SETTLEMENT FUND**

**TABLE OF CONTENTS**

PROCEDURAL BACKGROUND...................................................................................... 1

ARGUMENT ................................................................................................................... 2

I.    THE CLAIMS ADMINISTRATOR'S ADMINISTRATIVE DETERMINATIONS
      SHOULD BE APPROVED ..................................................................................... 2

      A.    Overview Of The Claims Administration Process....................................... 3

      B.    Ineligible Claims Should Be Rejected ........................................................ 4

      C.    Timely Eligible Claims And Late But Otherwise Eligible Claims Should Be
            Accepted ..................................................................................................... 4

      D.    Claims Received After August 11, 2022 Should Be Rejected As Untimely ............. 5

II.   THE DISTRIBUTION OF THE NET SETTLEMENT FUND TO AUTHORIZED
      CLAIMANTS SHOULD BE APPROVED................................................................ 5

III.  PAYMENT OF RG/2'S OUTSTANDING FEES AND EXPENSES FROM THE
      SETTLEMENT FUND SHOULD BE AUTHORIZED.................................................. 7

IV.   RETENTION OF CLAIM FORMS AND OTHER DOCUMENTS............................... 7

V.    RELEASE OF CLAIMS ......................................................................................... 8

CONCLUSION................................................................................................................. 8

i

Lead Plaintiff Jaysukh Rudani ("Lead Plaintiff"), on behalf of himself and the Class, respectfully submits this memorandum of law in support of his motion for distribution of the Net Settlement Fund.[1]  For the reasons set forth herein and in the accompanying Declaration of Tina Chiango in Support of Motion for Distribution of the Net Settlement Fund ("Chiango Distribution Decl." or "Chiango Distrib. Decl.") filed herewith, prepared on behalf of RG/2 Claims Administration LLC ("RG/2" or the "Claims Administrator"), Lead Plaintiff respectfully requests that the Court enter the [Proposed] Distribution Order, submitted herewith.

If entered by the Court, the Distribution Order would, among other things: (i) approve RG/2's administrative recommendations accepting and rejecting Claims submitted in the above-captioned action (the "Action"); (ii) authorize distribution of the Net Settlement Fund to Authorized Claimants whose Claims have been accepted; and (iii) approve RG/2's fees and expenses incurred in the administration of the settlement.

Pursuant to the Stipulation, Defendants have no interest in the relief sought by this motion.  *See* Stipulation ¶2.9 ("[I]t is not a claims-made settlement.").

## PROCEDURAL BACKGROUND

On January 25, 2022, the Court issued the Judgment Granting Final Approval of Settlement ("Final Approval Order") granting final approval to the $5,000,000 cash settlement between Lead Plaintiff, on behalf of the Class, and Defendants, under the terms set forth in the Stipulation, and dismissing the Action.  ECF No. 132.

As described in the Chiango Distribution Declaration, RG/2, under Class Counsel's supervision, provided the requisite Notice of Pendency and Proposed Settlement of Class Action

---

[1]    Unless otherwise noted, the following conventions are used herein: (a) all emphases are added; (b) all internal citations and quotations are omitted; and (c) all capitalized terms have the meaning ascribed to them in the Stipulation of Settlement dated July 30, 2021 ("Stipulation"), ECF No. 107.

to potential Class Members, processed the Proof of Claim and Release forms ("Claims" or "Claim Forms"), calculated Recognized Loss amounts, and performed related work consistent with the Stipulation and the Final Approval Order. *See generally* Chiango Distrib. Decl.

RG/2 has completed the processing of Claims, including Claims submitted after the March 31, 2022 Claims-submission deadline but postmarked or received on or before August 11, 2022, and related work. As a result, Class Counsel and the Claims Administrator are now prepared to distribute the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Allocation.

**ARGUMENT**

**I.    THE CLAIMS ADMINISTRATOR'S ADMINISTRATIVE DETERMINATIONS SHOULD BE APPROVED**

Pursuant to the Stipulation, Preliminary Approval Order, and Final Approval Order, all Class Members wishing to obtain their *pro rata* share of the Net Settlement Fund were required to timely submit a completed Claim Form with supporting documentation to RG/2, postmarked or received on or before the revised submission deadline of March 31, 2022. *See, e.g.*, Final Approval Order at ¶21; Stipulation at ¶¶5.4-5.5.

As detailed in the accompanying declaration, RG/2 received and reviewed all Claims submitted by potential Class Members. Chiango Distrib. Decl. ¶¶5-21. RG/2 prepared exhibits detailing: (i) all timely eligible Claims postmarked or received on or before the Claims submission deadline (Chiango Distrib. Decl. ¶16, Ex. A); (ii) all late but otherwise eligible claims that were postmarked or received after the Claims submission deadline but on or before August 11, 2022 (Chiango Distrib. Decl. ¶16, Ex. B); and (iii) all rejected Claims that were deemed ineligible through RG/2's deficiency process (Chiango Distrib. Decl. ¶17, Ex. C).

2

### A.    Overview Of The Claims Administration Process

To avoid undue repetition, Lead Counsel respectfully refers the Court to the Chiango Distribution Declaration filed herewith for a detailed description of the factual and procedural background of the claims review and administration process.

Briefly, RG/2 sent 56,023 Notices and Claim Forms and received and processed 999 Claims. Chiango Distrib. Decl. ¶¶3, 15. The information from each Claim, including the claimant's name, address, taxpayer identification number or social security number, and the claimant's transactions listed therein, were entered into a computerized database maintained by RG/2. *Id.* at ¶7. RG/2 reviewed all Claim Forms and supporting documentation to determine, among other things, whether each claimant had purchased or acquired Ideanomics common stock during the Class Period and whether the claimant was in fact a Class Member. *Id.* at ¶¶7-8.

RG/2 made substantial efforts to provide claimants with a fair opportunity to cure deficiencies in their Claims. As set forth in the Chiango Distribution Declaration, RG/2 sent notices ("Deficiency Notices") to claimants who submitted Claims that RG/2 determined contained deficiencies. *Id.* at ¶10. Such deficiencies included incomplete supporting documentation or missing signatures. *Id*. RG/2 sent Deficiency Notices to 121 claimants in an effort to inform the claimants of the steps needed to remedy the deficiencies. *Id.* The Deficiency Notice informed the claimant of the deficiency and requested the submission of the appropriate information or documentary evidence to correct the defect within twenty (20) days or the Claim may be rejected to the extent the deficiency was not cured. *Id.*

RG/2 received and processed claimants' responses to the Deficiency Notices, and sent follow-up emails to Claimants allowing them additional time to cure their deficiencies. *Id*. After this process, only eleven (11) claimants had their Claims denied for failure to correct a deficiency. *Id.*

### B.   Ineligible Claims Should Be Rejected

RG/2 has completed the processing of the Claims received through August 11, 2022 and recommends 723 Claims for rejection.  *Id.* at ¶20; Ex. C (schedule of all ineligible claimants). Most of the 723 Claims either have no Recognized Loss (687 Claims) or no eligible purchases during the Class Period (25 Claims).  *Id.*  The remainder of the ineligible claims were rejected because the claim contained defects that were never cured (11 Claims).  *Id.*  Lead Plaintiff respectfully requests that the Court approve RG/2's recommendation to reject the 723 Claims deemed ineligible.

### C.   Timely Eligible Claims And Late But Otherwise Eligible Claims Should Be Accepted

RG/2 has determined that 276 Claims should be accepted.  *Id.* at ¶18.  Of the 276 Claims received that are valid, 273 were postmarked or received on or before the Claims submission deadline ("Timely Eligible Claims") and 3 were postmarked or received after the Claims submission deadline but on or before August 11, 2022 ("Late But Otherwise Eligible Claims" or "Late Claims").  Chiango Distrib. Decl. ¶18; Exs. A & B.  The total Recognized Losses calculated pursuant to the Plan of Allocation for the Timely Eligible Claims is $3,910,704.28 and the total Recognized Losses for the Late Claims is $2,438.91.  Chiango Distrib. Decl. ¶18.  RG/2 recommends, and Class Counsel agrees, that the Late Claims should be deemed timely and included in the Settlement distribution.  *See* Chiango Distrib. Decl. ¶19.

"[A] district court overseeing [a] settlement distribution has inherent power to accept late claims . . . ."  *In re Authentidate Holding Corp. Sec. Litig.*, No. 05 Civ. 5323 (LTS), 2013 WL 324153, at *1 (S.D.N.Y. Jan. 25, 2013).  In determining whether to allow a late-submitted claim to a settlement, the Court "should examine the equities[.]"  *In re Oxford Health Plans, Inc.*, 383 F. App'x 43, 45 (2d Cir. 2010).  "[T]here is an implicit recognition that late claims should

4

ordinarily be considered in the administration of a settlement of a complex action."

*Authentidate*, 2013 WL 324153, at *2.

The equities weigh in favor of accepting the Late But Otherwise Eligible Claims here. RG/2 believes that no delay in the processing or distribution of the Net Settlement Fund has resulted from provisionally accepting the Late Claims. *See* Chiango Distrib. Decl. ¶19. Further, the Recognized Loss amount of the Late Claims is a very small percentage of the approximately $3,913,143.19 in total Recognized Losses for all 276 valid Claims. *See id.* at ¶18. Therefore, Lead Plaintiff respectfully requests that the Court approve RG/2's recommendation to include the 3 valid Late Claims in the Settlement distribution.

### D.    Claims Received After August 11, 2022 Should Be Rejected As Untimely

There must be a final cut-off date after which no more Claims may be accepted so that there may be a proportional distribution of the Net Settlement Fund without further delay and expense for the Class. Chiango Distrib. Decl. ¶22; *see In re Auction Houses Antitrust Litig.*, No. 00 Civ. 0648 (LAK) (RLE), 2004 WL 3670993, at *4 (S.D.N.Y. Nov. 17, 2004) ("In any class settlement, it is necessary to establish a cutoff date to bring closure to the action."). Accordingly, Lead Plaintiff respectfully requests that the Court order that any Claims or responses to Deficiency Notices received after August 11, 2022 be rejected as untimely. *See* Chiango Distrib. Decl. ¶¶22, 31.

### II.    THE DISTRIBUTION OF THE NET SETTLEMENT FUND TO AUTHORIZED CLAIMANTS SHOULD BE APPROVED

Lead Plaintiff respectfully requests that the Court authorize the distribution of the Net Settlement Fund to the Class Members whose claims have been accepted by RG/2. These Claims are listed in Exhibits A & B to the Chiango Distribution Declaration.

The Chiango Distribution Declaration sets forth a plan for distribution of the Net

Settlement Fund in accordance with the Plan of Allocation.  *See* Chiango Distrib. Decl. ¶¶23-28. Briefly, pursuant to the plan, RG/2 will calculate the *pro rata* distribution amounts from the Net Settlement Fund by comparing each claimant's Recognized Loss to the total Recognized Losses of all Authorized Claimants, and then to the total dollar value of the Net Settlement Fund at the time of distribution.  *Id.*[2]  RG/2 will then prepare and distribute checks to all Authorized Claimants whose *pro rata* share of the Net Settlement Fund amounts to a distribution of $10.00 or more.  *Id.* at ¶¶22, 27.

To encourage Authorized Claimants to cash their distribution checks promptly and to avoid or reduce future expenses relating to uncashed checks, all checks for distribution should bear the notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 120 DAYS OF ISSUE DATE."  *Id.* at ¶26.

Pursuant to the Stipulation of Settlement, if any funds remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to contact claimants who have not cashed their payments, *id.* at ¶¶26, 28, the Claims Administrator will consult with Lead Counsel to determine if a redistribution of the remaining Net Settlement Fund to Class members who cashed their initial distribution check and would receive a minimum of $10.00 is cost effective, after taking into consideration payment of any additional costs and expenses that would be associated with a redistribution.  *See* Stipulation at ¶5.6.

These redistributions shall be repeated until it is no longer feasible to conduct any further distributions of the Net Settlement Fund.  *Id.*  Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to the Investor Protection Trust, in accordance with the Stipulation.  *Id.*

---

[2]    The value of the Settlement Fund as of August 11, 2022 is $3,211,522.90.

### III.    PAYMENT OF RG/2'S OUTSTANDING FEES AND EXPENSES FROM THE SETTLEMENT FUND SHOULD BE AUTHORIZED

The Court retained jurisdiction to consider an application for an award of fees and reimbursement of expenses relating to the Claims Administrator's implementation of the terms of the Stipulation.  Final Approval Order at ¶17.  Pursuant to the Stipulation, the Settlement Fund may be used to pay Notice and Administration Expenses, which include all expenses incurred in connection with distributing the Notices to the Class and the costs of the Claims Administrator, among other things.  *See* Stipulation at ¶¶1.19, 5.2.

RG/2 was retained to supervise and administer the notice program and to process Claims in connection with the Settlement.  *See* Preliminary Approval Order at ¶7.  As Claims Administrator, RG/2 was and is responsible for, among other things, printing and mailing copies of the Notice and Claim Forms to Class Members, effecting publication of the Summary Notice of the Settlement, processing and reviewing the filed Claims, preparing the tax returns for the Settlement Fund, calculating the *pro rata* distribution amount by calculating each Authorized Claimant's percentage of the Net Settlement Fund in accordance with the Plan of Allocation, and distributing the Net Settlement Fund to accepted claimants.  *See generally* Chiango Distrib. Decl.; Preliminary Approval Order at ¶¶7, 11-16; Stipulation at ¶¶1.3, 2.11, 5.1.

In connection with that work, RG/2 has incurred and expects to incur a total of $126,702 in administrative fees and expenses.  Chiango Distrib. Decl. at ¶29; Ex. D (invoice).  To date, RG/2 has received payment in the amount of $90,000 for its fees and expenses.  *See id.* Accordingly, there is an outstanding balance of $36,702 payable to RG/2.  *Id.*  Lead Plaintiff respectfully requests that the Court approve RG/2's requested fees and expenses for its services.

### IV.    RETENTION OF CLAIM FORMS AND OTHER DOCUMENTS

Lead Plaintiff also requests that the Court permit RG/2 to destroy any paper copies of the

Claim Forms and all related documentation one (1) year after distribution of the Net Settlement Fund and electronic copies of the same three (3) years after the final distribution of the Net Settlement Fund. *See* Chiango Distrib. Decl. ¶30.

## V.    RELEASE OF CLAIMS

To allow the full and final distribution of the Net Settlement Fund, Lead Plaintiff respectfully requests that the Court bar any further Claims against the Net Settlement Fund beyond the amount allocated to Authorized Claimants, and release and discharge from any and all claims arising out of the claims administration all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein or otherwise involved in the administration or taxation of the Settlement Fund. *See* Stipulation ¶5.7; *In re Qudian Inc. Sec. Litig.*, No. 1:17-CV-09741-JMF, 2022 WL 633863, at *2 (S.D.N.Y. Mar. 4, 2022) (approving a similar release).

## CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully submits that Lead Plaintiffs' Motion for Distribution of the Net Settlement Fund should be granted, and the [Proposed] Distribution Order should be entered.

Dated:  August 12, 2022                                Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:_____ */s/ Katherine M. Lenahan*
          Katherine M. Lenahan

Katherine M. Lenahan
685 Third Avenue, 26th Floor
New York, NY 10017
Ph: (212) 983-9330
Fx: (212) 983-9331
E-mail: klenahan@faruqilaw.com

8

*Attorneys for Class Representative Jaysukh Rudani
and Class Counsel for the settlement Class*

9