**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JAYSUKH RUDANI, Individually and on
Behalf of All Others Similarly Situated,

        Plaintiff,

        v.

IDEANOMICS, INC. f/k/a SEVEN STARS
CLOUD GROUP, INC. f/k/a WECAST
NETWORK, INC., BING YANG,
ROBERT BENYA, ZHENG WU *a/k/a*
BRUNO WU,

        Defendants.

No. 1:19-cv-06741-GBD

**DECLARATION OF TINA CHIANGO IN SUPPORT OF MOTION FOR**
**DISTRIBUTION OF THE NET SETTLEMENT FUND**

1.    I am the Director of Claims Administration for RG/2 Claims Administration LLC ("RG/2"). The following statements are based on my personal knowledge and information provided by other experienced RG/2 employees working under my supervision. RG/2 was retained as the Claims Administrator in connection with the settlement of the above-captioned litigation.

2.    RG/2 has processed the Claim Forms in accordance with the terms of the Stipulation of Settlement (the "Stipulation"), and hereby submits its administrative determinations regarding whether to accept or reject the Proof of Claim and Release Forms ("Claims") in preparation for a distribution of the Net Settlement Fund to Authorized Claimants.

## DISSEMINATION OF NOTICE AND CLAIM FORM

3.    As more fully described in the Declaration of Tina Chiango Regarding (A) Dissemination of Notice to the Class, (B) Publication of the Summary Notice, and (C) Report on Requests for Exclusion and Objections, executed on November 29, 2021; the Supplemental Declaration of Tina Chiango, dated December 27, 2021; and the Declaration of Tina Chiango Regarding Late Notice, dated January 21, 2022, RG/2 mailed the Court-approved Notice of Pendency and Proposed Settlement of Class Action along with the Proof of Claim and Release Form (together the "Notice") to potential Class Members, commencing on October 21, 2021. To date, total number of 56,023 Notices have been mailed to potential Class Members and nominees. Furthermore, a copy of the Notice was electronically available to Class Members through the Settlement website created and maintained by RG/2: www.rg2claims.com/ideanomics.html.

4.    Under the terms of the Stipulation and as set forth in the Notice, each Class Member who wished to be eligible to receive a distribution from the Net Settlement Fund was required to complete and submit a properly executed Claim Form no later than January 19, 2022 (which was extended until March 31, 2022 per the Judgment Granting Final Approval of Settlement), together with adequate supporting documentation for transactions and holdings reported therein.  Class Members seeking to share in the Net Settlement Fund were directed in the Notice to submit their Proofs of Claim to:

Ideanomics Securities Litigation (Rudani Action)
c/o RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479
Fax: (215) 827-5551
Email: info@rg2claims.com

2

## PROCEDURES FOLLOWED IN PROCESSING PROOFS OF CLAIM

5.    Before claims processing commenced, RG/2 created a database dedicated to this Settlement by customizing its proprietary database management software to accommodate the specifics of this Settlement, which included developing various computer programs and screens for entry of Class Members' identifying and stock information. In addition, RG/2 trained its staff in the specifics of the Settlement so that Claim Forms would be properly processed and formulated a system so that telephone inquiries are properly handled.

6.    RG/2 sorted incoming mail into Claim Forms and administrative mail.[1] Notices that were returned by the Post Office as undeliverable were reviewed for updated addresses and, where available, new addresses were entered into the database and new Notices were mailed to the updated addresses. Administrative mail was reviewed and, where necessary, appropriate responses were provided to the senders.

7.    RG/2 received 999 Claim Forms through August 11, 2022. Once received, each Claim Form was assigned a unique Claim Form number. The information from each Claim Form, including the name, address, and the taxpayer identification number or the social security number of the Claimant, and all claimed purchase and sale transactions was entered into a database developed by RG/2 to process Claim Forms submitted for the Settlement. Next, the information provided by each Claimant in support of his, her or its Claim Form was reviewed to determine whether the Claimant had in fact purchased/acquired Ideanomics, Inc. ("Ideanomics") during the Class Period.

---

[1] Administrative mail includes all mail other than Claim Forms and supporting documentation as well as responses to notices of partial or entire rejection of the claim (*e.g.*, requests for Claim Forms, notifications of a change of address, and questions regarding the administration process or status of the administration).

8.    In order to process the Claim Forms, RG/2 utilized internal claim codes to identify and classify Claim Forms and any deficiency or ineligibility conditions that existed within those Claim Forms.  The appropriate codes were assigned to the Claim Forms as they were processed.  For example, where a Claim Form was submitted by a Claimant who did not purchase/acquire Ideanomics common stock during the Class Period, that Claim Form was coded to denote the ineligibility.  Similar codes were used to denote other ineligible conditions, such as: duplicate Claim Forms; instances where no Recognized Loss was calculated; or where the Claim was submitted without the proper documentation.  These codes indicated to RG/2 that the Claimant was not eligible to receive any payment from the Net Settlement Fund with respect to that claim unless the deficiency was cured.

## THE DEFICIENCY PROCESS

9.    Many of the Claim Forms submitted were incomplete, not signed, not properly documented, or were otherwise deficient.  Much of RG/2's efforts in handling an administration involve Claimant communications so that all Claimants have sufficient opportunity to cure any deficiencies and file a complete Claim.  The "Deficiency Process," which involved letters and emails to Claimants, and inbound and outbound calls to Claimants, was intended to assist Claimants in properly completing their otherwise deficient submissions so that they would be eligible to participate in the Settlement.

10.    As described above, RG/2 established internal codes to identify and classify Claims and conditions that existed within them.  These Claim conditions included, among other things, notations about which Claims were deficient or rejected.  Accordingly, if a Claim was determined to be deficient in whole or in part (for example, if the Claim Form was missing documentation for the claimed Ideanomics common stock, or if the Claimant did not sign the Claim or did not provide enough information to process the Claim), RG/2 generated and

4

mailed notices to Claimants advising them of the deficiency and requesting the submission of the appropriate documentary evidence to correct the defect within twenty (20) days. RG/2 mailed such deficiency notices to 121 Claimants. The letter indicated that if the Claimant did not submit the requested information, it may result in the disqualification of their claim. RG/2 also sent follow-up emails to Claimants allowing them some additional time to cure their deficiency.  After all attempted communications, only eleven (11) Claimants have had their Claim denied for failure to correct their deficiency.

11.    In addition, if a Claim was determined to be rejected (for example, the Class Member did not incur a Recognized Loss in accordance with the Plan of Allocation, RG/2 generated and mailed notices to Claimants advising them of the rejection of their Claim and their right to contest such rejection in writing within twenty (20) days.  The twenty (20) day period to contest rejections has passed.  As of August 11, 2022, RG/2 has received no responses contesting the rejections.

## QUALITY ASSURANCE, FRAUD
## PREVENTION AND REGULATORY COMPLIANCE

12.    An integral part of all of our claims administration projects is the quality assurance review.  Once all of the claims have been processed, the Notice of Deficiency and Notice of Rejection letters have been mailed, and deficiency responses reviewed and processed, RG/2 performs a final project wrap-up in order to ensure correctness and completeness of all of the claims processed prior to preparing our final report to counsel. Here, in connection with this quality assurance process, RG/2 checked that all otherwise "valid" claims that do not have proper Social Security/Tax Identification Numbers were given a "message" flagging the computer system to denote that condition; determined that valid claims have no messages denoting ineligibility; determined that claims that are ineligible have messages denoting ineligibility; determined that all claims requiring a Final Notice of

5

Rejection were sent such letters; performed a sample review of all claims deficient or otherwise; and reviewed claims with large share amounts.

13. RG/2 also used a variety of fraud protection controls throughout the administration process to identify potential fraudulent Claim Forms. Duplicate claim searches (by beneficial owner name, tax identification number and share amount), high value reviews, spot reviews and other standard audit report procedures that examined the information in a variety of ways, were used during the Claim Form review.

14. RG/2 reviewed and compared the settlement database for this Settlement against the "watch list" of known potential fraudulent filers that RG/2 developed throughout its years of experience as a claims administrator. RG/2 works closely with the FBI to update that watch list with the latest information available. RG/2 also works with other claims administrators in preventing fraudulent claims.

## CLAIMS DETERMINATION

15. The extended postmark deadline for filing a Claim was March 31, 2022. To date, RG/2 has received a total of 999 Claim Forms. Of the 999 Claims received by RG/2, 985 were submitted timely and fourteen (14) were postmarked after the March 31, 2022 extended deadline. A total of 276 Claims have been provisionally accepted. All Claims, whether timely filed or late, are included in the list of Authorized Claimants, submitted herewith as Exhibits A and B, for the Court's review.

16. Exhibit A lists all the Authorized Claimants who filed timely Claims and shows their Recognized Loss in claim number order ("Timely Authorized Claimants"). Exhibit B lists those otherwise eligible Claimants who submitted their Claims after March 31, 2022, and their Recognized Loss in claim number order ("Late But Otherwise Authorized Claimants").

17. Exhibit C lists all rejected or ineligible Claims and shows the reasons for

6

rejection in claim number order ("Rejected or Ineligible Claimants"). For privacy reasons, Exhibits A, B and C include only claim numbers and reasons for rejection (no names, addresses or Taxpayer I.D. numbers are disclosed).

18.    RG/2 has accepted 276 Claims representing total Recognized Losses of $3,913,143.19 (including $3,910,704.28 from 273 timely Claims and $2,438.91 from three (3) Claims submitted after March 31, 2022). Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. Upon approval by the Court, RG/2 will prepare and mail checks to all Authorized Claimants for their *pro rata* share of the Net Settlement Fund.

19.    To date, RG/2 has received and processed fourteen (14) Claims that were postmarked after March 31, 2022. RG/2 processed all late Claim Forms, and three (3), totaling $2,438.91 in Recognized Losses, have been found to be otherwise eligible. As no delay resulted from these late but otherwise valid Claims, RG/2 believes that the three (3) Eligible Late But Otherwise Authorized Claimants should be accepted.

20.    A total of 723 claims were rejected for the following reasons:

| NO. OF CLAIMS | REASON FOR REJECTION |
|---|---|
| 687 | Did Not Incur A Recognized Loss |
| 11 | Deficient Claim Never Cured |
| 25 | Did Not Purchase Shares During Class Period |
| 723 | Total Claims Rejected |

The 723 rejected Claims are listed in Exhibit C, attached hereto. It is RG/2's position that all 723 Claims be rejected by the Court. As discussed above, each of the 723 Claimants has been

7

notified of the rejection from RG/2.

21.    Unless directed otherwise, RG/2 will continue to receive, review and process any correspondence or information submitted by Claimants with respect to their already-filed Proofs of Claim.

22.    The processing of any new Claims received after preparation of this application would necessarily require a delay in the distribution and should therefore not be accepted.

**DISTRIBUTION PLAN FOR THE NET SETTLEMENT FUND**

23.    Should the Court concur with RG/2's determinations concerning the provisionally accepted and rejected Claims, including the Late But Otherwise Authorized Claimants, RG/2 recommends the following distribution plan (the "Distribution Plan") and will undertake the following tasks:  calculate the *pro rata* distribution amounts from the Net Settlement Fund by comparing the Claimant's Recognized Loss to the total Recognized Losses of all Authorized Claimants, and then to the total dollar value of the Net Settlement Fund at the time of distribution; prepare checks and check registers, and mail checks by prepaid first class mail; issue replacement checks upon request by payee; and answer inquiries about claim calculation and checks.

24.    RG/2 understands that all procedures performed with respect to the distribution of the Net Settlement Fund in connection with the validity of the Claim Forms submitted are subject to the supervision and direction of Lead Counsel and the Court.

25.    To carry out such orders as the Court may issue with respect to the allocation and distribution of the Net Settlement Fund to Authorized Claimants approved by the Court, RG/2 will first coordinate with Lead Counsel to determine the amount remaining in the Net Settlement Fund after all fees and expenses authorized by this Court have been paid.  Next, RG/2 will calculate the *pro rata* distribution amount for each Authorized Claimant.

8

26.    RG/2 will then prepare checks for the distribution and send payments by prepaid first class mail.  Finally, RG/2 will issue replacement payments for distributions upon request by payee, and will respond to inquiries about distribution amounts and Recognized Loss amounts.  All distribution checks shall bear the notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 120 DAYS OF ISSUE DATE".

27.    As provided for in the Court-approved Plan of Allocation, Authorized Claimants whose pro-rated payment would be less than $10.00 will receive no payment.

28.    In those cases where Authorized Claimants checks are returned as undeliverable RG/2 will take steps to locate a new address and reissue a distribution check to the new address. Furthermore, RG/2 will reissue checks to those Authorized Claimants who have lost, damaged or otherwise require a reissued check and have requested for such in writing.

## FEES AND DISBURSEMENTS

29.    RG/2 agreed to be the Claims Administrator in exchange for payment of its fees and expenses.  RG/2's actual fees and expenses for work performed to date, as well as the estimated fees and expenses to conduct the distribution of the Net Settlement Fund described above total $126,702.  To date, RG/2 has been paid $90,000.00 from the Settlement Fund. Attached hereto as Exhibit D is RG/2's cumulative invoice. RG/2 respectfully requests payment of the balance due from the Settlement Fund of $36,702.

## RECORDS RETENTION AND DESTRUCTION

30.    Unless otherwise ordered by the Court, one year after distribution of the Net Settlement Fund, RG/2 will destroy the paper copies of the Claims and all supporting documentation, and three years after the final distribution of the Net Settlement Fund it will destroy electronic copies of the same. In RG/2's experience, this is a reasonable retention

9

period and will save the Settlement Class storage costs.

31.    RG/2 respectfully requests that the Court enter an Order approving its administrative determinations accepting and rejecting the Claims received on or before August 11, 2022 and approving the proposed distribution.

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT TO THE BEST OF MY KNOWLEDGE THE FOREGOING IS TRUE AND CORRECT.**

Executed on August 12, 2022 at Philadelphia, Pennsylvania.

Tina Chiango, Declarant