UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAYSUKH RUDANI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IDEANOMICS, INC. f/k/a SEVEN STARS CLOUD GROUP, INC. f/k/a WECAST NETWORK, INC., BING YANG, ROBERT BENYA, ZHENG WU a/k/a BRUNO WU,<br><br>Defendants. | No. 1:19-cv-06741-GBD |

**[PROPOSED] DISTRIBUTION ORDER**

Lead Plaintiff moved this Court for an order approving distribution of the Net Settlement Fund in the above-captioned action (the "Action"). Having reviewed and considering all the materials and arguments submitted in support of the motion, IT IS HEREBY ORDERED that:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation") filed with the Court on July 30, 2021, ECF No. 107, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated.

2. The motion is granted in its entirety and the Court approves the administrative determinations of RG/2 Claims Administration LLC ("RG/2"), the Court-appointed Claims Administrator, in accepting and rejecting the Proof of Claim and Release forms ("Claim Forms" or "Claims").

3. The Net Settlement Fund established by the settlement of this Action shall be distributed to Authorized Claimants identified in Exhibits A and B to the Declaration of Tina Chiango in Support of Motion for Distribution of the Net Settlement Fund ("Chiango Distribution Declaration"), at the direction of Lead Counsel, Faruqi & Faruqi, LLP, pursuant to the Stipulation, and the Plan of Allocation of the Net Settlement Fund set forth in the Notice of Pendency and Proposed Settlement of Class Action that was distributed pursuant to this Court's Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 115).

4. RG/2's administrative determinations rejecting the ineligible or otherwise deficient Claims, which are set forth in Exhibit C of the Chiango Distribution Declaration, are approved. Such claims may not receive any distributions from the Settlement Fund.

5. Any Claims or responses to deficiencies that are received after August 11, 2022 are hereby rejected as untimely and shall not be accepted. No further adjustments to Claim Forms received on or before August 11, 2022 that would result in an increased Recognized Loss may be made after August 11, 2022.

6. All distribution checks shall bear the notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 120 DAYS OF ISSUE DATE."

7. Consistent with the Plan of Allocation, after RG/2 has made reasonable and diligent efforts to have Authorized Claimants negotiate their distribution checks, Lead Counsel, in consultation with RG/2, will determine whether it is cost-effective to conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), in which any amounts remaining in the Net Settlement Fund after the Initial Distribution, after deducting RG/2's fees and expenses incurred in connection with administering the Settlement for which it has not yet

been paid (including the estimated costs of such Second Distribution), and after the payment of any Taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the Initial Distribution who (i) cashed their Initial Distribution check; and (ii) would receive at least $10.00 from such distribution based on their *pro-rata* share of the remaining funds. Additional re-distributions, after deduction of costs and expenses as described above, may occur thereafter, in an equitable and economical fashion, until Lead Counsel, in consultation with RG/2, determines that further re-distribution would not be cost-effective. If further re-distribution of the funds remaining in the Net Settlement Fund is not feasible or economical to reallocate, the remaining balance of the Net Settlement Fund shall be donated to the Investor Protection Trust, in accordance with ¶5.6 of the Stipulation.

8. RG/2 shall be paid the sum of $36,702 from the Settlement Fund for its fees and expenses as stated in the invoice attached as Exhibit D to the Chiango Distribution Declaration.

9. RG/2 may destroy the paper copies of the Claim Forms and all related documentation one (1) year after distribution of the Net Settlement Fund and may destroy electronic copies of the same three (3) years after the final distribution of the Net Settlement Fund.

10. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in this matter, or otherwise involved in the administration or taxation of the Settlement Fund, including Lead Plaintiff, Lead Counsel, and RG/2, are hereby released and discharged from any and all claims arising out of such involvement, and any further claims against the Net Settlement Fund are barred beyond the amount allocated to Authorized Claimants pursuant to this Order.

11. The Court retains jurisdiction to consider any further applications concerning the

3

administration of the Settlement, and such other and further relief as this Court deems appropriate.

IT IS SO ORDERED.

SEP 0 7 2022

_____
THE HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE